IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| 2020 MCGOWEN, L.L.C., § | |
| § | |
| Debtor § | |
| § | |
| § | |
| STALLION FUNDING, L.L.C. et al., § | |
| § | CASE NO. 17-32788-H2-7 |
| Movant § | |
| vs. § | |
| § | |
| 2020 MCGOWEN, L.L.C., § | |
| § | |
| Respondent § | |

**MOTION FOR RELIEF FROM THE STAY REGARDING
NON-EXEMPT PROPERTY (Lots 1-12, Block 1, Viewpoint Square Replat No. 2)**

> THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.
>
> REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.
>
> THERE WILL BE A HEARING ON THIS MATTER ON DECEMBER 7, 2017 AT 2:00 P.M., IN COURTROOM 400, LOCATED AT 515 RUSK ST., HOUSTON, TEXAS.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, STALLION FUNDING, L.L.C., AUSTERRA STABLE GROWTH FUND, L. P., AND KENNETH HOLLINS, a secured creditor, and files this its Motion For Relief from the Automatic Stay, and would respectfully state to the Court as follows:

T-0012.2

## Jurisdiction

1. This is a contested matter seeking relief from the automatic stay over which this Court has jurisdiction pursuant to 28 U.S.C. § 1334 and § 157, and the Order of Reference of the United States District Court for the Southern District of Texas.

2. This court has jurisdiction to hear and determine this Motion pursuant to 11 U.S.C.§ 362, and is governed by Federal Bankruptcy Rules 4001(a) and 9014, and this Court's Local Bankruptcy Rule 4001, and all other applicable rules and statutes affecting this Court's jurisdiction

## Background, Parties etc.

3. 2020 McGowen, L.L.C. is a Texas limited liability company doing business in Texas, having filed a Voluntary Chapter 7 Bankruptcy on May 1, 2017. (Doc. 1) Randy W. Williams was appointed and is acting as Chapter 7 Trustee.

4. The Debtor filed a MOTION TO CONVERT FROM CHAPTER 7 CASE TO CHAPTER 11 CASE on May 25, 2017. The case was converted to Chapter 11 by Order entered August 9, 2017. (Doc. 21).

5. There has been no PLAN OF REORGANIZATION or DISCLOSURE STATEMENT filed by the Debtor.

6. Movant, STALLION FUNDING, L.L.C., SCOT HILL, LISA HILL, MELISSA ZAPLATAR, EQUITY TRUST CO. CUSTODIAN, SURESH PENIKALAPATI, CHARLES TURNER, AND GENE SWANBERG (collectively "Stallion Funding" or "Movant"), holds a perfected security interest in the real property subject of this Motion.

7. Movant has reviewed the schedules filed in this case. The property described in paragraph 9 is not claimed as exempt by the Debtor.

## Description of Debt

8. Stallion Funding is the lawful owner and holder of a NOTE in the original principal

T-0012.3

amount of $3,550,000.00, executed on July 29, 2016.

9. The NOTE is secured by a DEED OF TRUST covering the real property and improvements ("Collateral"), described as follows:

> **All of Lots One (1) through Twelve (12), inclusive, Block One (1) VIEWPOINT SQUARE REPLAT No. 2, a subdivision of 0.8597 acre, according to the map or plat thereof recorded in Film Code No. 674649 of the Map Records of Harris County, Texas ("Property").**

10. The DEED OF TRUST was executed on July 29, 2016, by Debtor, and filed under Harris County Clerk File No. RP 2016-337280 and Film Code RP 2016-337280. A copy of the recorded DEED OF TRUST is attached hereto as Exhibit "A."

11. Pursuant to the terms of the NOTE, principal, if applicable, and interest was to be paid monthly beginning September 1, 2016 and ending on August 1, 2017. [*Exhibit "B" attached*] Debtor has not paid any payments to Stallion Funding on the NOTE since January 12, 2017, and currently owes Movant/Stallion Funding on the date of this Motion **$213,969.90** in past due interest and escrow deposit. [*Exhibit "C" attached*] The NOTE matured on August 1, 2017.

12. Debtor is in default of its obligations to Stallion Funding in that it has failed to tender the monthly principal and interest payments when due and owing pursuant to the terms of the NOTE. Debtor has a principal balance due and owing on the NOTE of **$3,550,000.00**, excluding late charges and accrued and unpaid interest; the Note having matured on August 1, 2017.

13. Stallion Funding is the legal holder and owner of the NOTE and the lien securing payment of the NOTE. By reason of the foregoing, Stallion Funding is the holder of a valid perfected claim against the Collateral/Property.

**Requested Relief**

14. The automatic stay created by the filing of the petition for relief should be terminated pursuant to 11 U.S.C. §362(d) to allow Stallion Funding to exercise its legal rights and

T-0012.4

remedies under non-bankruptcy law against the Collateral/Property, voluntarily or through any legal or equitable proceedings, to the exclusion of the Debtor.

15. Under 11 U.S.C. §362(d)(1), the Bankruptcy Court has the authority, on request from a party in interest and after notice and a hearing, to grant relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." "Cause" for granting relief from the automatic stay is determined on a case-by-case basis. *See* **Reitnauer vs. Texas Exotic Feline Found**. (*In re Reitnauer*, 152 F.3d 341 (5th Cir. Tex. 1998) (citing **Robbins v Robbins** (*In re Robbins*) 964 F. 2d 342, 345 (4th Cir. 1992)). In deciding whether cause has been shown, courts must balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied. *See In re Robbins*, 964 F.2d at 345.

16. Cause for relief exists in this case due to the ongoing damages suffered by Stallion Funding resulting from Debtor's failure to perform its obligations under the terms of the NOTE. By failing to tender the payments due pursuant to the NOTE, Debtor has not adequately protected Stallion Funding's interest in the Collateral/Property.

17. Cause for relief exists in this case because the Debtor has abandoned the Property, the Property is deteriorating from the abandonment, and the Property/Collateral is rapidly wasting and impairing Stallion's Collateral.

18. Cause exists to lift the stay under Section 362(d)(1) of the Bankruptcy Code. If Stallion Funding is not permitted to exercise its rights and remedies under the loan documents, including, without limitation, its rights to foreclose on the Collateral/Property, it will suffer irreparable harm, loss and damages. Debtor has no ability to pay Stallion Funding any of the accrued and unpaid interest and tax escrow ($213,969.90), nor the matured and unpaid principal of the Note ($3,550,000.00).

19. Moreover, upon information and belief, *Debtor has not maintained fire, theft, and damage insurance on the Collateral/Property, further jeopardizing Movant's security interest.* Thus, cause would exist under 11 U.S.C. §362(d)(1) of the Bankruptcy Code to lift the automatic stay.

20. Cause exists to lift the stay under Section 362(d)(2) of the Bankruptcy Code because the Debtor has not proposed a Plan of Reorganization and, should Debtor file a Plan, the Debtor has no ability to have any proposed Plan of Reorganization approved by its creditors or the Court; the Collateral/Property is not necessary for reorganization by Debtor.

21. Alternatively, the stay as to the Collateral should be terminated pursuant to 11 U.S.C. §362(d)(2) because, upon information and belief, there is no equity in the Collateral/Property, and the Collateral/Property is not necessary for reorganization by Debtor.

22. The Movant request that the provisions of Rule 4001(a)(3) of the Bankruptcy Rules be waived so that it may be allowed to immediately enforce and implement an Order granting relief from the automatic stay.

### Certification of Conference

23. Movant certifies that prior to filing this Motion an attempt was made to confer with the Debtor's counsel (or with Debtor if *pro se*) by phone call(s) and correspondence to the following person on the following date and time: **William S. Chesney, III, via phone call to Debtor's attorney, Larry A. Vick on August 16, 2016, additionally, by correspondence dated June 29, 2017, July 7, 2017 and September 1, 2017. There was no response from Debtor's attorney, thus, no agreement was reached.**

SIGNED this 7TH day of November, 2017.

T-0012.6

Respectfully submitted,

**FRANK, ELMORE, LIEVENS,
CHESNEY & TURET, L.L.P.**

/s/ William S. Chesney, III
_____
William S. Chesney, III
State Bar No. 04186550
William L. Van Fleet
State Bar No. 20494750
9225 Katy Fwy, Ste. 250
Houston, Texas 77024-1564
Telephone: 713.224.9400
Facsimile: 713.224.0609
Email: wchesney@felct.com

**ATTORNEYS FOR MOVANT**

T-0012.7

## Certificate of Service and Certificate of Compliance with BLR 4001

A copy of this Motion was served on the persons shown on Exhibit "1" at the addresses reflected on that exhibit on this date by ECF and/or prepaid United States first class mail. Movant certifies that Movant has complied with Bankruptcy Local Rule 4001.

SIGNED this 7th day of November, 2017.

_____
William S. Chesney, III

T-0012.8

# EXHIBIT "1"

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0541-4<br>Case 17-32788<br>Southern District of Texas<br>Houston<br>Wed Jul 26 15:14:44 CDT 2017 | 2020 McGowen, LLC<br>832 Yale<br>Houston, TX 77007-1538 | United States Bankruptcy Court<br>PO Box 61010<br>Houston, TX 77208-1010 |
| Cepeda Drywall<br>3136 Parker Road<br>Houston, TX 77093 | Frank, Elmore, Lievens, Chesney & Turet<br>9225 Katy Freeway, Suite 250<br>Houston, TX 77024-1564 | House of Power Electric LC<br>4525 S. Pinemont Drive, Suite 114<br>Houston, TX 77041-9353 |
| Houston Dump Truck and Trailers<br>11415 Chimney Rock Road, #208<br>Houston, TX 77035-2958 | Larry A. Vick<br>10497 Town & Country Way, Suite 700<br>Houston, TX 77024-1135 | Nick's Plumbing & Sewer Service, Inc.<br>1420 N. Durham Drive<br>Houston, TX 77008-3736 |
| Paull & Partners Investments LLC<br>7556 Renwick Drive<br>Houston, TX 77081-7107 | Southwest Managment District<br>6588 Corporate Drive, Suite 168<br>Houston, TX 77036-3476 | Stallion Texas Real Estate Fund LLC<br>10119 Lake Creek Parkway, Suite 202<br>Austin, TX 78729-1757 |
| Terry Fisher<br>832 Yale Street<br>Houston, TX 77007-1538 | U. S. Trustee<br>515 Rusk, Suite 3615<br>Houston, TX 77002-2604 | US Trustee<br>Office of the US Trustee<br>515 Rusk Ave<br>Ste 3516<br>Houston, TX 77002-2604 |
| Larry A. Vick<br>Attorney at Law<br>10497 Town & Country Way, Suite 700<br>Houston, TX 77024-1135 | Lee Keller King<br>Jetall Companies, Inc.<br>2500 West Loop S.<br>Suite 255<br>Houston, TX 77027-4513 | Randy W Williams<br>Thompson & Knight LLP<br>333 Clay<br>Ste 3300<br>Houston, TX 77002-4499 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Equity Trust Co. f/b/o Richard Allan Froom | (u)Scot Hill and Lisa Hill | (u)Stallion Funding, L.L.C. |
| (u)Suresh Penikalapati | (u)Charles Turner | (u)Gene Swanberg |
| (u)Melissa Zaplatar | End of Label Matrix<br>Mailable recipients    17<br>Bypassed recipients     7<br>Total                  24 | |