RP-2016-337280
08/02/2016    ER    $68.00

# Deed of Trust and Security Agreement

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER**

## Terms

**Date:** July 29, 2016

**Grantor:**    As to Tract I only:
832 YALE ST, LLC, a Texas limited liability company

As to Tract II only:
2020 MCGOWEN, LLC, a Texas limited liability company

**Grantor's Mailing Address:**    832 Yale Street
Houston, Texas 77007

**Trustee:**    BENJAMIN K. WILLIAMS

**Trustee's Mailing Address:**    12710 Research Blvd., Suite 115
Austin, Texas 78759

**Lender:**    STALLION FUNDING, LLC,
as to an undivided 54.93% ($1,950,000.00/$3,550,000.00) interest;

AUSTERRA STABLE GROWTH FUND, LP,
as to an undivided 42.25% ($1,500,000.00/$3,550,000.00) interest;

KENNETH HOLLINS,
as to an undivided 2.82% ($100,000.00/$3,550,000.00) interest;

**Lender's Mailing Address:**    c/o Stallion Funding, LLC
12710 Research Blvd., Suite 115
Austin, Texas 78759

**Obligation**

   **Note**

      **Date:**   of even date hereof

      **Original principal amount:** $3,550,000.00

1

Exhibit A

FILED BY FIDELITY NATIONAL TITLE
FAH16005524

|              |                                                                                          |
|--------------|------------------------------------------------------------------------------------------|
| **Borrower:** | As to Tract I only:<br>832 YALE ST, LLC, a Texas limited liability company              |
|              | As to Tract II only:<br>2020 MCGOWEN, LLC, a Texas limited liability company             |
| **Lender:**  | STALLION FUNDING, LLC,<br>as to an undivided 54.93% ($1,950,000.00/$3,550,000.00) interest; |
|              | AUSTERRA STABLE GROWTH FUND, LP,<br>as to an undivided 42.25% ($1,500,000.00/$3,550,000.00) interest; |
|              | KENNETH HOLLINS,<br>as to an undivided 2.82% ($100,000.00/$3,550,000.00) interest;       |
| **Maturity date:** | August 1, 2017                                                                     |

**Property (including any improvements):**

Tract I:
Lots 19 and 20, in Block 246, of Houston Heights, a subdivision in Harris County, Texas according to the map or plat thereof recorded in Volume 1, Page 114 of the Map Records of Harris County, Texas.

Tract II:
All of Lots One (1) through Twelve (12), inclusive, Block One (1), VIEWPOINT SQUARE REPLAT No. 2, a subdivision of 0.8597 acre, according to the map or plat thereof, recorded under Film Code No. 674649 of the Map Records of Harris County, Texas.

Together with the following personal property:

All fixtures, supplies, building materials, and other goods of every nature now or hereafter located, used, or intended to be located or used on the Property;

All plans and specifications for development of or construction of improvements on the Property;

All contracts and subcontracts relating to the construction of improvements on the Property;

All accounts, contract rights, instruments, documents, general intangibles, and chattel paper arising from or by virtue of any transactions relating to the Property;

All permits, licenses, franchises, certificates, and other rights and privileges

RP-2016-337280

2

obtained in connection with the Property;

All proceeds payable or to be payable under each policy of insurance relating to the Property; and

All products and proceeds of the foregoing.

Notwithstanding any other provision in this deed of trust, the term "Property" does not include personal effects used primarily for personal, family, or household purposes.

**Prior Lien:** As to Tract I only:
The lien created by this deed of trust and security agreement will be subordinate to the lien securing payment of a note in the original principal amount of TWO MILLION TWO HUNDRED FIFTY THOUSAND AND 00/100 DOLLARS ($2,250,000.00), which is dated March 6, 2015, executed by 832 YALE ST, LLC, a Texas limited liability company, payable to the order of ICON BANK OF TEXAS, N.A., and more fully described in a deed of trust recorded in Document No. 20150100084, Official Public Records, Harris County, Texas.

As to Tract II only:
None.

**Other Exceptions to Conveyance and Warranty:**

Subject only to the permitted exceptions shown Exhibit A attached hereto for all pertinent purposes.

For value received and to secure payment of the Obligation, Grantor conveys the Property to Trustee in trust. Grantor warrants and agrees to defend the title to the Property, subject to the Other Exceptions to Conveyance and Warranty. On payment of the Obligation and all other amounts secured by this deed of trust, this deed of trust will have no further effect, and Lender will release it at Grantor's expense.

**Clauses and Covenants**

**A.   Grantor's Obligations**

Grantor agrees to—

1. keep the Property in good repair and condition;

2. pay all taxes and assessments on the Property before delinquency, not authorize a taxing entity to transfer its tax lien on the Property to anyone other than Lender, and not request a deferral of the collection of taxes pursuant to section 33.06 of

RP-2016-337280

the Texas Tax Code;

3. defend title to the Property subject to the Other Exceptions to Conveyance and Warranty and preserve the lien's priority as it is established in this deed of trust;

4. maintain all insurance coverages with respect to the Property, revenues generated by the Property, and operations on the Property that Lender reasonably requires ("Required Insurance Coverages"), issued by insurers and written on policy forms acceptable to Lender, and as to property loss, that are payable to Lender under policies containing standard mortgagee clauses, and deliver evidence of the Required Insurance Coverages in a form acceptable to Lender at least ten days before the expiration of the Required Insurance Coverages;

5. obey all laws, ordinances, and restrictive covenants applicable to the Property;

6. keep any buildings occupied as required by the Required Insurance Coverages;

7. if the lien of this deed of trust is not a first lien, pay or cause to be paid all prior lien notes and abide by or cause to be abided by all prior lien instruments; and

8. notify Lender of any change of address.

**B.     Lender's Rights**

1. Lender or Lender's mortgage servicer may appoint in writing one or more substitute trustees, succeeding to all rights and responsibilities of Trustee. Such written appointments need not be filed in the Official Public Records of the county where the property is located or in any other public or governmental records in order to be effective. All rights, remedies and duties of Trustee under this Deed of Trust may be exercised or performed by one or more trustees acting alone or together.

   a. Lender, at its option and with or without cause, may from time to time, by power of attorney or otherwise, remove or substitute any trustee, add one or more trustees, or appoint a successor trustee to any Trustee without the necessity of any formality other than a designation by Lender in writing. Without any further act or conveyance of the Property the substitute, additional or successor trustee shall become vested with the title, rights, remedies, powers and duties conferred upon Trustee herein and by Applicable Law.

   b. Neither the Trustee named herein nor any Trustee who may act hereunder shall in any way be disqualified from acting as such Trustee for the reason that he may now be, may become or at any applicable time may be a manager, director, an officer, an employee, a shareholder, an agent, or an attorney of Beneficiary or may be otherwise related to Beneficiary.

RP-2016-337280

c. Trustee shall not be liable if acting upon any notice, request, consent, demand, statement or other document believed by Trustee to be correct. Trustee shall not be liable for any act or omission unless such act or omission is willful.

2. If the proceeds of the Obligation are used to pay any debt secured by prior liens, Lender is subrogated to all the rights and liens of the holders of any debt so paid.

3. Lender may apply any proceeds received under the property insurance policies covering the Property either to reduce the Obligation or to repair or replace damaged or destroyed improvements covered by the policy. If the Property is Grantor's primary residence and Lender reasonably determines that repairs to the improvements are economically feasible, Lender will make the property insurance proceeds available to Grantor for repairs.

4. Notwithstanding the terms of the Note to the contrary, and unless applicable law prohibits, all payments received by Lender from Grantor with respect to the Obligation or this deed of trust may, at Lender's discretion, be applied first to amounts payable under this deed of trust and then to amounts due and payable to Lender with respect to the Obligation, to be applied to late charges, principal, or interest in the order Lender in its discretion determines.

5. If Grantor fails to perform any of Grantor's obligations, Lender may perform those obligations and be reimbursed by Grantor on demand for any amounts so paid, including attorney's fees, plus interest on those amounts from the dates of payment at the rate stated in the Note for matured, unpaid amounts. The amount to be reimbursed will be secured by this deed of trust.

6. **COLLATERAL PROTECTION INSURANCE NOTICE**

In accordance with the provisions of section 307.052(a) of the Texas Finance Code, the Beneficiary hereby notifies the Grantor as follows:

(A) the Grantor is required to:

(i) keep the collateral insured against damage in the amount the Lender specifies;

(ii) purchase the insurance from an insurer that is authorized to do business in the state of Texas or an eligible surplus lines insurer; and

(iii) name the Lender as the person to be paid under the policy in the event of a loss;

(B) the Grantor must, if required by the Lender, deliver to the Lender a copy of the policy and proof of the payment of premiums; and

RP-2016-337280

  **(C) if the Grantor fails to meet any requirement listed in Paragraph (A) or (B), the Lender may obtain collateral protection insurance on behalf of the Grantor at the Grantor's expense.**

  7. If there is a default on the Obligation or if Grantor fails to perform any of Grantor's obligations and the default continues after any required notice of the default and the time allowed to cure, Lender may—

    a. declare the unpaid principal balance and earned interest on the Obligation immediately due;

    b. exercise Lender's rights with respect to rent under the Texas Property Code as then in effect;

    c. direct Trustee to foreclose this lien, in which case Lender or Lender's agent will cause notice of the foreclosure sale to be given as provided by the Texas Property Code as then in effect; and

    d. purchase the Property at any foreclosure sale by offering the highest bid and then have the bid credited on the Obligation.

  8. Lender may remedy any default without waiving it and may waive any default without waiving any prior or subsequent default.

**C. Trustee's Rights and Duties**

  If directed by Lender to foreclose this lien, Trustee will—

  1. either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then in effect;

  2. sell and convey all or part of the Property "AS IS" to the highest bidder for cash with a general warranty binding Grantor, subject to the Prior Lien and to the Other Exceptions to Conveyance and Warranty and without representation or warranty, express or implied, by Trustee;

  3. from the proceeds of the sale, pay, in this order—

    a. expenses of foreclosure, including a reasonable commission to Trustee;

    b. to Lender, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;

    c. any amounts required by law to be paid before payment to Grantor; and

RP-2016-337280

        d.    to Grantor, any balance; and

    4.    be indemnified, held harmless, and defended by Lender against all costs, expenses, and liabilities incurred by Trustee for acting in the execution or enforcement of the trust created by this deed of trust, which includes all court and other costs, including attorney's fees, incurred by Trustee in defense of any action or proceeding taken against Trustee in that capacity.

**D.    General Provisions**

    1.    If any of the Property is sold under this deed of trust, Grantor must immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor will become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

    2.    Recitals in any trustee's deed conveying the Property will be presumed to be true.

    3.    Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

    4.    This lien will remain superior to liens later created even if the time of payment of all or part of the Obligation is extended or part of the Property is released.

    5.    If any portion of the Obligation cannot be lawfully secured by this deed of trust, payments will be applied first to discharge that portion.

    6.    Grantor assigns to Lender all amounts payable to or received by Grantor from condemnation of all or part of the Property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the Property. After deducting any expenses incurred, including attorney's fees and court and other costs, Lender will either release any remaining amounts to Grantor or apply such amounts to reduce the Obligation. Lender will not be liable for failure to collect or to exercise diligence in collecting any such amounts. Grantor will immediately give Lender notice of any actual or threatened proceedings for condemnation of all or part of the Property.

    7.    Grantor assigns to Lender absolutely, not only as collateral, all present and future rent and other income and receipts from the Property. Grantor warrants the validity and enforceability of the assignment. Grantor may as Lender's licensee collect rent and other income and receipts as long as Grantor is not in default with respect to the Obligation or this deed of trust. Grantor will apply all rent and other income and receipts to payment of the Obligation and performance of this deed of trust, but if the rent and other income and receipts exceed the amount due with respect to the Obligation and the deed of trust, Grantor may retain the excess. If Grantor defaults in payment of the Obligation or performance of this deed of trust, Lender may terminate Grantor's license to collect rent and other income and then as Grantor's agent may rent the Property and collect all rent and other income and receipts. Lender neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the Property. Lender may

RP-2016-337280

exercise Lender's rights and remedies under this paragraph without taking possession of the Property. Lender will apply all rent and other income and receipts collected under this paragraph first to expenses incurred in exercising Lender's rights and remedies and then to Grantor's obligations with respect to the Obligation and this deed of trust in the order determined by Lender. Lender is not required to act under this paragraph, and acting under this paragraph does not waive any of Lender's other rights or remedies. If Grantor becomes a voluntary or involuntary debtor in bankruptcy, Lender's filing a proof of claim in bankruptcy will be deemed equivalent to the appointment of a receiver under Texas law.

8. Interest on the debt secured by this deed of trust will not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess will be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides any conflicting provisions in this and all other instruments concerning the debt.

9. In no event may this deed of trust secure payment of any debt that may not lawfully be secured by a lien on real estate or create a lien otherwise prohibited by law.

10. Grantor may not sell, transfer, or otherwise dispose of any Property, whether voluntarily or by operation of law, without the prior written consent of Lender. If granted, consent may be conditioned upon (a) the grantee's integrity, reputation, character, creditworthiness, and management ability being satisfactory to Lender; and (b) the grantee's executing, before such sale, transfer, or other disposition, a written assumption agreement containing any terms Lender may require, such as a principal pay down on the Obligation, an increase in the rate of interest payable with respect to the Obligation, a transfer fee, or any other modification of the Note, this deed of trust, or any other instruments evidencing or securing the Obligation.

Grantor may not cause or permit any Property to be encumbered by any liens, security interests, or encumbrances other than the liens securing the Obligation and the liens securing ad valorem taxes not yet due and payable without the prior written consent of Lender. If granted, consent may be conditioned upon Grantor's executing, before granting such lien, a written modification agreement containing any terms Lender may require, such as a principal pay down on the Obligation, an increase in the rate of interest payable with respect to the Obligation, an approval fee, or any other modification of the Note, this deed of trust, or any other instruments evidencing or securing the Obligation.

Grantor may not grant any lien, security interest, or other encumbrance (a "Subordinate Instrument") covering the Property that is subordinate to the liens created by this deed of trust without the prior written consent of Lender. If granted, consent may be conditioned upon the Subordinate Instrument's containing express covenants to the effect that—

    a. the Subordinate Instrument is unconditionally subordinate to this deed of

RP-2016-337280

trust;

b. if any action is instituted to foreclose or otherwise enforce the Subordinate Instrument, no action may be taken that would terminate any occupancy or tenancy without the prior written consent of Lender, and that consent, if granted, may be conditioned in any manner Lender determines;

c. rents, if collected by or for the holder of the Subordinate Instrument, will be applied first to the payment of the Obligation then due and to expenses incurred in the ownership, operation, and maintenance of the Property in any order Lender may determine, before being applied to any indebtedness secured by the Subordinate Instrument;

d. written notice of default under the Subordinate Instrument and written notice of the commencement of any action to foreclose or otherwise enforce the Subordinate Instrument must be given to Lender concurrently with or immediately after the occurrence of any such default or commencement; and

e. in the event of the bankruptcy of Grantor, all amounts due on or with respect to the Obligation and this deed of trust will be payable in full before any payments on the indebtedness secured by the Subordinate Instrument.

Grantor may not cause or permit any of the following events to occur without the prior written consent of Lender: if Grantor is (a) a corporation, the dissolution of the corporation or the sale, pledge, encumbrance, or assignment of any shares of its stock; (b) a limited liability company, the dissolution of the company or the sale, pledge, encumbrance, or assignment of any of its membership interests; (c) a general partnership or joint venture, the dissolution of the partnership or venture or the sale, pledge, encumbrance, or assignment of any of its partnership or joint venture interests, or the withdrawal from or admission into it of any general partner or joint venturer; or (d) a limited partnership, (i) the dissolution of the partnership, (ii) the sale, pledge, encumbrance, or assignment of any of its general partnership interests, or the withdrawal from or admission into it of any general partner, (iii) the sale, pledge, encumbrance, or assignment of a controlling portion of its limited partnership interests, or (iv) the withdrawal from or admission into it of any controlling limited partner or partners. If granted, consent may be conditioned upon (a) the integrity, reputation, character, creditworthiness, and management ability of the person succeeding to the ownership interest in Grantor (or security interest in such ownership) being satisfactory to Lender; and (b) the execution, before such event, by the person succeeding to the interest of Grantor in the Property or ownership interest in Grantor (or security interest in such ownership) of a written modification or assumption agreement containing such terms as Lender may require, such as a principal pay down on the Obligation, an increase in the rate of interest payable with respect to the Obligation, a transfer fee, or any other modification of the Note, this deed of trust, or any other instruments evidencing or securing the Obligation.

11. When the context requires, singular nouns and pronouns include the plural.

RP-2016-337280

12. The term *Note* includes all extensions, modifications, and renewals of the Note and all amounts secured by this deed of trust.

13. This deed of trust binds, benefits, and may be enforced by the successors in interest of all parties.

14. If Grantor and Borrower are not the same person, the term *Grantor* includes Borrower.

15. Grantor and each surety, endorser, and guarantor of the Obligation waive all demand for payment, presentation for payment, notice of intention to accelerate maturity, notice of acceleration of maturity, protest, and notice of protest, to the extent permitted by law.

16. Grantor agrees to pay reasonable attorney's fees, trustee's fees, and court and other costs of enforcing Lender's rights under this deed of trust if this deed of trust is placed in the hands of an attorney for enforcement.

17. If any provision of this deed of trust is determined to be invalid or unenforceable, the validity or enforceability of any other provision will not be affected.

18. The term *Lender* includes any mortgage servicer for Lender.

19. Grantor represents that this deed of trust and the Note are given for the following purposes:

The Note renews and extends the balance of $662,652.25 that Grantor owes on a prior note in the original principal amount of ONE MILLION THREE HUNDRED FOUR THOUSAND FORTY-TWO and 18/100 DOLLARS ($1,304,042.18), which is dated June 19, 2014, executed by 2020 McGowen, LLC, a Texas limited liability company, and payable to the order of ViewPoint Development, L.L.C., a Texas limited liability company in a Document recorded under Harris County Clerk's File No. 20140266016. The prior note is more fully described in and secured by a deed of trust on the Property, which is dated June 19, 2014, and recorded under Harris County Clerk's File No. 20140266017 of the Official Public Records of Harris County, Texas. Said Note and Deed of Trust being filed with a financing statement on June 19, 2014, recorded under Harris County Clerk's File No. 20140266018, Harris County, Texas.

The balance of the indebtedness is for the construction of improvements on Tract II.

Grantor warrants to Lender and agrees that the proceeds of the Note will be used primarily for business or commercial purposes and not primarily for personal, family, or household purposes.

Grantor warrants to Lender that the Property will not be used as the Grantor's residence

RP-2016-337280

10

during the term of the Obligation.

20. This conveyance is also made in trust to secure payment of all other present and future debts that Grantor may owe to Lender, regardless of how any other such debt is incurred or evidenced. Payment on all present and future debts of Grantor to Lender will be made at c/o Stallion Funding, LLC, 12710 Research Blvd, Ste 115, Austin, Texas 78759 in Travis County, Texas, and the debts will bear interest as provided in notes or other evidences of debt that Grantor will give to Lender. This conveyance is also made to secure payment of any renewal or extension of any present or future debt that Grantor owes to Lender, including any loans and advancements from Lender to Grantor under the provisions of this deed of trust. When Grantor repays all debts owed to Lender, this deed-of-trust lien will terminate only if Lender releases this deed of trust at the request of Grantor. Until Lender releases it, this deed of trust will remain fully in effect to secure other present and future advances and debts, regardless of any additional security given for any debt and regardless of any modification.

21. Grantor agrees to make an initial deposit in a reasonable amount to be determined by Lender and then make monthly payments to a fund for taxes on the Property. Monthly payments will be made on the payment dates specified in the Note, and each payment will be one-twelfth of the amount that Lender estimates will be required annually for payment of taxes. The fund will accrue no interest, and Lender will hold it without bond in escrow and use it to pay the taxes. If Grantor has complied with the requirements of this paragraph, Lender must pay taxes before the end of the calendar year. Grantor agrees to make additional deposits on demand if the fund is ever insufficient for its purpose. If an excess accumulates in the fund, Lender may either credit it to future monthly deposits until the excess is exhausted or refund it to Grantor. When Grantor makes the final payment on the Note, Lender will credit to that payment the whole amount then in the fund or, at Lender's option, refund it after the Note is paid. If this deed of trust is foreclosed, any balance in the fund over that needed to pay taxes, including taxes accruing but not yet payable, and to pay insurance premiums will be paid under part C, "Trustee's Rights and Duties." Deposits to the fund described in this paragraph are in addition to the monthly payments provided for in the Note.

22. As used in this Section 22: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Grantor shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Grantor shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or

RP-2016-337280

11

(c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Grantor shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Grantor has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Grantor learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Grantor shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

23. Grantor agrees to deliver to Lender, at Lender's request from time to time, financial statements of Grantor and each guarantor of the Note prepared in accordance with generally accepted accounting principles consistently applied, in detail reasonably satisfactory to Lender and certified to be true and correct by Grantor.

24. If no default exists under any of the terms and conditions of this deed of trust or the Note, Grantor is entitled to partial releases of the lien of the deed of trust on the following terms and conditions:

1. The release price per Lot will be all of the proceeds from the sales of the Lot, (reasonable closing costs, notwithstanding); but in no case shall the release price be less than the Original Principal Amount of the Loan divided by the number of units for sale, plus any accrued interest on such amount;

2. All payments for partial releases will be applied as a prepayment on the Note, or as otherwise in writing by the parties; and

3. All expenses incident to the granting of partial releases will be borne by the party requesting the release, including but not limited to the cost of any required survey, cost for partial releases, and recording costs.

25. In addition to creating a deed-of-trust lien on all the real and other property described above, Grantor also grants to Lender a security interest in all of the above-described personal property pursuant to and to the extent permitted by the Texas Uniform Commercial Code.

In the event of a foreclosure sale under this deed of trust, Grantor agrees that all the Property may be sold as a whole at Lender's option and that the Property need not be present at

RP-2016-337280

the place of sale.

E.    **Construction Loan Mortgage**

     1.    This deed of trust is a "construction mortgage" within the meaning of section 9.334 of the Texas Business and Commerce Code. The liens and security interests created and granted by this deed of trust secure an obligation incurred for the construction of improvements on land including the acquisition cost of the land, if any.

     2.    Grantor agrees to comply with the covenants and conditions of the construction loan agreement, if any, executed in connection with the Note and this deed of trust. All advances made by Lender under the construction loan agreement will be indebtedness of Grantor secured by the liens created by this deed of trust, and such advances are conditioned as provided in the construction loan agreement.

     3.    All amounts disbursed by Lender before completion of the improvements to protect the security of this deed of trust up to the principal amount of the Note will be treated as disbursements under the construction loan agreement. All such amounts will bear interest from the date of disbursement at the rate stated in the Note, unless collections from Grantor of interest at that rate would be contrary to applicable law, in which event such amounts will bear interest at the rate stated in the Note for matured, unpaid amounts and will be payable on notice from Lender to Grantor requesting payment.

     4.    From time to time as Lender deems necessary to protect Lender's interests, Grantor will, on request of Lender, execute and deliver to Lender, in such form as Lender directs, assignments of any and all rights or claims that relate to the construction of improvements on the Property.

     5.    In case of breach by Grantor of the covenants and conditions of the construction loan agreement, Lender, at its option, with or without entry on the Property, may (a) invoke any of the rights or remedies provided in the construction loan agreement, (b) accelerate the amounts secured by this deed of trust and invoke the remedies provided in this deed of trust, or (c) do both.

     6.    If, after commencement of amortization of the Note, the Note and this deed of trust are sold by Lender, after the sale the construction loan agreement will cease to be a part of this deed of trust, and Grantor will not assert any right of setoff, counterclaim, or other claim or defense arising out of or in connection with the construction loan agreement against the obligations of the Note and this deed of trust.

RP-2016-337280

As to Tract I only:
832 YALE ST, LLC,
a Texas limited liability company

By: _____
   Terry J. Fisher, Manager

As to Tract II only:
2020 MCGOWEN, LLC
a Texas limited liability company

By: _____
   Terry J. Fisher, Manager

THE STATE OF TEXAS

COUNTY OF __Harris__

This instrument was acknowledged before me on the 29 day of July, 2016 by TERRY J. FISHER, as Manager of 832 YALE ST, LLC, a Texas limited liability company and 2020 MCGOWEN, LLC, a Texas limited liability company on behalf of said limited liability companies.

_____
Notary Public, State of Texas

**PREPARED BY:**
Law Office of Ben Williams, PLLC
12710 Research Blvd, Ste 115
Austin, Texas 78759

0010-171
LoBW/STALLION/2020McGowen1-12.2020McGowen
BKW/kjd

RP-2016-337280

[Notary Seal: MICHELLE N. HULSE, NOTARY PUBLIC, STATE OF TEXAS, ID 11120431, EXP. 03-09-2019]

RP-2016-337280
# Pages 15
08/02/2016 08:26 AM
e-Filed & e-Recorded in the
Official Public Records of
HARRIS COUNTY
STAN STANART
COUNTY CLERK
Fees  $68.00

RP-2016-337280

RECORDERS MEMORANDUM
This instrument was received and recorded electronically
and any blackouts, additions or changes were present
at the time the instrument was filed and recorded.

Any provision herein which restricts the sale, rental, or
use of the described real property because of color or
race is invalid and unenforceable under federal law.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in
File Number Sequence on the date and at the time stamped
hereon by me; and was duly RECORDED in the Official
Public Records of Real Property of Harris County, Texas.

*Stan Stanart*
COUNTY CLERK
HARRIS COUNTY, TEXAS