Case 17-32788   Document 39-1   Filed in TXSB on 12/01/17   Page 1 of 37

4/28/2017 2:19:45 PM
Chris Daniel - District Clerk Harris County
Envelope No. 16730592
By: Rayshana Alexander
Filed: 4/28/2017 2:19:45 PM

# 2017-28645 / Court: 234

CAUSE NO. _____

| | | |
|---|---|---|
| 2020 MCGOWEN, LLC | § | IN THE DISTRICT COURT OF |
|     Plaintiff, | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| STALLION FUNDING, LLC, AND | § | |
| BENJAMIN K. WILLIAMS, SUBSTITUTE | § | |
| TRUSTEE, | § | |
|     Defendant. | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S VERIFIED ORIGINAL PETITION, REQUEST FOR DISCLOSURE & APPLICATION FOR INJUNCTIVE RELIEF

Plaintiff, 2020 McGowen, LLC, files this Plaintiff's Original Petition against Defendants, Stallion Funding, LLC and Benjamin K. Williams, Substitute Trustee, supported by the affidavit of Terry J. Fisher, attached hereto and incorporated by reference, and would show as follows:

### Discovery-Control Plan

1.    Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because plaintiff seeks monetary relief over $100,000.

### Claim for Relief

2.    Plaintiff seeks monetary relief over $1,000,000 and injunctive relief.

### Parties

3.    Plaintiff is a Texas limited liability company.

4.    Defendant, Stallion Funding, LLC is a Texas limited liability company that lends money in Harris County. Defendant may be served by and through its registered agent, Vincent Balagia, whose registered address is 411 Misty Morn Lane, Cedar Park, TX 78613.



*Plaintiffs' Original Petition*                                                 *Page 1*

5.      Defendant, Benjamin K. Williams, Substitute Trustee, is a resident of Texas and may be served with process at his office address of Law Office of Benjamin K. Williams, 12710 Research Blvd., Suite 115, Austin, Texas 78759, or wherever he may be found.

<u>**Facts**</u>

6.      2020 McGowen builds multifamily residential units in Houston, Texas and is currently involved in a construction and development project (the 'Project') located at 2020 McGowen Street, Houston, Texas  77004.  The Project involves the building of townhomes in three different buildings or blocks, of 6, 5 and 12 units, respectively.

7.      As part of the development of the Project, 2020 McGowen took out several loans from Defendant, Stallion Funding, LLC to finance the construction of units at the Project. The first loan, taken out on or about October 12, 2015, was for the construction units S, T, U, V and W, in the five-unit building. The second loan, taken out on or about December 30, 2015, was for the construction of units M, N, O, P. Q and R in the six-unit building. The third loan ('Loan 3'), taken out on or about July 29, 2016, and which is part of the basis of this suit, was for units A through L in the 12-unit building.

8.      At the closing of the third loan, irregularities started to appear as Defendant funded twice the amount that was requested. That is, Defendant funded $1,600,000 when only about $850,000 was required or had been requested. This was to the detriment of Plaintiff because it was required to needlessly pay excess interest. Subsequently, when disbursements were made on Loan 3, Defendant unilaterally applied some of the disbursed amounts to other, unrelated loans for other projects, reducing the amount available for construction and operation.

9.      Things come to a head in early April, 2017, when Defendant engaged in self help by entering onto the premises of the Project and changed the locks, denying Plaintiff and its

subcontractors entry, and causing work to stop on the Project. Despite numerous requests to allow Plaintiff to reenter the site and continue work on the Project, Plaintiff has been denied reentry. Without the ability to resume work on the Project, Plaintiff cannot fulfil its obligations under the promissory note the three notes.

10.     The above-referenced loans were secured by deeds of trust and on or about April 11, 2017, Defendant's attorney served notices of foreclosure on Plaintiff for the sale of the properties (collectively the "Properties"), commonly known as 832 Yale, Houston, Texas 77007 and 2020 McGowen, Houston, Texas 77004, securing the loans on May 2, 2017.   True and correct copies of those notices of foreclosure are attached hereto as Exhibit "A," "B" and "C." These are unique pieces of real property and the loss of those properties would destroy 2020 McGowen's ability to do business and to continue to exist as a functioning entity.

### Causes of Action

11.     **Breach of Fiduciary Duty & Misappropriation:** Plaintiff would show that Defendant acted as an escrow agent in the transaction described above and therefore has a fiduciary duties to Plaintiff of full disclosure and loyalty.  (Exhibit "D" and Exhibit "E," attached hereto). Defendant is liable to Plaintiff because it violated those duties by misappropriating loan proceeds because Defendant, without Plaintiff's consent and over Plaintiff's objections, took money from disbursements from one loan, for which Defendant was charging interest, to pay interest on unrelated loans, and distributed funds rightfully belonging to Plaintiff, to third parties without prior notice to Plaintiff. Plaintiff has been damaged by this breach of fiduciary duty and misappropriation and seeks to recover its damages in an amount within the jurisdictional limits of this Court.

12.    **Breach of Contract**: Plaintiff entered into a number of loan agreements with Defendant which provided for Defendant to fund construction projects. Defendant breached some or all of those agreements, causing Plaintiff to sustain damages, which damages Plaintiff seeks to recover in this suit in an amount within the jurisdictional limits of this Court.

13.    **Fraud:**    Plaintiff would further show that Defendant made multiple misrepresentations to Plaintiff to induce Plaintiff to enter into loan agreements. Plaintiff reasonably relied on those misrepresentations and sustained damages as a result of that reliance, Plaintiff seeks to recover in this suit in an amount within the jurisdictional limits of this Court.

14.    **Conversion:** Plaintiff would show that it owned or had legal possession of personal property or entitlement to possession; (2) Defendant unlawfully and without authorization assumed and exercised dominion and control over the property to the exclusion of, or inconsistent with Plaintiff's rights as an owner; (3) Plaintiff demanded return of the property; and (4) Defendant refused to return the property. Accordingly, Plaintiff brings this suit to recover its personal property.

15.    **Money Had & Received:** Plaintiff would show that Defendant holds money which in equity and good conscience belongs to Plaintiff and seeks to recover that money in this suit.

16.    **Trespass:** Plaintiff would show that Defendant committed trespass by entering a construction site owned by Plaintiff with neither express nor implied permission to enter the property and thereafter denying access to the property by Plaintiff. As a result of Defendant's trespass, Plaintiff has been unable to complete construction at the property and has sustained damages within the jurisdictional limits of this Court, which Plaintiff seeks to recover in this suit.

17.    **Usury:** Plaintiff would show that Defendant engaged in usury by unilaterally taking money from disbursements to pay interest on different loans, thereby doubling the effective interest rate.

18.    **Request For An Accounting:** Additionally and in the alternative, Plaintiff seeks an accounting from Defendant regarding the various loans that are the subject of this suit. Plaintiff has a contractual relationship with Defendant which will support Plaintiff's request for an accounting, and/or the facts and accounts presented are so complex adequate relief may not be obtained at law, making an equitable accounting appropriate.

## Jury Demand

19.    Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## Conditions Precedent

20.    All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

## Request For Disclosure

21.    Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within 30 days of the service of this request, the information or material described in Rule 194.2.

## Request For Injunctive Relief

22.    In light of the above described facts, Plaintiff seeks recovery from Defendant for their actual damages from Defendants' actions, and injunctive relief as set forward below.

23.    Plaintiff is likely to succeed on the merits of this lawsuit because it has evidence to establish the elements of its causes of action of breach of contract, fraud, conversion, breach of fiduciary duty/misappropriation; money had and received; and trespass; as set forth above.

Furthermore, Plaintiff is not required to show that it will prevail at trial, but only put forth some evidence on its claims that tend to support its causes of action.  *See*, e.g., *State v. Sw. Bell Tel. Co.*, 526 S.W.2d 526, 528 (Tex. 1975).  Plaintiff has carried that burden in this application for injunctive relief.

24.     Unless this Honorable Court immediately restrains Defendants, Plaintiff will suffer immediate and irreparable injury, for which there is no adequate remedy at law to give Plaintiff complete, final and equal relief.  More specifically, Plaintiff would show the court the following:

      a.  The harm to Plaintiff is imminent because the foreclosure sales is to occur on Tuesday, May 2, 2017 between 10:00 a.m. and 4:00 p.m.;

      b.  This imminent harm will cause Plaintiff irreparable injury in that Plaintiffs will be robbed of its interest in the properties set for foreclosure sale;

      c.  There is no adequate remedy at law which will give Plaintiff complete, final and equal relief because each parcel of real property is unique and Plaintiff's loss of its interest in the real property cannot be remedied at law.

## Ex Parte Hearing Is Proper

25.     Plaintiff would show that an *ex parte* hearing is proper as there is insufficient time for hearing on this application for injunctive relief before the Property is set for foreclosure sale on May 2, 2017.

26.     Plaintiff is willing to post a reasonable temporary restraining order bond and request the Court to set such bond.  Plaintiff notes that the Properties at issue are secured from harm and the granting of Plaintiff's request for injunctive relief will only delay the foreclosure of

the subject properties until the first Tuesday of June, unless Plaintiff is successful in its request for a temporary injunction. Accordingly, Plaintiff prays the Court to set bond at a minimal amount as Defendant is otherwise protected if the granting of the temporary restraining order is later found to be in error.

### Remedy

27.    Plaintiff has met its burden by establishing such element which must be present before injunctive relief can be granted by this court. Therefore Plaintiff is entitled to the requested temporary restraining order.

28.    Plaintiff requests the court to restrain Defendant from selling or transferring the Property at foreclosure sale on May 2, 2017, and from taking any other action until such time as there can be a hearing on Plaintiff's request for a temporary injunction.

29.    It is essential that the court immediately and temporarily restrain Defendant from selling or transferring the Property at foreclosure sale on May 2, 2017. It is essential that the court act immediately, prior to giving notice to Defendant and a hearing on the matter, because there is too little time to conduct such a hearing before the threatened foreclosure sale on Tuesday, May 2, 2017.

30.    In order to preserve the status quo during the pendency of this action, Plaintiff requests that Defendant be temporarily enjoined from selling or transferring the Property at foreclosure sale on May 2, 2017.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff, 2020 McGowen, LLC respectfully pray that:

a.   Defendants, Stallion Funding, LLC and Benjamin K. Williams, Substitute Trustee, be cited to appear and answer herein;

b.   A temporary restraining order will issue without notice to Defendants, Stallion Funding, LLC and Benjamin K. Williams, Substitute Trustee, restraining Defendants, Defendants' officers, agents, servants, employees and attorneys from directly or indirectly selling or transferring the Property at foreclosure sale on May 2, 2017;

c.   The Court sets a reasonable bond for the temporary restraining order;

d.   After notice and hearing, a temporary injunction will issue enjoining and restraining Defendant, Stallion Funding, LLC and Benjamin K. Williams, Substitute Trustee, Defendants' officers, agents, servants, employees, successors and assigns, and attorneys from directly or indirectly selling or transferring the Property at foreclosure sale on May 2, 2017;

e.   Plaintiff be awarded its actual damages.

f.   Plaintiff be granted an accounting.

g.   Plaintiff be awarded pre-judgment and post-judgment interest.

h.   Plaintiff be awarded costs of court;

i.   Plaintiff be awarded Attorney fees;

j.   Plaintiff be awarded such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

*/s/ David M. Medina*
    David M. Medina
    Texas Bar Number 88
    David N. Calvillo
    Texas Bar No. 03673000
    CHAMBERLAIN     HRDLICKA,     WHITE,
    WILLIAMS & AUGHTRY, INC.
    1200 Smith Street, Suite 1400
    Houston, Texas 77002
    David.Medina@chamberlainlaw.com
    davidmedina@justicedavidmedina.com
    david.calvillo@chamberlainlaw.com
    713.658.1818 office
    713.658.2553 fax

    ***Counsel for Plaintiff***

CAUSE NO. _____

| 2020 MCGOWEN, LLC | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| Stallion Funding, LLC, | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

## AFFIDAVIT OF TERRY J. FISHER

| STATE OF TEXAS | § |
| HARRIS COUNTY | § |

4/28/2017 2:19:45 PM
Chris Daniel - District Clerk
Harris County
Envelope No. 16730592
By: BOUFANDER, RAYSHANA D
Filed: 4/28/2017 2:19:45 PM

2017-28645 /

Before me, the undersigned notary, on this day personally appeared Terry J. Fisher, the affiant, whose identity is known to me. After I administered an oath, affiant testified as follows:

1.  "My name is Terry J. Fisher. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2.  "I am a manager of Plaintiff, 2020 McGowen, LLC ('2020 McGowen') and my personal knowledge of the facts within this affidavit come from that position.  2020 McGowen builds multifamily residential units in Houston, Texas and is currently involved in a construction and development project (the 'Project') located at 2020 McGowen Street, Houston, Texas 77004.  The Project involves the building of townhomes in three different buildings or blocks, of 6, 5 and 12 units, respectively.

3.  "As part of the development of the Project, 2020 McGowen took out several loans from Defendant, Stallion Funding, LLC to finance the construction of units at the Project. The first loan, taken out on or about October 12, 2015, was for the construction units S, T, U, V and W, in the five-unit building. The second loan, taken out on or about December 30, 2015, was for the construction of units M, N, O, P. Q and R in the six-unit building. The third loan ('Loan 3'), taken out on or about July 29, 2016, and which is part of the basis of this suit, was for units A through L in the 12-unit building.

4.  "At the closing of the third loan, irregularities started to appear as Defendant funded twice the amount that was requested. That is, Defendant funded $1,600,000 when only about $850,000 was required or had been requested. Subsequently, when disbursements were made on Loan 3, Defendant unilaterally applied some of the disbursed amounts to other, unrelated loans for other projects, reducing the amount available for construction and operation.

5.  "Things come to a head in early April, 2017, when Defendant engaged in self help by entering onto the premises of the Project and changed the locks, denying Plaintiff and its subcontractors entry, and causing work to stop on the Project. Despite numerous requests

*Affidavit of Terry J. Fisher*                                                                                      *Page 1*

to allow us to reenter the site and continue work on the Project, we have been denied reentry. Without the ability to resume work on the Project, Plaintiff cannot fulfil its obligations under the promissory note for Loan 3.

6.  "The above-referenced loans were secured by deeds of trust and on or about April 11, 2017, Defendant's attorney served notices of foreclosure on Plaintiff for the sale of the properties, commonly known as 832 Yale, Houston, Texas 77007 and 2020 McGowen, Houston, Texas 77004, securing the loans on May 2, 2017. True and correct copies of those notices of foreclosure are attached hereto as Exhibit "A," "B" and "C." These are unique pieces of real property and the loss of those properties would destroy 2020 McGowen's ability to do business and to continue to exist as a functioning entity.

7.  "Furthermore, not only did Stallion Funding, LLC act as lender, it appointed itself the post closing escrow agent on the loans. Attached hereto as Exhibits "D" and "E" are true and correct copies of the post closing escrow agreements for the December 2015 loan and the July 2016 loan. As is apparent from the documents, Stallion Lending, LLC was acting as both lender and escrow agent, giving rise to its fiduciary duty to Plaintiff."

_____
Terry J. Fisher

Sworn to and subscribed before me by Terry J. Fisher on April 28, 2017.

_____
Notary Public in and for
the State of Texas

CECELIA GREENLEAF
Notary Public, State of Texas
My Commission Expires
November 20, 2017

My commission expires: Nov. 20, 2017

**Affidavit of Terry J. Fisher**                                                      **Page 2**

LAW OFFICE 2017-28645 / Court: 234in K. Williams
Ben Williams, PLLC        Attorney at Law

12710 Research Blvd.  |  Ste 115  |  Austin, TX 78759        Office 512.872.6088  |  Fax 512.219.5559
                                                            bwilliams@lawbkw.com

April 11, 2017

2020 McGowen, LLC                     Certified Mail
Attn: Terry J. Fisher, Manager        7015 0640 0006 9941 6246
832 Yale Street                       Regular Mail
Houston, Texas 77007

2020 McGowen, LLC                     Certified Mail
Attn: Terry J. Fisher, Manager        7017 0530 0000 6548 5168
P.O. Box 7233                         Regular Mail
Houston, Texas 77248

RE:   Our Client: STALLION FUNDING, LLC (Loan Servicer) Deed of Trust
recorded in Document No. 20150475043, Official Public Records of Harris County,
Texas, concerning the property: Lot(s) 13 through 17, in Block 1 of VIEWPOINT
SQUARE REPLAT NO. 2, a subdivision in Harris County, Texas according to the
map or plat thereof recorded in Film Code No. 674645 of the Map and/or Plat
Records of Harris County, Texas, together with all personal property described in the
above-referenced deed of trust.

Dear Mr. Fisher:

The note has matured.

Demand is made for the immediate payment of all unpaid principal and all accrued but
unpaid interest. Please contact the LAW OFFICE OF BEN WILLIAMS, PLLC for the current payoff
information.

If the amount due is not immediately paid, the lender intends to foreclose the lien under the
loan documents in accordance with the enclosed notice of sale.

If any party who receives this letter is a debtor in a bankruptcy proceeding subject to the
provisions of the United States Bankruptcy Code (Title II of the United States Code) "Code", as to
such party this letter is merely intended to be written notice in compliance with the note, the deed of
trust securing its payment, and Texas law.  This letter is not intended to be an act to collect, assess,

1

or recover a claim against that party, nor is this letter intended to violate any provisions of the Code.

Any and all claims STALLION FUNDING, LLC assert against that party will be properly asserted in compliance with the Code in the bankruptcy proceeding.

You are put on notice that we are attempting to collect a debt and any information obtained will be used for that purpose.

If you have any questions, please consult your legal counsel.

Sincerely,

Benjamin K. Williams

0010-119
LoBW/Stallion/McGowen1.2020McGowen.DemandLtr
BKW/kjd

2

## NOTICE OF SUBSTITUTE TRUSTEE'S SALE

**DATE:**     April 11, 2017

**TRUSTEE:**   JEFF LEVA, SANDY DASIGENIS, LILLIAN POELKER, PATRICIA POSTON, DAVID POSTON, MEGAN L. RANDLE, EBBIE MURPHY, or BENJAMIN K. WILLIAMS

**SUBTITUTE TRUSTEE'S ADDRESS:**     12710 Research Blvd, Ste 115
Austin, Texas 78759

**DEED OF TRUST:**

Date:          October 12, 2015

Grantor:      2020 MCGOWEN, LLC,
a Texas limited liability company

Beneficiary:   STALLION TEXAS REAL ESTATE FUND, LLC

Beneficiary's Mailing Address:     c/o Stallion Funding, LLC
12710 Research Blvd, Ste 115
Austin, Texas 78759

Trustee:      BENJAMIN K. WILLIAMS

Recording Information:     Document No. 20150475043 Official Public Records, Harris County, Texas

Property:

Lot(s) 13 through 17, in Block 1 of VIEWPOINT SQUARE REPLAT NO. 2, a subdivision in Harris County, Texas according to the map or plat thereof recorded in Film Code No. 674645 of the Map and/or Plat Records of Harris County, Texas.

Together with the following personal property:

All fixtures, supplies, building materials, and other goods of every nature now or hereafter located, used, or intended to be located or used on the Property;

All plans and specifications for development of or construction of improvements on the Property;

All contracts and subcontracts relating to the construction of improvements on the Property;

1

Exhibit "A"

All accounts, contract rights, instruments, documents, general intangibles, and chattel paper arising from or by virtue of any transactions relating to the Property;

All permits, licenses, franchises, certificates, and other rights and privileges obtained in connection with the Property;

All proceeds payable or to be payable under each policy of insurance relating to the Property; and

All products and proceeds of the foregoing.

Notwithstanding any other provision in this deed of trust, the term "Property" does not include personal effects used primarily for personal, family, or household purposes.

**NOTE:**

| | |
|---|---|
| Date: | October 12, 2015 |
| Amount: | $1,375,000.00 |
| Debtor: | 2020 MCGOWEN, LLC, a Texas limited liability company |
| Holder: | STALLION TEXAS REAL ESTATE FUND, LLC, as to an undivided 63.64% ($875,000.00/$1,375,000.00) interest; |
| | GERALD D'ANGELO, as to an undivided 36.36% ($500,000.00/$1,375,000.00) interest; |

**DATE OF SALE OF PROPERTY:**

Tuesday, May 2, 2017 at 10:00 a.m.

**PLACE OF SALE OF PROPERTY:**

APPROXIMATELY 5,050 SQUARE FEET OF AREA OF THE BAYOU CITY EVENT CENTER BEGINNING AT THE SOUTHEAST CORNER OF THE LARGE BALLROOM AND CONTINUING WESTERLY ALONG THE SOUTH WALL A DISTANCE OF APPROXIMATELY 87 FEET AND; THENCE NORTHERLY A DISTANCE OF APPROXIMATELY 58 FEET; THEN EASTERLY APPROXIMATELY 87 FEET TO THE EAST WALL; THENCE SOUTHERLY APPROXIMATELY 59 FEE TO THE POINT OF BEGINNING, or if the preceding area is no longer the designated area, at the area most recently designated by the County Commissioner's Court.

ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES. IF YOU ARE OR YOUR SPOUSE IS SERVING ON ACTIVE MILITARY DUTY, INCLUDING ACTIVE MILITARY DUTY AS A MEMBER OF THE TEXAS NATIONAL GUARD OR THE NATIONAL GUARD OF ANOTHER STATE OR AS A MEMBER OF A RESERVE COMPONENT OF THE ARMED FORCES OF THE UNITED STATES, PLEASE SEND WRITTEN NOTICE OF THE ACTIVE DUTY MILITARY SERVICE TO THE SENDER OF THIS NOTICE IMMEDIATELY.

**THIS INSTRUMENT APPOINTS THE SUBSTITUTE TRUSTEE(S) IDENTIFIED TO SELL THE PROPERTY DESCRIBED IN THE SECURITY INSTRUMENT IDENTIFIED IN THIS NOTICE OF SALE THE PERSON SIGNING THIS NOTICE IS THE ATTORNEY OR AUTHORIZED AGENT OF THE MORTGAGEE OR MORTGAGE SERVICER.**

Mortgagee has instructed Substitute Trustee to offer the Property for sale toward the satisfaction of the Note.

Notice is given that on the Date of Sale, Substitute Trustee will offer the Property for sale at public auction at the Place of Sale, to the highest bidder for cash, "AS IS."   THERE WILL BE NO WARRANTY RELATING TO TITLE, POSSESSION, QUIET ENJOYMENT, OR THE LIKE FOR THE PERSONAL PROPERTY IN THIS DISPOSITION (IF ANY).  The sale will begin at the Time of Sale or not later than three hours thereafter.

BENJAMIN K. WILLIAMS, Substitute Trustee
and Attorney for Mortgage Servicer

c/o LAW OFFICE OF BEN WILLIAMS, PLLC
12710 Research Blvd., Suite 115
Austin, Texas 78759
(512) 872-6088

3

LAW OFFICE **2017-28645 / Court: 234** Benjamin K. Williams
**Ben Williams, PLLC** Attorney at Law

12710 Research Blvd. | Ste 115 | Austin, TX 78759

Office 512.872.6088 | Fax 512.219.5559
bwilliams@lawbkw.com

April 11, 2017

2020 McGowen, LLC
Attn: Terry J. Fisher, Manager
832 Yale Street
Houston, Texas 77007

Certified Mail
7017 0530 0000 6548 6738
Regular Mail

2020 McGowen, LLC
Attn: Terry J. Fisher, Manager
P.O. Box 7233
Houston, Texas 77248

Certified Mail
7017 0530 0000 6548 6745
Regular Mail

RE:   Our Client: STALLION FUNDING, LLC (Loan Servicer) Deed of Trust recorded in Document No. 20160002958, Official Public Records of Harris County, Texas, concerning the property: Lots Eighteen (18), Nineteen (19), Twenty (20), Twenty-one (21), Twenty-two (22) and Twenty-three (23), in Block One (1), of VIEWPOINT SQUARE, REPLAT NO. 2, a subdivision in Harris County, Texas, according to the map or plat thereof recorded under Film Code No. 674645, of the Map Records of Harris County, Texas, together with all personal property described in the above-referenced deed of trust.

Dear Mr. Fisher:

The note has matured.

Demand is made for the immediate payment of all unpaid principal and all accrued but unpaid interest. Please contact the LAW OFFICE OF BEN WILLIAMS, PLLC for the current payoff information.

If the amount due is not immediately paid, the lender intends to foreclose the lien under the loan documents in accordance with the enclosed notice of sale.

If any party who receives this letter is a debtor in a bankruptcy proceeding subject to the provisions of the United States Bankruptcy Code (Title II of the United States Code) "Code", as to such party this letter is merely intended to be written notice in compliance with the note, the deed of

1

trust securing its payment, and Texas law.  This letter is not intended to be an act to collect, assess, or recover a claim against that party, nor is this letter intended to violate any provisions of the Code.

Any and all claims STALLION FUNDING, LLC assert against that party will be properly asserted in compliance with the Code in the bankruptcy proceeding.

You are put on notice that we are attempting to collect a debt and any information obtained will be used for that purpose.

If you have any questions, please consult your legal counsel.

Sincerely,

Benjamin K. Williams

0010-135g
LoBW/Stallion/McGowen2.2020McGowen.Accell
BKW/kjd

2

## NOTICE OF SUBSTITUTE TRUSTEE'S SALE

**DATE:**      April 11, 2017

**TRUSTEE:**   JEFF LEVA, SANDY DASIGENIS, LILLIAN POELKER, PATRICIA POSTON, DAVID POSTON, MEGAN L. RANDLE, EBBIE MURPHY, or BENJAMIN K. WILLIAMS

**SUBTITUTE TRUSTEE'S ADDRESS:**      12710 Research Blvd, Ste 115
Austin, Texas 78759

**DEED OF TRUST:**

Date:          December 30, 2015

Grantor:       2020 MCGOWEN, LLC,
a Texas limited liability company

Beneficiary:   STALLION FUNDING, LLC
as to an undivided 75.59% ($1,254,000.00/$1,659,000.00) interest

SCOT HILL AND LISA HILL
as to an undivided 6.03% ($100,000.00/$1,659,000.00) interest

MELISSA ZAPLATAR
as to an undivided 6.03% ($100,000.00/$1,659,000.00) interest

EQUITY TRUST CO CUSTODIAN
FBO RICHARD ALLAN FROOM IRA 112932
as to an undivided 4.22% ($70,000.00/$1,659,000.00) interest

SURESH PENIKALAPATI
as to an undivided 3.01% ($50,000.00/$1,659,000.00) interest

CHARLES TURNER
as to an undivided 3.01% ($50,000.00/$1,659,000.00) interest

GENE SWANBERG
as to an undivided 2.11% ($35,000.00/$1,659,000.00) interest

Beneficiary's Mailing Address:   c/o Stallion Funding, LLC
12710 Research Blvd, Ste 115
Austin, Texas 78759

Trustee:       BENJAMIN K. WILLIAMS

Recording Information:      Document No. 20160002958 Official Public Records,
Harris County, Texas

1

Exhibit "B"

Property:

Lots Eighteen (18), Nineteen (19), Twenty (20), Twenty-one (21), Twenty-two (22) and Twenty-three (23), in Block One (1), of VIEWPOINT SQUARE, REPLAT NO. 2, a subdivision in Harris County, Texas, according to the map or plat thereof recorded under Film Code No. 674645, of the Map Records of Harris County, Texas

Together with the following personal property:

All fixtures, supplies, building materials, and other goods of every nature now or hereafter located, used, or intended to be located or used on the Property;

All plans and specifications for development of or construction of improvements on the Property;

All contracts and subcontracts relating to the construction of improvements on the Property;

All accounts, contract rights, instruments, documents, general intangibles, and chattel paper arising from or by virtue of any transactions relating to the Property;

All permits, licenses, franchises, certificates, and other rights and privileges obtained in connection with the Property;

All proceeds payable or to be payable under each policy of insurance relating to the Property; and

All products and proceeds of the foregoing.

Notwithstanding any other provision in this deed of trust, the term "Property" does not include personal effects used primarily for personal, family, or household purposes.

**NOTE:**

Date:          December 30, 2015

Amount:        $1,659,000.00

Debtor:        2020 MCGOWEN, LLC,
               a Texas limited liability company

Holder:      GERALD D'ANGELO,
             as to an undivided 30.14% ($500,000.00/$1,659,000.00) interest;

             STALLION TEXAS REAL ESTATE FUND, LLC,
             as to an undivided 17.73% ($294,000.00/$1,659,000.00) interest;

             TOMMY BONNER,
             as to an undivided 7.53% ($125,000.00/$1,659,000.00) interest;

             SCOT HILL AND LISA HILL
             as to an undivided 6.03% ($100,000.00/$1,659,000.00) interest;

             MELISSA ZAPLATAR
             as to an undivided 6.03% ($100,000.00/$1,659,000.00) interest;

             ADAMS REALTY, INC.,
             as to an undivided 6.03% ($100,000.00/$1,659,000.00) interest;

             EQUITY TRUST CO CUSTODIAN
             FBO RICHARD ALLAN FROOM IRA 112932
             as to an undivided 4.22% ($70,000.00/$1,659,000.00) interest;

             SELF DIRECTED IRA SERVICES, INC.,
             CUSTODIAN FBO MARLENE BENAVIDES IRA 201313335
             as to an 3.92% ($65,000.00/$1,659,000.00) interest;

             SURESH PENIKALAPATI
             as to an undivided 3.01% ($50,000.00/$1,659,000.00) interest;

             CHARLES TURNER
             as to an undivided 3.01% ($50,000.00/$1,659,000.00) interest;

             RICK HINNANT,
             as to an undivided 3.01% ($50,000.00/$1,659,000.00) interest;

             SELF DIRECTED IRA SERVICES, INC., CUSTODIAN
             FBO YVONNE MAJESKI IRA 201313497,
             as to an undivided 3.01% ($50,000.00/$1,659,000.00) interest;

             SELF DIRECTED IRA SERVICES, INC.,
             CUSTODIAN FBO RICHARD HATFIELD IRA 201207487
             as to an 2.41% ($40,000.00/$1,659,000.00) interest;

             GENE SWANBERG
             as to an undivided 2.11% ($35,000.00/$1,659,000.00) interest;

             TWILA D. GAMBLE AND WILLIAM H. GAMBLE
             as to an undivided 1.81% ($30,000.00/$1,659,000.00) interest;

**DATE OF SALE OF PROPERTY:**

Tuesday, May 2, 2017 at 10:00 a.m.

**PLACE OF SALE OF PROPERTY:**

APPROXIMATELY 5,050 SQUARE FEET OF AREA OF THE BAYOU CITY EVENT CENTER BEGINNING AT THE SOUTHEAST CORNER OF THE LARGE BALLROOM AND CONTINUING WESTERLY ALONG THE SOUTH WALL A DISTANCE OF APPROXIMATELY 87 FEET AND; THENCE NORTHERLY A DISTANCE OF APPROXIMATELY 58 FEET; THEN EASTERLY APPROXIMATELY 87 FEET TO THE EAST WALL; THENCE SOUTHERLY APPROXIMATELY 59 FEE TO THE POINT OF BEGINNING, or if the preceding area is no longer the designated area, at the area most recently designated by the County Commissioner's Court.

ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES. IF YOU ARE OR YOUR SPOUSE IS SERVING ON ACTIVE MILITARY DUTY, INCLUDING ACTIVE MILITARY DUTY AS A MEMBER OF THE TEXAS NATIONAL GUARD OR THE NATIONAL GUARD OF ANOTHER STATE OR AS A MEMBER OF A RESERVE COMPONENT OF THE ARMED FORCES OF THE UNITED STATES, PLEASE SEND WRITTEN NOTICE OF THE ACTIVE DUTY MILITARY SERVICE TO THE SENDER OF THIS NOTICE IMMEDIATELY.

**THIS INSTRUMENT APPOINTS THE SUBSTITUTE TRUSTEE(S) IDENTIFIED TO SELL THE PROPERTY DESCRIBED IN THE SECURITY INSTRUMENT IDENTIFIED IN THIS NOTICE OF SALE THE PERSON SIGNING THIS NOTICE IS THE ATTORNEY OR AUTHORIZED AGENT OF THE MORTGAGEE OR MORTGAGE SERVICER.**

Mortgagee has instructed Substitute Trustee to offer the Property for sale toward the satisfaction of the Note.

Notice is given that on the Date of Sale, Substitute Trustee will offer the Property for sale at public auction at the Place of Sale, to the highest bidder for cash, "AS IS." THERE WILL BE NO WARRANTY RELATING TO TITLE, POSSESSION, QUIET ENJOYMENT, OR THE LIKE FOR THE PERSONAL PROPERTY IN THIS DISPOSITION (IF ANY). The sale will begin at the Time of Sale or not later than three hours thereafter.

BENJAMIN K. WILLIAMS, Substitute Trustee
and Attorney for Mortgage Servicer

c/o LAW OFFICE OF BEN WILLIAMS, PLLC
12710 Research Blvd., Suite 115
Austin, Texas 78759
(512) 872-6088

4

LAW OFFICE 2017-28645 / Court: 234in K. Williams
Ben Williams, PLLC                    Attorney at Law

12710 Research Blvd.  |  Ste 115  |  Austin, TX 78759         Office 512.872.6088  |  Fax 512.219.5559
                                                              bwilliams@lawbkw.com

                              April 11, 2017


832 YALE ST, LLC                    Certified Mail
Attn: Terry Fisher, Manager         7017 0530 0000 6548 6783
832 Yale Street                     Regular Mail
Houston, Texas 77007

832 YALE ST, LLC                    Certified Mail
Attn: Terry Fisher, Manager         7017 0530 0000 6548 6776
P.O. Box 7233                       Regular Mail
Houston, Texas 77248

2020 MCGOWEN, LLC                   Certified Mail
Attn: Terry Fisher, Manager         7017 0530 0000 6548 6769
832 Yale Street                     Regular Mail
Houston, Texas 77007

2020 MCGOWEN, LLC                   Certified Mail
Attn: Terry Fisher, Manager         7017 0530 0000 6548 6752
P.O. Box 7233                       Regular Mail
Houston, Texas 77248


RE:    Our Client: STALLION FUNDING, LLC (Loan Servicer)
Deed of Trust recorded in Document No. RP-2016-337280, Official Public Records
of Harris County, Texas, concerning:

Tract I:
Lots 19 and 20, in Block 246, of Houston Heights, a subdivision in Harris County,
Texas according to the map or plat thereof recorded in Volume 1, Page 114 of the
Map Records of Harris County, Texas.

Tract II:
All of Lots One (1) through Twelve (12), inclusive, Block One (1), VIEWPOINT
SQUARE REPLAT No. 2, a subdivision of 0.8597 acre, according to the map or plat
thereof, recorded under Film Code No. 674649 of the Map Records of Harris County,
Texas.

Together with all personal property described in the above-referenced deed of trust.

                                    1

                                              Exhibit "C"

Dear Mr. Fisher:

Because of the failure to cure the default under the referenced loan documents, the lender has accelerated the maturity of the note.

Demand is made for the immediate payment of all unpaid principal and all accrued but unpaid interest. Please contact the LAW OFFICE OF BEN WILLIAMS, PLLC for the current payoff information.

If the amount due is not immediately paid, the lender intends to foreclose the lien under the loan documents in accordance with the enclosed notice of sale.

If any party who receives this letter is a debtor in a bankruptcy proceeding subject to the provisions of the United States Bankruptcy Code (Title II of the United States Code) "Code", as to such party this letter is merely intended to be written notice in compliance with the note, the deed of trust securing its payment, and Texas law.  This letter is not intended to be an act to collect, assess, or recover a claim against that party, nor is this letter intended to violate any provisions of the Code.

Any and all claims STALLION FUNDING, LLC assert against that party will be properly asserted in compliance with the Code in the bankruptcy proceeding.

You are put on notice that we are attempting to collect a debt and any information obtained will be used for that purpose.

If you have any questions, please consult your legal counsel.


Sincerely,


Benjamin K. Williams


0010-171c
LoBW/Stallion/FC/2020McGowen/YaleSt&2020McGowen
BKW/kjd

2

NOTICE OF SUBSTITUTE TRUSTEE'S SALE

**DATE:**      April 11, 2017

**TRUSTEE:**   JEFF LEVA, SANDY DASIGENIS, LILLIAN POELKER, PATRICIA
POSTON, DAVID POSTON, MEGAN L. RANDLE, EBBIE MURPHY, or
BENJAMIN K. WILLIAMS

**SUBSTITUTE TRUSTEE'S ADDRESS:**      12710 Research Blvd, Ste 115
Austin, Texas 78759

**DEED OF TRUST:**

|  |  |
|---|---|
| Date: | July 29, 2016 |
| Grantor: | As to Tract I only:<br>832 YALE ST, LLC, a Texas limited liability company<br><br>As to Tract II only:<br>2020 MCGOWEN, LLC, a Texas limited liability company |
| Beneficiary: | STALLION FUNDING, LLC,<br>as to an undivided 54.93% ($1,950,000.00/$3,550,000.00) interest;<br><br>AUSTERRA STABLE GROWTH FUND, LP,<br>as to an undivided 42.25% ($1,500,000.00/$3,550,000.00) interest;<br><br>KENNETH HOLLINS,<br>as to an undivided 2.82% ($100,000.00/$3,550,000.00) interest |
| Beneficiary's Mailing Address: | c/o Stallion Funding, LLC<br>12710 Research Blvd, Ste 115<br>Austin, Texas 78759 |
| Trustee: | BENJAMIN K. WILLIAMS |
| Recording Information: | Document No. 2016337280, Official Public Records,<br>Harris County, Texas |
| Property: | |

Tract I:
Lots 19 and 20, in Block 246, of Houston Heights, a subdivision in Harris County,
Texas according to the map or plat thereof recorded in Volume 1, Page 114 of the
Map Records of Harris County, Texas.

1

Tract II:
All of Lots One (1) through Twelve (12), inclusive, Block One (1), VIEWPOINT SQUARE REPLAT No. 2, a subdivision of 0.8597 acre, according to the map or plat thereof, recorded under Film Code No. 674649 of the Map Records of Harris County, Texas.

Together with the following personal property:

All fixtures, supplies, building materials, and other goods of every nature now or hereafter located, used, or intended to be located or used on the Property;

All plans and specifications for development of or construction of improvements on the Property;

All contracts and subcontracts relating to the construction of improvements on the Property;
All accounts, contract rights, instruments, documents, general intangibles, and chattel paper arising from or by virtue of any transactions relating to the Property;

All permits, licenses, franchises, certificates, and other rights and privileges obtained in connection with the Property;

All proceeds payable or to be payable under each policy of insurance relating to the Property; and

All products and proceeds of the foregoing.

Notwithstanding any other provision in this deed of trust, the term "Property" does not include personal effects used primarily for personal, family, or household purposes.

**NOTE:**

|  |  |
|---|---|
| Date: | July 29, 2016 |
| Amount: | $3,550,000.00 |
| Debtor: | As to Tract I only:<br>832 YALE ST, LLC, a Texas limited liability company |
|  | As to Tract II only:<br>2020 MCGOWEN, LLC, a Texas limited liability company |
| Holder: | STALLION TEXAS REAL ESTATE FUND, LLC,<br>as to an undivided 49.73% ($1,765,500.00/$3,550,000.00) interest; |

AUSTERRA STABLE GROWTH FUND, LP,
as to an undivided 42.25% ($1,500,000.00/$3,550,000.00) interest;

KENNETH HOLLINS,
as to an undivided 2.82% ($100,000.00/$3,550,000.00) interest

RAYMOND ZAPLATAR,
as to an undivided 2.82% ($100,000.00/$3,550,000.00) interest

ROBERT PETERSON,
as to an undivided 1.41% ($50,000.00/$3,550,000.00) interest

MAHVASH NINAUD,
as to an undivided 0.97% ($34,500.00/$3,550,000.00) interest

**DATE OF SALE OF PROPERTY:**

Tuesday, May 2, 2017 at 10:00 a.m.

**PLACE OF SALE OF PROPERTY:**

APPROXIMATELY 5,050 SQUARE FEET OF AREA OF THE BAYOU CITY EVENT CENTER BEGINNING AT THE SOUTHEAST CORNER OF THE LARGE BALLROOM AND CONTINUING WESTERLY ALONG THE SOUTH WALL A DISTANCE OF APPROXIMATELY 87 FEET AND; THENCE NORTHERLY A DISTANCE OF APPROXIMATELY 58 FEET; THEN EASTERLY APPROXIMATELY 87 FEET TO THE EAST WALL; THENCE SOUTHERLY APPROXIMATELY 59 FEE TO THE POINT OF BEGINNING, or if the preceding area is no longer the designated area, at the area most recently designated by the County Commissioner's Court.

ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES. IF YOU ARE OR YOUR SPOUSE IS SERVING ON ACTIVE MILITARY DUTY, INCLUDING ACTIVE MILITARY DUTY AS A MEMBER OF THE TEXAS NATIONAL GUARD OR THE NATIONAL GUARD OF ANOTHER STATE OR AS A MEMBER OF A RESERVE COMPONENT OF THE ARMED FORCES OF THE UNITED STATES, PLEASE SEND WRITTEN NOTICE OF THE ACTIVE DUTY MILITARY SERVICE TO THE SENDER OF THIS NOTICE IMMEDIATELY.

**THIS INSTRUMENT APPOINTS THE SUBSTITUTE TRUSTEE(S) IDENTIFIED TO SELL THE PROPERTY DESCRIBED IN THE SECURITY INSTRUMENT IDENTIFIED IN THIS NOTICE OF SALE THE PERSON SIGNING THIS NOTICE IS THE ATTORNEY OR AUTHORIZED AGENT OF THE MORTGAGEE OR MORTGAGE SERVICER.**

Mortgagee has instructed Substitute Trustee to offer the Property for sale toward the satisfaction of the Note.

Notice is given that on the Date of Sale, Substitute Trustee will offer the Property for sale at public auction at the Place of Sale, to the highest bidder for cash, "AS IS." THERE WILL BE NO WARRANTY RELATING TO TITLE, POSSESSION, QUIET ENJOYMENT, OR THE LIKE FOR THE PERSONAL PROPERTY IN THIS DISPOSITION (IF ANY). The sale will begin at the Time of Sale or not later than three hours thereafter.

BENJAMIN K. WILLIAMS, Substitute Trustee and Attorney for Mortgage Servicer

c/o LAW OFFICE OF BEN WILLIAMS, PLLC
12710 Research Blvd., Suite 115
Austin, Texas 78759
(512) 872-6088

4

# 2017-28645 / Court: 234

## ESCROW AGREEMENT
### *(Post Closing)*

| | |
|---|---|
| Date: | December _30_, 2015 |
| Borrower's Name and Mailing Address: | 2020 MCGOWEN, LLC, a Texas limited liability company |
| | 832 Yale Street<br>Houston, Texas 77007 |
| Lender's Name and Mailing Address | STALLION FUNDING, LLC<br>as to an undivided 75.59% ($1,254,000.00/$1,659,000.00) interest |
| | SCOT HILL AND LISA HILL<br>as to an undivided 6.03% ($100,000.00/$1,659,000.00) interest |
| | MELISSA ZAPLATAR<br>as to an undivided 6.03% ($100,000.00/$1,659,000.00) interest |
| | EQUITY TRUST CO CUSTODIAN FBO RICHARD ALLAN FROOM IRA 112932<br>as to an undivided 4.22% ($70,000.00/$1,659,000.00) interest |
| | SURESH PENIKALAPATI<br>as to an undivided 3.01% ($50,000.00/$1,659,000.00) interest |
| | CHARLES TURNER<br>as to an undivided 3.01% ($50,000.00/$1,659,000.00) interest |
| | GENE SWANBERG<br>as to an undivided 2.11% ($35,000.00/$1,659,000.00) interest |
| | c/o STALLION FUNDING, LLC<br>12710 Research Blvd., Suite 115<br>Austin, Texas 78759 |
| Property: | 2020 McGowen Avenue (Lots 18-23), Houston, Texas 77004 |
| Escrow Agent: | STALLION FUNDING, LLC |
| Escrow Agent's Mailing Address: | 12710 Research Blvd., Suite 115<br>Austin, Texas 78759 |

This Escrow Agreement arises out of and as part of the settlement of a Loan from Lender.

*Escrow Fees.*

1. For each draw request up to ten (10) draws, there will be a charge of **$0.00**. For each draw request thereafter, **$150.00** shall be deducted by Escrow Agent from the remaining funds.

*Escrow Funds:*

1. Escrow Agent hereby acknowledges receipt of funds (or the commitment of Lender to deliver such funds in stages) in the amount of **$1,230,000.00** and shall deposit same in

   ☒ its standard escrow account, on which interest is not earned by any party

2. The undersigned hereby release Escrow Agent from any liability and assume all responsibility for any loss to the undersigned, which may result from a lack of FDIC insurance for this investment in excess of $250,000. The undersigned acknowledge that, in calculating the amount of available

Exhibit "D"

insurance, the FDIC will consolidate this investment with all other funds of the undersigned which are on deposit with the above designated financial institution.

Purpose of Escrow:

3.  To provide for new construction of six (6) single family residences on the Property in the amount of **$1,230,000.00** and interest carry reserve in the amount of **$0.00.**

4.  With respect to the performance of all parties, time is of the essence in the performance of this Escrow Agreement.

*Term of Escrow and Disbursement Instructions:*

5.  *Method of disbursement.*

    ☐   Escrow Funds are to disbursed at the end of the escrow period in a single lump sum.

    ☒   Escrow Funds are to be disbursed periodically over the escrow term in installments.

6.  *Specific Disbursement Instructions:*

(a)  Funds will be released for each disbursement by Escrow Agent when:

    1.  Borrower submits a draw request on the approved form for 100% completed work;

    2.  Work has been inspected and approved by the designated inspector;

    3.  If requested, receipts for labor and/or materials, and/or lien waivers are submitted; and

    4.  Borrower is not in default of the loan agreement at such time, nor any other loan that Borrower or Guarantor may have with one of the Lenders.

(b)  **Special Provision:** Borrower must submit a Draw Request and/or communicate to Lender or to Stallion Funding, LLC an update on the property and improvements made thereof within 45 days from the time of this loan funding or at Lender's discretion this may be deemed a default to the loan agreement (due to inactivity) and an inspector may be sent to the subject property at Borrower's sole expense for a site inspection. In addition, if such default occurs, Borrower understands that he is fully responsible for the monthly interest payment (including monthly taxes and insurance) even if there is an Interest Carry account set up by Lender or its agent at the time of closing. Borrower understands that the monthly payments will NOT be paid from the Interest Carry account until improvements satisfactory to Lender or its agent are once again made to the Property.

(c)  Funds are to be released for each of the disbursements upon Escrow Agent receiving written and/or e-mail authorizations for the release of funds from Stallion Funding, LLC. **The Borrower's consent, agreement, authorization and/or signature shall not be required for the release of escrow funds by Escrow Agent upon receiving the authorizations from the representatives of Lender as stated above.**

    NOTE: All parties agree that no signatures will be required and that email communication alone is sufficient.

7.  This escrow is anticipated to end on or before 365 days from closing date. In the event that all funds are not used for repairs by such deadline or have not been disbursed by such deadline, whether due to work delays or due to disputes between the parties hereto, any remaining balance of the Escrow Funds shall be returned to Lender by Escrow Agent, without further notice to and/or consent or agreement from the Borrower. Borrower acknowledges that Escrow Agent shall return all Escrow Funds to Lender at the end of the 365-day period following the closing, and that such disbursement is not contingent upon written or verbal approval of the Borrower and Borrower shall have no recourse on Escrow Agent for releasing the balance of the Escrow Funds in accordance with this paragraph.

*Duties of Escrow Agent.*

8.     The Escrow Agent does not assume and shall not be under liability on account of performance or nonperformance of any party to the agreement.

*Adverse Claims.*

9.     In the event that Escrow Agent receives conflicting instructions from the representatives for the Lender and the Borrower, Escrow Agent shall be fully authorized and shall incur no liability whatsoever in refusing to comply with any disbursement instruction(s) from the Borrower and returning the Escrow Funds to the Lender.

10.    Escrow Agent may consult with legal counsel in the event of any dispute, questions as to the construction of the foregoing instructions, or Escrow Agent's duties hereunder, and Escrow Agent shall incur no liability and shall be fully protected in acting in accordance with the opinion and instructions of such counsel.

*Exculpation.*

11.    This Escrow Agreement shall be liberally construed in the interest of, and for the protection of, Escrow Agent. No implied covenants or obligations shall be enforceable against Escrow Agent. Any general language contained herein shall not be construed to be limited by specific language herein set forth.

12.    Escrow Agent is not a party to, and is not bound by or charged with notice of, any agreement or document out of which this Escrow Agreement may arise. Escrow Agent shall not be bound by any agreement to which it is not a party.

13.    Escrow Agent shall be protected in acting upon any notice, request, waiver, consent, receipt or other paper of document believed by Escrow Agent to be genuine and to be signed by the proper party or parties.

14.    Escrow Agent shall not be liable for any error of judgment or for any act done or step taken or omitted by it in good faith, or for any mistake of fact or law, or for anything which it may do or refrain from doing in connection herewith, except its own willful misconduct, and Escrow Agent shall have no duties to anyone except those signing this agreement.

15.    Escrow Agent shall not be responsible for any loss or delay occasioned by the closure or insolvency of the financial institution into which Escrow Agent deposited the Escrow Funds.

16.    Escrow Agent shall not be responsible for the dishonor of any check, money order, draft, negotiable instrument, or other financial document, received as Escrow Funds by Escrow Agent under this Escrow Agreement.

*Indemnity.*

17.    The parties hereto do hereby jointly and severally agree that Escrow Agent shall incur no liability whatsoever in connection with its good faith performance under this Escrow Agreement. The Parties do hereby jointly and severally release and waive any claims they may have against Escrow Agent which may result from this performance in good faith of its functions under this Agreement. Escrow Agent shall be liable only for loss or damage caused directly by its acts of gross negligence while performing as Escrow Agent under this agreement. Specifically, Escrow Agent shall have no liability for any loss, damage, costs, or attorney fees, resulting from a delay in the electronic wire transfer of funds, unless said loss is caused by the direct result of Escrow Agent's gross negligence.

18.    In the event that Escrow Agent performs any service not specifically provided hereinabove, or that there is any assignment or attachment of any interest in the subject matter of this escrow or any modification thereof, or that any controversy arises hereunder, or that Escrow Agent is made a party to, or intervenes in, any litigation pertaining to this escrow or the subject matter thereof, Escrow Agent shall be reasonably compensated therefor and reimbursed for all costs and

expenses occasioned thereby, and the parties hereto agree jointly and severally to pay the same, to indemnify Escrow Agent against any loss, liability or expense incurred in any act or thing done by it hereunder, it being understood and agreed that Escrow Agent may interplead the subject matter of this escrow into any court of competent jurisdiction, and the act of such interpleader shall immediately relieve Escrow Agent of its duties, liabilities and responsibilities hereunder.

19.     The undersigned agree to save and hold harmless Escrow Agent from any liability arising under and as a result of this Escrow Agreement, and further agree that Escrow Agent may, at its option, require the receipt, release and authorization in writing of all parties before paying money or delivering or redelivering documents or property to any party or to third parties.  Escrow Agent shall not be liable for any interest or other charges on the money held by it.  The undersigned further agree that Escrow Agent shall have no liability whatsoever with respect to any unpaid bills and/or mechanic lien claims relating to the repair work to be performed on the property after closing.

*Additional Terms.*

20.     *Severability.*  If part of this Agreement is adjudged invalid, the remaining parts are not affected.

21.     *Notices.*  All notices under this agreement shall be in writing and shall be given to the Parties at the addresses specified herein.  Notices shall be delivered to the recipient or mailed.  Time periods related to mail notice begin when it is deposited in the United States mail properly addressed with sufficient first class (or better) postage to reach its destination. The place where notice is given under this section may be changed from time to time by the Party entitled to receive it in the same manner that notice is given.  Notice given before a change is not invalidated by the change.

22.     *Entire Agreement.* The foregoing terms constitute the entire agreement between the parties and this agreement shall not be modified, changed or amended by any subsequent written or oral agreement unless agreed to in writing by Escrow Agent.

23.     *Governing Law.*  This agreement shall be governed by the laws of the State of Texas.

| Borrower | Lender |
|---|---|
| 2020 MCGOWEN, LLC,<br>a Texas limited liability company | STALLION FUNDING, LLC, as to an undivided 75.59% ($1,254,000.00/$1,659,000.00) interest |
| | SCOT HILL AND LISA HILL, as to an undivided 6.03% ($100,000.00/$1,659,000.00) interest |
| | MELISSA ZAPLATAR, as to an undivided 6.03% ($100,000.00/$1,659,000.00) interest |
| | EQUITY TRUST CO CUSTODIAN FBO RICHARD ALLAN FROOM IRA 112932, as to an undivided 4.22% ($70,000.00/$1,659,000.00) interest |
| | SURESH PENIKALAPATI, as to an undivided 3.01% ($50,000.00/$1,659,000.00) interest |
| | CHARLES TURNER, as to an undivided 3.01% ($50,000.00/$1,659,000.00) interest |
| | GENE SWANBERG, as to an undivided 2.11% ($35,000.00/$1,659,000.00) interest |

By: _____
Terry J. Fisher, Manager

By: _____

Escrow Agent

Stallion Funding, LLC


By: _____


0010-135
LoBW/STALLION/2020McGowen18-23.2020McGowen
BKW/gcm

# 2017-28645 / Court: 234

## ESCROW AGREEMENT
### *(Post Closing)*

Date:                           July 29, 2016

Borrower's Name and            As to Tract I only:
Mailing Address:               832 YALE ST, LLC, a Texas limited liability company

                               As to Tract II only:
                               2020 McGowen, LLC, a Texas limited liability company

Lender's Name and              832 Yale Street
Mailing Address                Houston, Texas 77007

                               STALLION FUNDING, LLC,
                               as to an undivided 54.93% ($1,950,000.00/$3,550,000.00) interest;

                               AUSTERRA STABLE GROWTH FUND, LP,
                               as to an undivided 42.25% ($1,500,000.00/$3,550,000.00) interest;

                               KENNETH HOLLINS,
                               as to an undivided 2.82% ($100,000.00/$3,550,000.00) interest;

                               c/o STALLION FUNDING, LLC
                               12710 Research Blvd., Suite 115
                               Austin, Texas 78759


Property:                      Tract I: 832 Yale Street, Houston, Texas 77007
                               Tract II: 2020 McGowen Avenue (Lots 18-23), Houston, Texas 77004
Escrow Agent:                  STALLION FUNDING, LLC

Escrow Agent's                 12710 Research Blvd., Suite 115
Mailing Address:               Austin, Texas 78759

This Escrow Agreement arises out of and as part of the settlement of a Loan from Lender.

*Escrow Fees:*

1.      For each draw request $150.00 shall be deducted by Escrow Agent from the remaining funds.

*Escrow Funds:*

1.      Escrow Agent hereby acknowledges receipt of funds (or the commitment of Lender to deliver such funds in stages) in the amount of **$2,661,250.00** and shall deposit same in

        [x] its standard escrow account, on which interest is not earned by any party

2.      The undersigned hereby release Escrow Agent from any liability and assume all responsibility for any loss to the undersigned, which may result from a lack of FDIC insurance for this investment in excess of $250,000.  The undersigned acknowledge that, in calculating the amount of available insurance, the FDIC will consolidate this investment with all other funds of the undersigned which are on deposit with the above designated financial institution.

Exhibit "E"

Purpose of Escrow:

3. To provide for new construction of twelve (12) townhomes on Tract II in the amount of **$2,661,250.00** and interest carry reserve in the amount of **$0.00.**

4. With respect to the performance of all parties, time is of the essence in the performance of this Escrow Agreement.

*Term of Escrow and Disbursement Instructions:*

5. *Method of disbursement:*

   ☐ Escrow Funds are to disbursed at the end of the escrow period in a single lump sum.

   ☒ Escrow Funds are to be disbursed periodically over the escrow term in installments.

6. *Specific Disbursement Instructions:*

(a) Funds will be released for each disbursement by Escrow Agent when:

   1. Borrower submits a draw request on the approved form for 100% completed work;

   2. Work has been inspected and approved by the designated inspector;

   3. If requested, receipts for labor and/or materials, and/or lien waivers are submitted; and

   4. Borrower is not in default of the loan agreement at such time, nor any other loan that Borrower or Guarantor may have with one of the Lenders.

(b) **Special Provision:** Borrower must submit a Draw Request and/or communicate to Lender or to Stallion Funding, LLC an update on the property and improvements made thereof within 45 days from the time of this loan funding or at Lender's discretion this may be deemed a default to the loan agreement (due to inactivity) and an inspector may be sent to the subject property at Borrower's sole expense for a site inspection. In addition, if such default occurs, Borrower understands that he is fully responsible for the monthly interest payment (including monthly taxes and insurance) even if there is an Interest Carry account set up by Lender or its agent at the time of closing. Borrower understands that the monthly payments will NOT be paid from the Interest Carry account until improvements satisfactory to Lender or its agent are once again made to the Property.

(c) Funds are to be released for each of the disbursements upon Escrow Agent receiving written and/or e-mail authorizations for the release of funds from Stallion Funding, LLC. **The Borrower's consent, agreement, authorization and/or signature shall <u>not</u> be required for the release of escrow funds by Escrow Agent upon receiving the authorizations from the representatives of Lender as stated above.**

   NOTE: All parties agree that no signatures will be required and that email communication alone is sufficient.

7. This escrow is anticipated to end on or before 365 days from closing date. In the event that all funds are not used for repairs by such deadline or have not been disbursed by such deadline, whether due to work delays or due to disputes between the parties hereto, any remaining balance of the Escrow Funds shall be returned to Lender by Escrow Agent, without further notice to and/or consent or agreement from the Borrower. Borrower acknowledges that Escrow Agent shall return all Escrow Funds to Lender at the end of the 365-day period following the closing, and that such disbursement is not contingent upon written or verbal approval of the Borrower and Borrower shall have no recourse on Escrow Agent for releasing the balance of the Escrow Funds in accordance with this paragraph.

*Duties of Escrow Agent.*

8.     The Escrow Agent does not assume and shall not be under liability on account of performance or nonperformance of any party to the agreement.

*Adverse Claims.*

9.     In the event that Escrow Agent receives conflicting instructions from the representatives for the Lender and the Borrower, Escrow Agent shall be fully authorized and shall incur no liability whatsoever in refusing to comply with any disbursement instruction(s) from the Borrower and returning the Escrow Funds to the Lender.

10.    Escrow Agent may consult with legal counsel in the event of any dispute, questions as to the construction of the foregoing instructions, or Escrow Agent's duties hereunder, and Escrow Agent shall incur no liability and shall be fully protected in acting in accordance with the opinion and instructions of such counsel.

*Exculpation.*

11.    This Escrow Agreement shall be liberally construed in the interest of, and for the protection of, Escrow Agent. No implied covenants or obligations shall be enforceable against Escrow Agent. Any general language contained herein shall not be construed to be limited by specific language herein set forth.

12.    Escrow Agent is not a party to, and is not bound by or charged with notice of, any agreement or document out of which this Escrow Agreement may arise. Escrow Agent shall not be bound by any agreement to which it is not a party.

13.    Escrow Agent shall be protected in acting upon any notice, request, waiver, consent, receipt or other paper of document believed by Escrow Agent to be genuine and to be signed by the proper party or parties.

14.    Escrow Agent shall not be liable for any error of judgment or for any act done or step taken or omitted by it in good faith, or for any mistake of fact or law, or for anything which it may do or refrain from doing in connection herewith, except its own willful misconduct, and Escrow Agent shall have no duties to anyone except those signing this agreement.

15.    Escrow Agent shall not be responsible for any loss or delay occasioned by the closure or insolvency of the financial institution into which Escrow Agent deposited the Escrow Funds.

16.    Escrow Agent shall not be responsible for the dishonor of any check, money order, draft, negotiable instrument, or other financial document, received as Escrow Funds by Escrow Agent under this Escrow Agreement.

*Indemnity.*

17.    The parties hereto do hereby jointly and severally agree that Escrow Agent shall incur no liability whatsoever in connection with its good faith performance under this Escrow Agreement.  The Parties do hereby jointly and severally release and waive any claims they may have against Escrow Agent which may result from this performance in good faith of its functions under this Agreement.  Escrow Agent shall be liable only for loss or damage caused directly by its acts of gross negligence while performing as Escrow Agent under this agreement.  Specifically, Escrow Agent shall have no liability for any loss, damage, costs, or attorney fees, resulting from a delay in the electronic wire transfer of funds, unless said loss is caused by the direct result of Escrow Agent's gross negligence.

18.    In the event that Escrow Agent performs any service not specifically provided hereinabove, or that there is any assignment or attachment of any interest in the subject matter of this escrow or any modification thereof, or that any controversy arises hereunder, or that Escrow Agent is made a party to, or intervenes in, any litigation pertaining to this escrow or the subject matter thereof, Escrow Agent shall be reasonably compensated therefor and reimbursed for all costs and expenses occasioned thereby, and the parties hereto agree jointly and severally to pay the same, to indemnify Escrow Agent against any loss, liability or expense incurred in any act or thing done

by it hereunder, it being understood and agreed that Escrow Agent may interplead the subject matter of this escrow into any court of competent jurisdiction, and the act of such interpleader shall immediately relieve Escrow Agent of its duties, liabilities and responsibilities hereunder.

19. The undersigned agree to save and hold harmless Escrow Agent from any liability arising under and as a result of this Escrow Agreement, and further agree that Escrow Agent may, at its option, require the receipt, release and authorization in writing of all parties before paying money or delivering or redelivering documents or property to any party or to third parties. Escrow Agent shall not be liable for any interest or other charges on the money held by it. The undersigned further agree that Escrow Agent shall have no liability whatsoever with respect to any unpaid bills and/or mechanic lien claims relating to the repair work to be performed on the property after closing.

*Additional Terms.*

20. *Severability.* If part of this Agreement is adjudged invalid, the remaining parts are not affected.

21. *Notices.* All notices under this agreement shall be in writing and shall be given to the Parties at the addresses specified herein. Notices shall be delivered to the recipient or mailed. Time periods related to mail notice begin when it is deposited in the United States mail properly addressed with sufficient first class (or better) postage to reach its destination. The place where notice is given under this section may be changed from time to time by the Party entitled to receive it in the same manner that notice is given. Notice given before a change is not invalidated by the change.

22. *Entire Agreement.* The foregoing terms constitute the entire agreement between the parties and this agreement shall not be modified, changed or amended by any subsequent written or oral agreement unless agreed to in writing by Escrow Agent.

23. *Governing Law.* This agreement shall be governed by the laws of the State of Texas.


Borrower

As to Tract I only:
832 YALE ST, LLC,
a Texas limited liability company

As to Tract II only:
2020 McGowen, LLC,
a Texas limited liability company

Lender

STALLION FUNDING, LLC,
as to an undivided 54.93%
($1,950,000.00/$3,550,000.00) interest;

AUSTERRA STABLE GROWTH FUND, LP,
as to an undivided 42.25%
($1,500,000.00/$3,550,000.00) interest;

KENNETH HOLLINS,
as to an undivided 2.82%
($100,000.00/$3,550,000.00) interest;


By:_____
        Terry J. Fisher, Manager

By:_____


Escrow Agent

Stallion Funding, LLC


By: _____

0010-171
LoBW/STALLION/2020McGowen1-12,2020McGowen
BKW/kjd