IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | | |
|---|---|---|---|
| IN RE: | § | | |
| | § | | |
| 2020 McGowan, LLC | § | CASE NO. | 17-32788-H2-11 |
| | § | CHAPTER | 11 |
| | § | | |
| **DEBTOR** | § | | |

## DEBTOR'S EMERGENCY APPLICATION TO APPROVE AND ALLOW SALE OF PROPERTY FREE AND CLEAR OF LIENS

**THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**COMES NOW**, 2020 McGowan, LLC, Debtor and Debtor-In Possession and files its *Emergency Application to Approve and Allow Sale Free And Clear Of Liens*, and would respectfully show the court as follows:

## SUMMARY OF MOTION

1. This voluntary Chapter 11 was filed on May 1, 2017.
2. The Debtor owns and is in the process of improving real estate.
3. The Debtor currently owns three (3) separate contiguous tracts of land, with each tract comprised of multiple lots.
4. The Debtor is currently constructing single family homes/townhomes on eac tract, with the homes on each tract at different stages of completion.
5. Stallion Funding, LLC asserts a separate lien on each of the three tracts.
6. Debtor has received an offer to purchase on tract, with its improvements, as is at the current state of construction.
7. The Debtor believes that the offer is reasonable, at or near the market price for the units, and is seeking permission to sell the units free and clear of all claims and interests.

## EMERGENCY CONSIDERATION

1. The Debtor requests emergency consideration of this Motion.
2. The purchaser, TX RE Opportunity Fund, LLC, and the Debtor seek an immediate closing date (on or before December 28, 2017), and the Purchase and Sale Agreement require court approval.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a). This matter is a core-proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (N), and (O).
4. Venue is proper in this District pursuant to 28 U.S.C. § 1408.

5. The Court has constitutional authority to enter a final order with respect to this Motion. The sale of property of the estate under 11 U.S.C. § 363(b) has no equivalent in state law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable. See *In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing See Stern v. Marshall, 131 S.Ct. 2594, (2011)). In the alternative, the sale of estate property outside the ordinary course of business is an essential bankruptcy matter which triggers the "public rights" exception. See *id*. The Debtor consents to the constitutional authority of this Court to enter a final order regarding the proposed sale.

**RELIEF REQUESTED**

8. Debtor requests permission to sell Lots Thirteen (13) through Seventeen (17), inclusive, of Block One (1) VIEWPOINT SQUARE REPLAT No. 2, a subdivision in Harris County, Texas, according to the map or plat thereof recorded in Film Code No. 674645 of the Map Records of Harris County, Texas ("Property").
9. TX RE Opportunity Fund, LLC has offered to buy the Property, as is, for a price of $925,000.00.
10. The sale of the assets is governed by the proposed Agreement attached hereto. See Exhibit A.
11. Stallion Funding, LLC asserts a lien on the Property. The Debtor is requesting the sale be free and clear of liens, with any interest that Stallion has in the Property attaching to the proceeds of the sale.
12. The Debtor seeks to sell the Property pursuant to 11 U.S.C. § 363(b) and (f).
13. A sale of estate property outside the ordinary course of business may be allowed, but the Debtor must articulate a sound business reason for the sale and show that the sale is in the best interest of the estate (*i.e.* that it is fair and reasonable), that the sale has been negotiated and proposed in good faith, that

the purchaser is proceeding in good faith, and that the sale is an arms-length transaction. See, e.g., *In re Continental Airlines, Inc.*, 780 F.2d 1223, 1225 (5th Cir. 1986).

14. The business justification for a sale must be considered on a case-by-case basis. *Id.* at 1226. In evaluating such a sale, the Court must balance the need for flexibility with the concerns of affected creditors. *In re Terace Gardens Park Partnership,* 96 B.R. 707, 715 (Bankr. W.D. Tex. 1989). The Court must also determine that creditors' lien rights are adequately protected and that the offered price is the highest price obtainable under the circumstances in the particular case. *Id.*; *In re Beker Indus. Corp.*, 63 B.R. 474, 477-479 (Bankr. S.D.N.Y. 1986).

15. The Bankruptcy Code provides that property may be sold free and clear of "any interest in such property other than the estate" only if certain conditions are met. 11 U.S.C. § 363(f). These conditions are as follows:
    a. applicable non-bankruptcy law permits the sale of such property free and clear of such interests;
    b. such entity consents;
    c. such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
    d. such interest is in bona fide dispute; or
    e. such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

16. The proposed sale will result in $925,000 in gross proceeds. Currently, it is unknown what the claimed outstanding amount of the claim of Stallion Funding is. Based upon the condition and the stage of construction of the lots, the Debtor believes the sale to be the best and highest available use of the assets at this time. As such, the sale is in the best interest of the estate.

17. The Debtor further requests that the stay otherwise imposed by Fed. R. Bankr. P. 6004(g) be waived so that the sale may proceed and close immediately.

18. Accordingly, the Debtor respectfully requests that the Court: (a) approve the sale of the Property pursuant to the terms of the attached contract, and (b) award such other and further relief to which the Debtor may be justly entitled.

**WHEREFORE**, Debtor requests that the Court enter an order authorizing the sale of the Property to TX RE Opportunity Fund, LLC according to the terms contained herein, and to grant such other and further relief, at law or in equity, to which the Debtor may be justly entitled.

Dated: December 20, 2017

Respectfully submitted,
By: /s/Johnie Patterson
Johnie Patterson
SBN #15601700
PROPOSED COUNSEL FOR THE DEBTOR

OF COUNSEL:
Walker & Patterson, P.C.
P.O. Box 61301
Houston, TX 77208-1301
(713)956-5577 Phone
(713)956-5570 Fax

## CERTIFICATE OF SERVICE

I, Johnie Patterson, hereby certify that a true and correct copy of the foregoing Emergency Application to Sell will be served upon the entities on the attached list by U.S. first class mail, postage prepaid or by electronic transmission, on December 21, 2017.

/s/Johnie Patterson
Johnie Patterson