T-0084.1

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| 2020 MCGOWAN, LLC | § | CASE NO. 17-32788-H2-11 |
| | § | CHAPTER 11 |
| | § | |
| | § | |
| DEBTOR | § | |

## STALLION TEXAS REAL ESTATE FUND, LLC'S OBJECTION AND RESPONSE TO DEBTOR'S EMERGENCY APPLICATION TO APPROVE AND ALLOW SALE OF PROPERTY FREE AND CLEAR OF LIENS

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Stallion Texas Real Estate Fund, LLC ("Stallion"), a secured creditor and party-in-interest herein, files this OBJECTION AND RESPONSE TO THE EMERGENCY APPLICATION TO APPROVE AND ALLOW SALE OF PROPERTY FREE AND CLEAR OF LIENS (Doc. No. 53) filed by 2020 McGowan, LLC, Debtor herein, and would respectfully show the Court the following:

1.     Although Debtor filed its voluntary petition commencing these proceedings on May 1, 2017, Debtor has yet to file either a plan of reorganization or a disclosure statement for any such plan.  Moreover, Debtor's belatedly-filed operating reports reflect that Debtor has not generated any income since filing its petition and, thus, Debtor appears unlikely to be able to even file, much less have confirmed, a viable plan of reorganization.

2.     As it states in its EMERGENCY MOTION, Debtor owns three (3) contiguous tracts of land which, prior to the commencement of these proceedings, Debtor had begun to develop for town homes.

3.     Debtor seeks this Court's approval to sell, free and clear of liens, one of those tracts consisting of Lots 13-17, Block 1, Viewpoint Square Replat No. 2, a subdivision in Harris County,

1

T-0084.2

Texas, according to the map or plat thereof recorded in Film Code No. 674645 of the Map Records of Harris County, Texas ("Property").

4.      Stallion is the owner and holder of a Promissory Note (the "Note"), which presently has a funded principal balance of some $1,300,000.00 excluding accrued but unpaid interest. The Note is secured by a Deed of Trust and Security Agreement which grants Stallion a first and prior lien on the Property.

5.      Stallion objects to the sale of the Property free and clear of Stallion's lien for several reasons. First, Stallion intends to prove that the fair market value of the Property is greatly in excess of the $925,000.00 purchase price offered by TX RE Opportunity Fund, LLC (the "Proposed Purchaser"). Debtor has not provided this Court with any appraisal reflecting the contrary.

6.      Second, Debtor has not alleged in its Motion that it has previously attempted to market the Property to any other person or entity in order to obtain the best and highest price for the Property.

7.      Third, Debtor has not offered any reason in its Motion why, after seven months of inactivity in these proceedings, closing of the proposed sale must be accomplished no later than December 28, 2017, only a week after Debtor filed its Motion. The Court should note, as well, that according to the contract attached as an exhibit to the Motion, the Proposed Purchaser purportedly made its offer to purchase the Property on **December 13, 2017**, but Debtor delayed eight (8) days before filing its "Emergency Motion" seeking approval of the offer and sale. Debtor has thus manufactured an "emergency" where no emergency existed or still exists.

8.      Finally, none of the prerequisites set forth in 11 U.S.C. § 363(f) apply to the circumstances before this Court. Specifically, (a) Debtor has not even alleged, nor can it show, that any applicable nonbankruptcy law permits the sale of the Property free and clear of Stallion's

2

T-0084.3

lien, (b) Stallion has not consented to the proposed sale, (c) the proposed sales price is far less than the value of Stallion's lien on the Property, (d) there is no bona fide dispute over the validity and extent of Stallion's lien, and (e) Debtor has not even alleged, nor can it show, that Stallion could be compelled, in any legal or equitable proceeding, to accept less than the full value of its lien (i.e., the balance of the Note).

9.      In the event that the Court is inclined to grant the Motion, Stallion requests that the Court require Debtor to provide Stallion with adequate protection for the value of its lien.

10.      Stallion further requests that the Court deny Debtor's request that the stay otherwise imposed by Fed.R.Bankr.P. 6004(g) be waived in the event that the Court should grant the Motion and Stallion files a timely appeal.

*WHEREFORE, PREMISES CONSIDERED,* Stallion respectfully requests that the Court in all things deny the Motion.

**SIGNED** this 21st day of December, 2017.

Respectfully submitted,

**FRANK, ELMORE, LIEVENS, CHESNEY & TURET, L.L.P.**

William S. Chesney, III
State Bar No. 04186550
William L. Van Fleet
State Bar No. 20494750
9225 Katy Freeway, Ste. 250
Houston, Texas 77024-1564
Telephone: 713.224.9400
Facsimile: 713.224.0609
Email: wchesney@felct.com

**ATTORNEYS FOR STALLION TEXAS REAL ESTATE FUND, L.L.C.**

3

T-0084.4

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that a true and correct copy of the foregoing

WITNESS AND EXHIBIT LIST has been forwarded by **ECF** to:

Larry A. Vick
10497 Town & Country Way, Ste 700
Houston, Texas 77024

Johnie J. Patterson
Walker and Patterson, P.C.
4815 Dacoma
Houston, Texas 77092

Hector Duran
U.S. Trustee's Office
515 Rusk, Ste. 3516
Houston, Texas77002

**SIGNED** this 21st day of December, 2017.

William S. Chesney, III

4