T-0158.1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **2020 MCGOWEN, L.L.C.,** | § | CASE NO. 17-32788-H2-7 |
| | § | |
| **Debtor** | § | |
| _____ | § | |

## MOTION OF STALLION FUNDING, L.L.C. ET AL. FOR
## APPROVAL OF INFORMAL PROOFS OF CLAIM

> THIS MOTION SEEKS AND ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.
>
> REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

**COMES NOW**, Stallion Texas Real Estate Fund, L.L.C.; Stallion Funding, L.L.C., Scot Hill and Lisa Hill, Melissa Zaplatar, Equity Trust Co., Suresh Penikalapati, Charles Turner and Gene Swanberg; and, Stallion Funding, L.L.C., Austerra Stable Growth Fund, L. P., and Kenneth Hollins, secured creditors (collectively "Stallion" or "Movants"), and files this their MOTION FOR APPROVAL OF INFORMAL PROOFS OF CLAIM, and would respectfully state to the Court as follows:

### Background/Stallion's Pleadings, Motions etc.

1.    Debtor filed a Voluntary Chapter 7 Bankruptcy on May 1, 2017.   Debtor subsequently filed a Motion to Convert from Chapter 7 Case to Chapter 11 Case on May 25, 2017; the Case was converted to a Chapter 11 by this court's Order entered on August 9, 2017. [Doc. 21]

T-0158.2

2.      Stallion holds perfected security interests in certain real properties by three (3) separate deeds of trust/promissory notes that are part of the bankruptcy estate of Debtor and not claimed as exempt by Debtor.

3.      Stallion has pursued its claims against Debtor through pleadings, motions, exhibits and orders filed in this Court, including the following:

- **Motion for Relief from the Stay Regarding Non-Exempt Property (Lots 1-12, Block 1, Viewpoint Square Replat No. 2)**, filed on July 26, 2017.  [Doc. 17]

- **Motion for Relief from the Stay Regarding Non-Exempt Property (Lots 13-17, Block 1, Viewpoint Square Replat No. 2)**, filed on July 26, 2017. [Doc. 18]

- **Motion for Relief from the Stay Regarding Non-Exempt Property (Lots 18-23, Block 1, Viewpoint Square Replat No. 2)**, filed on July 26, 2017. [Doc. 19][1]

- **Motion for Relief from the Stay Regarding Non-Exempt Property (Lots 1-12, Block 1, Viewpoint Square Replat No. 2)**, filed on November 7, 2017.  [Doc. 36]

- **Motion for Relief from the Stay Regarding Non-Exempt Property (Lots 13-17, Block 1, Viewpoint Square Replat No. 2)**, filed on November 7, 2017. [Doc. 37]

- **Motion for Relief from the Stay Regarding Non-Exempt Property (Lots 18-23, Block 1, Viewpoint Square Replat No. 2)**, filed on November 7, 2017. [Doc. 38]

- **Order on (Stallion et. al.'s) Motions for Relief from Stay**, from evidentiary hearing of December 7, 2017.  [Doc. 62]

- **Stallion's Objection and Response to Debtor's Emergency Application to Approve and Allow Sale of Property Free and Clear of Liens**, filed on December 21, 2017. [Doc. 54]

- **Notice of Default/Termination of Automatic Stay**, filed on January 10, 2018.  [Doc. 65]

4.      These pleadings contain sufficient information in themselves to constitute three informal proofs of claim of the Movants under the standard in this District approved in ***Nikoloutsos v. Nikoloutsos (In re Nikoloutsous)***, 199 F.3d 233, 236 (5th Cir. 1999).

---

[1] These three Motions were withdrawn prior to scheduled hearings (August 18, 2017) due to the court's Order of August 9, 2017, converting the Case from the initially filed Chapter 7 to Chapter 11.

T-0158.3

### Argument and Authorities

5.      An informal proof of claim permits a bankruptcy court to treat the pre-bar date filings of a creditor as an informal proof of claim that can be amended after the bar date to conform with, inter alia, the requirements of Rule 3001(a) of the Federal Rules of Bankruptcy Procedure. *In re Garza*, 222 Fed.Appx. 350, 352-352 (5th Cir. 2007).   In *Nikoloutsous* the Fifth Circuit recognized informal proofs of claim when the following elements are present: (1) the claim is in writing; (2) the writing contains a demand on the debtor's estate; (3) the writing evidences an intent to hold the debtor liable; (4) the writing is filed with the bankruptcy court; and (5) allowance of the claim is equitable under the circumstances.  *Id.* at 336.

**Informal Proof of Claim 1**

6.      The first four elements as stated in the standard approved by the Fifth Circuit are present in Stallion's MOTION FOR RELIEF FROM THE STAY REGARDING NON-EXEMPT PROPERTY (LOTS 1-12, BLOCK 1, VIEWPOINT SQUARE REPLAT NO. 2) filed with this Court on July 26, 2017 and refiled on November 7, 2017, and which stated that Stallion was the lawful holder of a promissory note in the principal amount of $3,550,000.00 dated July 29, 2016, that note was secured by a deed of trust executed by Debtor on July 29, 2016, covering the real property specifically described in the motion and exhibits, and that Debtor was in default of its obligations under the note by failing to make the required payments pursuant thereto.  Stallion's Motion sought, among other things, permission of the bankruptcy court to pursue collection of Debtor's debt owed to Stallion.  After an evidentiary hearing on Stallion's Motion, "by Agreement of the parties" the Court entered its Order on December 29, 2017, regarding Stallion's claim against Debtor.  (see ¶2, Order)

7.      The pleadings, motion, exhibits and Order are clear statements, in writing, containing Stallion's demand on the Debtor's bankruptcy estate, with an intent to hold Debtor

T-0158.4

liable on the claim/debt, and filed with the bankruptcy court. ["Informal Proof of Claim 1 (Lots 1-12, Block 1, Viewpoint Square Replat No. 2)"]

**Informal Proof of Claim 2**

8.      The first four elements as stated in the standard approved by the Fifth Circuit are present in Stallion's MOTION FOR RELIEF FROM THE STAY REGARDING NON-EXEMPT PROPERTY (LOTS 13-17, BLOCK 1, VIEWPOINT SQUARE REPLAT NO. 2) filed with this Court on July 26, 2017 and refiled on November 7, 2017, and which stated that Stallion was the lawful holder of a promissory note in the principal amount of $1,375,000.00 dated October 12, 2015, that note was secured by a deed of trust executed by Debtor on October 12, 2015 covering the real property specifically described in the motion and exhibits, and that Debtor was in default of its obligations under the note by failing to make the required payments pursuant thereto. Stallion's Motion sought, among other things, permission of the bankruptcy court to pursue collection of Debtor's debt owed to Stallion.  After an evidentiary hearing on Stallion's Motion, "by Agreement of the parties" the Court entered its Order on December 29, 2017, regarding Stallion's claim against Debtor.  (see ¶2, Order)

9.      The pleadings, motion, exhibits and Order are clear statements, in writing, containing Stallion's demand on the Debtor's bankruptcy estate, with an intent to hold Debtor liable on the claim/debt, and filed with the bankruptcy court. ["Informal Proof of Claim 2 (Lots 13-17, Block 1, Viewpoint Square Replat No. 2)"]

**Informal Proof of Claim 3**

10.      The first four elements as stated in the standard approved by the Fifth Circuit are present in Stallion's MOTION FOR RELIEF FROM THE STAY REGARDING NON-EXEMPT PROPERTY (LOTS 18-23, BLOCK 1, VIEWPOINT SQUARE REPLAT NO. 2) filed with this Court on July 26, 2017 and refiled on November 7, 2017, and which stated that Stallion was the lawful holder of a

T-0158.5

promissory note in the principal amount of $1,659,000.00 dated December 30, 2015, that note was secured by a deed of trust executed by Debtor on December 30, 2015 covering the real property specifically described in the motion and exhibits, and that Debtor was in default of its obligations under the Note by failing to make the required payments pursuant thereto.  Stallion's Motion sought, among other things, permission of the bankruptcy court to pursue collection of Debtor's debt owed to Stallion.  After an evidentiary hearing on Stallion's Motion, "by Agreement of the parties" the Court entered its Order on December 29, 2017, regarding Stallion's claim against Debtor.  (see ¶2, Order)

11.    The pleadings, motion, exhibits and Order are clear statements, in writing, containing Stallion's demand on the Debtor's bankruptcy estate, with an intent to hold Debtor liable on the claim/debt, and filed with the bankruptcy court. ["Informal Proof of Claim 3 (Lots 18-23, Block 1, Viewpoint Square Replat No. 2)"]

**Informal Proofs of Claim 1, 2 and 3**

12.    The fifth element is also present under the facts of this case because the allowance of Stallion's claims would be equitable under the circumstances.  This Court "by Agreement of the Parties" (the Debtor and Stallion) entered its ORDER ON MOTIONS FOR RELIEF FROM STAY ("ORDER") [Doc. 65] on December 29, 2017, in which the automatic stay was kept in place, but modified, and the court Ordered, *inter alia*, payment to Stallion of adequate protection payments of $13,500.00 each week by Debtor beginning Friday, December 22, 2017, and each successive Friday thru and including February 2, 2017.  The Order provided that in the event of default of adequate protection payments by Debtor to Stallion, the automatic stay was automatically lifted as to the subject properties allowing Stallion to pursue its state court remedies including foreclosure of the applicable deeds of trust.

13.    Debtor subsequently failed to comply with the adequate protection payment terms

T-0158.6

of the Order.  Stallion filed with the court a NOTICE OF DEFAULT/TERMINATION OF AUTOMATIC STAY on January 10, 2018 and commenced applicable steps to foreclose the deeds of trust of the subject properties.

14.     Thereafter, on January 25, 2018, Debtor filed its PLAN OF REORGANIZATION [Doc. 67] in this case claiming that Stallion's secured debt/three promissory notes and subject three properties remain "Property of the Estate" (referred to by Debtor in the Plan as 'Tracts 1-3'), despite each of the subject properties being scheduled for respective foreclosure sales by Stallion. Moreover, Debtor discloses that the only real property assets of Debtor's estate are those properties that Stallion holds a security interest and that the subject properties are necessary for Debtor's PLAN OF REORGANIZATION which provides only for total liquidation by sale of the properties Stallion holds its security interest.  Debtor's PLAN incorrectly lists the secured debt amounts and liens of Stallion in the PLAN, and further, claims that Stallion et al. does not have "an Allowed Claim" in the bankruptcy and is an impaired creditor.

15.     Despite the Debtor's "Agreement" of allowing the stay to automatically lift as to Stallion and to foreclose liens/deeds of trust upon Debtor's non-payment of adequate protection payments to Stallion and the Order itself, the Debtor filed in Harris County District Court a state court lawsuit on January 31, 2018, naming Stallion and others as a party-defendants. ["State Court Litigation"] And on February 1, 2018, the Debtor obtained a TEMPORARY RESTRAINING ORDER in the State Court Litigation claiming that "*unless (Stallion) is immediately restrained from (Stallion) will wrongfully foreclose on the property 2020 McGowen (and) 832 Yale, Houston, Texas which is the subject of Plaintiffs' Petition . . .* " [sic].  [Exhibit 1, attached]

16.     But for the default of adequate protection payments to Stallion as required by the Order, Debtor's breach of the parties' agreement/Order to permit foreclosure of Stallion's deeds of trust by seeking and obtaining a TRO preventing Stallion to conduct foreclosures as agreed by

T-0158.7

Debtor, and Debtor's claims in its proposed PLAN OF REORGANIZATION that Stallion et al. does not have "an Allowed Claim" in the bankruptcy, Stallion would not be in the position of having to come before the Court to request a remedy in equity.  Given Stallion's prosecution of collection of the debt owed by the Debtor, and Debtor's actions of stopping the scheduled foreclosures to which they agreed and as provided by the Order, and Debtor now asserting that Stallion has no "Allowed Claim," it would be inequitable 'under the circumstances and facts of the case' to not allow Informal Proofs of Claim by Stallion (the fifth element as provided in *Nikoloutsous*)  Only by allowing the previously filed motions for relief from the stay regarding non-exempt property, exhibits, Orders and pleadings to constitute Stallion's informal proofs of claim can injustice be avoided.

### Formal Proofs of Claim Filed Stallion

17.     Stallion filed a formal proof of claim on each of the above described promissory notes/debt owed Stallion by Debtor; PROOF OF CLAIM filed on December 29, 2017 [Claims Register No. 2], PROOF OF CLAIM filed on February 8, 2018 [Claims Register No. 3] and PROOF OF CLAIM filed on February 8, 2018 [Claims Register No. 4].

### Requested Relief

18.     Accordingly, Stallion requests that the Court find and allow the motions for relief from the automatic stay regarding non-exempt property and exhibits previously filed by Stallion, together with other pleadings and Orders to constitute Stallion's three informal proofs of claim; and, that Stallion's formal Proof of Claim filed on December 29, 2017 [Claims Register No. 2], Proof of Claim filed on February 7, 2018 [Claims Register No. 3] and Proof of Claim filed on February 7, 2018 [Claims Register No. 4], shall constitute Stallion's respective Amended Proof(s) of Claim and timely filed in this case for all purposes.

**WHEREFORE, PREMISES CONSIDERED**, Stallion respectfully prays that the

T-0158.8

motions described herein be accepted as its informal proofs of claim in this case, together with

such other and further relief requested hereinabove, at law or in equity, to which Movant shall be

entitled to receive.

      **SIGNED** this 8th day of February, 2018.

                Respectfully submitted,

                **FRANK, ELMORE, LIEVENS,
CHESNEY & TURET, L.L.P.**

                William S. Chesney, III
                Fed. ID No. 8093
                State Bar No. 04186550
                William L. Van Fleet
                State Bar No. 20494750
                9225 Katy Freeway, Ste. 250
                Houston, Texas 77024-1564
                Telephone: 713.224.9400
                Facsimile: 713.224.0609
                Email: wchesney@felct.com

                **ATTORNEYS FOR MOVANT**

T-0158.9

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that a true and correct copy of the foregoing

**Motion of Stallion Funding, L.L.C. et al.'s For Approval of Informal Proof of Claim**, has been

forwarded by **ECF** to the attorneys and parties below, and by 1st class U.S. Mail to those persons

and entities reflected on the attached:

Larry A. Vick
10497 Town & Country Way, Ste 700
Houston, Texas 77024

Johnie J. Patterson
Walker and Patterson, P.C.
4815 Dacoma
Houston, Texas 77092

Hector Duran
U.S. Trustee's Office
515 Rusk, Ste. 3516
Houston, Texas77002


**SIGNED** this 8th day of February, 2018.


William S. Chesney, III

```
Label Matrix for local noticing          2020 McGowen, LLC                   4
0541-4                                    832 Yale                           United States Bankruptcy Court
Case 17-32788                             Houston, TX 77007-1538             PO Box 61010
Southern District of Texas                                                   Houston, TX 77208-1010
Houston
Wed Jul 26 15:14:44 CDT 2017

Cepeda Drywall                            Frank, Elmore, Lievens, Chesney & Turet    House of Power Electric LC
3136 Parker Road                          9225 Katy Freeway, Suite 250              4525 S. Pinemont Drive, Suite 114
Houston, TX 77093                         Houston, TX 77024-1564                    Houston, TX 77041-9353


Houston Dump Truck and Trailers           Larry A. Vick                       Nick's Plumbing & Sewer Service, Inc.
11415 Chimney Rock Road, #208             10497 Town & Country Way, Suite 700   1420 N. Durham Drive
Houston, TX 77035-2958                    Houston, TX 77024-1135              Houston, TX 77008-3736


Paull & Partners Investments LLC          Southwest Managment District        Stallion Texas Real Estate Fund LLC
7556 Renwick Drive                        6588 Corporate Drive, Suite 168     10119 Lake Creek Parkway, Suite 202
Houston, TX 77081-7107                    Houston, TX 77036-3476              Austin, TX 78729-1757


Terry Fisher                              U. S. Trustee                       US Trustee
832 Yale Street                           515 Rusk, Suite 3615                Office of the US Trustee
Houston, TX 77007-1538                    Houston, TX 77002-2604              515 Rusk Ave
                                                                              Ste 3516
                                                                              Houston, TX 77002-2604


Larry A. Vick                             Lee Keller King                     Randy W Williams
Attorney at Law                           Jetall Companies, Inc.              Thompson & Knight LLP
10497 Town & Country Way, Suite 700       2500 West Loop S.                   333 Clay
Houston, TX 77024-1135                    Suite 255                           Ste 3300
                                          Houston, TX 77027-4513              Houston, TX 77002-4499
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Equity Trust Co. f/b/o Richard Allan Froom    (u)Scot Hill and Lisa Hill        (u)Stallion Funding, L.L.C.




(u)Suresh Penikalapati                           (u)Charles Turner                 (u)Gene Swanberg




(u)Melissa Zaplatar                              End of Label Matrix
                                                 Mailable recipients    17
                                                 Bypassed recipients     7
                                                 Total                  24
```