1/31/2018 1:04 PM
Chris Daniel - District Clerk Harris County
Envelope No. 22195716
By: Deandra Mosley
Filed: 1/31/2018 1:04 PM

Cause No. 2016-64847

| | | |
|---|---|---|
| **KAVAC Holding Company, LLC., et al** | § | **IN THE DISTRICT COURT** |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **OF HARRIS COUNTY, TEXAS** |
| | § | |
| **PAULL & PARTNERS, LLC, et al** | § | |
| **Defendants** | § | **190th JUDICIAL DISTRICT** |

**PLAINTIFFS' FOURTH AMENDED PETITION, REQUEST FOR DISCLOSURE
APPLICATION FOR TEMPORARY RESTRAINING ORDER, AND
<u>REQUESTS FOR TEMPORARY AND PERMANENT INJUNCTIVE RELIEF</u>**

COMES NOW Plaintiffs, KAVAC Holding Company, LLC, KAVAC, LLC, Cityscape Rentals, LLC (collectively, "KAVAC"), Terry J. Fisher ("Fisher"), 2020 McGowen, LLC, 829 Yale St. LLC, 832 Yale, L.L.C., 2017 Yale Development, LLC, and file this Fourth Amended Petition against Defendants, Application for Temporary Restraining Order, and Requests for Temporary and Permanent Injunctive Relief, against Paull & Partners, LLC and affiliates ("Paull & Partners"), Allan Paull ("Paull"), 21st Century Funding, LLC ("21st Century"), Todd Taylor ("Taylor"), individually and in his capacity as Trustee, against First Stallion Funding, LLC, Benjamin K. Williams, Substitute Trustee, and  David Alvarez, D&A Alvarez Group, LLC all other Defendants listed in Section II, Parties and Service, and in support thereof, would show the court the following:

<u>**NEED FOR INJUNCTIVE RELIEF**</u>

This lawsuit is filed, and injunctive relief is sought to stop a wrongful foreclosure. The foreclosure is wrongful because Defendant failed to give notice of default and an opportunity to cure any alleged default, and the loan documents do not clearly and unequivocally waive plaintiff's right to receive notice of an alleged default so it could cure that default.

**I.     <u>DISCOVERY PLAN</u>**

1.   Plaintiffs intend to conduct discovery under the Level 2 Discovery Plan of Texas Rule of Civil Procedure 190.3.

**II.     <u>PARTIES AND SERVICE</u>**

**Plaintiffs:**

Certified Document Number: 78396082 - Page 1 of 45

2. Plaintiff **KAVAC Holding Company LLC** is a Texas limited liability companies with their principal place of business in Harris County, Texas.

3. Plaintiff **KAVAC, LLC** is a Texas limited liability companies with their principal place of business in Harris County, Texas.

4. Plaintiff **Cityscape Rentals, LLC**, is Texas limited liability companies with their principal place of business in Harris County, Texas.

5. Plaintiff **Terry J. Fisher** is an individual residing in Harris County, Texas.

6. Plaintiff **2020 McGowen, LLC** is a Texas limited liability company.

7. Plaintiff **832 Yale St., LLC**, a Texas limited liability corporation.

8. Plaintiff **829 Yale St., LLC**, a Texas limited liability corporation.

9. Plaintiff **2017 Yale Development, LLC** is a Texas limited liability company.

**Defendants:**

10. Defendant **Stallion Funding, LLC** is a Texas limited liability company that lends money in Harris County. Defendant may be served by and through its registered agent, Vincent Balagia, whose registered address is 411 Misty Morn Lane, Cedar Park, TX 78613.

11. Defendant **Austerra Stable Growth Fund, LP** is a Texas limited liability company that lends money in Harris County. Defendant may be served by and through its registered agent, Vincent Balagia, whose registered address is 411 Misty Morn Lane, Cedar Park, TX 78613.

12. Defendant **Kenneth Hollins** is an individual who loans money in Harris County.  His residence is unknown at this time and he may be served wherever he may be found.

13. Defendant, **D&A Alvarez Group, LLC**, is a Texas limited liability corporation with its principal place of business located at 613 Silver Spur Dr. Southlake, Texas 76092 and its agent for service of process is David Alvarez and he may be served at or at 613 Silver Spur Dr. Southlake, Texas 76092 or 190 E. Stacy Road, Suite 306-302, Austin, Travis County, Texas 75002 or at any place that the registered agent may be found.

14. Defendant **David Alvarez** is an individual who resides in Texas and may be served with process at 613 Silver Spur Dr. Southlake, Texas 76092.

15. Defendant **ELB Investments, LLC** (Loan Servicer) concerning "All of Fisher Estates at Yale" and is a Texas professional limited liability corporation and may be served by serving its agent Ben Williams at 10119 Lake Creek Parkway, Suite 201Austin, Texas 78729.

Certified Document Number: 78396082 - Page 2 of 45

16. Defendant **Stallion Funding, LLC** is a Texas limited liability company that lends money in Harris County. Defendant may be served by and through its registered agent, Vincent Balagia, whose registered address is 411 Misty Morn Lane, Cedar Park, TX 78613.

17. Defendant **Benjamin K. Williams**, Substitute Trustee, is a resident of Texas and may be served with process at his office address of Law Office of Benjamin K. Williams, 12710 Research Blvd., Suite 115, Austin, Texas 78759, or wherever he may be found.

18. Defendant **BEN WILLIAMS, PLLC**, is a Texas professional limited liability corporation with its principal place of business at 10119 Lake Creek Parkway, Suite 201Austin, Texas 78729.

19. Defendant, **BENJAMIN K. WILLIAMS**, is an individual who may be served with process by serving him at his place of business, at 10119 Lake Creek Parkway, Suite 201Austin, Texas 78729.

20. Defendant **Kristia A. Slaughter** is a substitute trustee and may be served with process at 10119 Lake Creek Parkway, Suite 201Austin, Texas 78729.

21. Defendant **Jeff Leva** is a substitute trustee and may be served with process at 10119 Lake Creek Parkway, Suite 201Austin, Texas 78729.

22. Defendant **Sandy Dasigenis** is a substitute trustee and may be served with process at 10119 Lake Creek Parkway, Suite 201Austin, Texas 78729.

23. Defendant **Lilian Poelker** is a substitute trustee and may be served with process at 10119 Lake Creek Parkway, Suite 201Austin, Texas 78729.

24. Defendant **Patricia Poston** is a substitute trustee and may be served with process at 10119 Lake Creek Parkway, Suite 201 Austin, Texas 78729.

25. Defendant **David Poston** is a substitute trustee and may be served with process at 10119 Lake Creek Parkway, Suite 201Austin, Texas 78729.

26. Defendant **Megan L. Randle** is a substitute trustee and may be served with process at 10119 Lake Creek Parkway, Suite 201Austin, Texas 78729.

27. Defendant **Ebbie Murphy** is a substitute trustee and may be served with process at 10119 Lake Creek Parkway, Suite 201Austin, Texas 78729.

28. Defendant **Stallion Texas Real Estate Fund, LLC** is a Texas limited liability company and may be served with process by serving it agent Ben Williams at 10119 Lake Creek Parkway, Suite 201, Austin, Texas 78729.

Certified Document Number: 78396082 - Page 3 of 45

29. Defendant **Vince Balagia (VB)**, owner of Stallion Funding, upon information and belief resides in Texas and may be served with process at his residence or wherever he may be found.

30. Defendant **Gerald D'Angelo** upon information and belief resides in Texas and may be served with process at his residence or wherever he may be found.

31. Defendant **Matthew Aycock** upon information and belief resides in Texas and may be served with process at 18383 Preston Road Suite 110, Dallas, Tx. 75252.

32. Defendant **Kavish Wazirali** upon information and belief resides in Texas and may be served with process at 18383 Preston Road Suite 110, Dallas, Tx. 75252.

33. Defendant **Pratt Aycock PLLC** is a law firm in Texas and may be served by serving Matthew Aycock upon information and belief resides in Texas and may be served with process at 18383 Preston Road Suite 110, Dallas, Tx. 75252.

34. Defendant **Texas Title Company** whose principal office is in Texas and may be served by serving Matthew Aycock upon information and belief resides in Texas and may be served with process at 18383 Preston Road Suite 110, Dallas, Tx. 75252.

**Paull & Partners Defendants**

For sake of convenience, all of the Paull & Partners' entities listed below will hereafter be referred to collectively as "Paul &Partners.

35. Defendant, **Paull & Partners Investments, LLC**, also known as Paull & Partners, LLC d/b/a Paul & Partners –Meyerland, a Texas limited liability company, has answered and may be served with a copy of this amended petition by and through its attorney of record Briselda Luna, whose address is 2425 West Loop South, Suite 200, Houston, Texas 77027.

36. Defendant, **Allan Paull**, managing member of Paull & Partners, LLC, is an individual resident of Texas, has answered and may be served with a copy of this amended petition by and through its attorney of record Briselda Luna, whose address is 2425 West Loop South, Suite 200, Houston, Texas 77027.

37. Defendant, **Josh Paull**, is an individual resident of Texas who may be served at his residence address of 5005 Mayfair Street, Bellaire, Texas 77401-2317, or wherever he may be found.

38. Defendant, **Mark Paull**, individually and d/b/a as Mark Paull IRA 13937-11, is an individual resident of Texas who may be served at his residence address of 5650 Yarwell Drive, Houston, Texas 77096-3901, or wherever he may be found.

Certified Document Number: 78396082 - Page 4 of 45

39. Defendant, **21st Century Funding, LLC**, is a Texas limited liability company with its principal place of business in Harris County, has filed its answer and may be served by and through its attorney of record, Charles L. Duke, 9225 Katy Freeway, Suite 200, Houston, Texas 77024.

40. Defendant, **Todd Taylor**, in his capacity of Trustee, has filed his answer, has filed its answer and may be served by and through his attorney of record, Charles L. Duke, 9225 Katy Freeway, Suite 200, Houston, Texas 77024.

41. Defendant, **Andrea Turner**, individually and d/b/a Andrea Turner IRA #12447-21, is an individual resident of Texas and lender to Plaintiffs who may be served at her residence of 4429 Valerie, Bellaire, Texas 77401-5626, or wherever she may be found.

42. Defendant **Crista Paull**, individually and d/b/a Crista Paull IRA #15361-31, et al, is an individual resident of Texas and lender to Plaintiffs who may be served at her residence of 1640 Milford Street, Houston, Texas 77006-6028, or wherever she may be found.

43. Defendant **Debbie Paull**, is an individual resident of Texas and lender to Plaintiffs who may be served at her residence of 5611 Grape Street, Houston, Texas 77096, or wherever she may be found.

44. Defendant, **Emtrust Retirement Services, Inc.** is a corporation doing business in Texas and as a lender to Plaintiffs, whose principal place of business is, and who may be served by and through its registered agent or wherever it may be found.

45. Defendant, **Equity Trust Company Custodian** is a corporation doing business in Texas whose principal place of business is, and who may be served by and through its registered agent, or wherever it may be found.

46. Defendant, **Lettie Helen Harrell**, individually and d/b/a LHH, et al, is a resident of Texas who may be served at her residence of 4624 Valerie Street, Bellaire, Texas 77401-5820, or wherever she may be found.

47. Defendant, **Lettie Helen Harrell** and d/b/a Harrell Lettie Harrell IRA 14739-11 is an individual resident of Texas who may be served at her residence 4624 Valerie Street, Bellaire, Texas 77401-5820, or wherever she may be found.

48. Defendant, **Mark L. Paull**, individually and d/b/a Mark L. Paull IRA Account Number 105501, is an individual resident of Texas who may be served at his residence in Houston, Texas, or wherever he may be found.

Certified Document Number: 78396082 - Page 5 of 45

49. Defendant, **Paull & Partners** – Rosslyn is a company or a Paull & Partners DBA doing business in Texas, and whose principal place of business is 5611 Grape Street, Houston, Texas 77096-1113, and which may be served by and through its registered agent Todd W. Taylor, at his registered office address of 1330 Post Oak Blvd., Suite 1600, Houston, Texas 77056-3072, or wherever it may be found.

50. Defendant, **Paull & Partners** is a company or a Paull & Partners DBA doing business in Texas, whose principal place of business is 5611 Grape Street, Houston, Texas 77096-1113, and which may be served by and through its registered agent Todd W. Taylor, at his registered office address of 1330 Post Oak Blvd., Suite 1600, Houston, Texas 77056-3072, or wherever it may be found.

51. Defendant, **Paull & Partners** – Alexander, is a company or a Paull & Partners DBA doing business in Texas, whose principal place of business is 5611 Grape Street, Houston, Texas 77096-1113, and which may be served by and through its registered agent Todd W. Taylor, at his registered office address of 1330 Post Oak Blvd., Suite 1600, Houston, Texas 77056-3072, or wherever it may be found.

52. Defendant, **Paull & Partners** – Alexander 2, a series of Paull Partners Investments, LLC, is a company or a Paull & Partners DBA doing business in Texas, has intervened in this suit, and may be served with a copy of this petition by and through its attorney of record, Paul S. Francis, whose address is Baker & Hostetler, LLP, 811 Main Street, Houston, Texas 77002-6111.

53. Defendant, **Paull & Partners** – Allston 2, is a company or a Paull & Partners DBA doing business in Texas, whose principal place of business is 5611 Grape Street, Houston, Texas 77096-1113, and which may be served by and through its registered agent Todd W. Taylor, at his registered office address of 1330 Post Oak Blvd., Suite 1600, Houston, Texas 77056-3072, or wherever it may be found.

54. Defendant, **Paull & Partners** - Allston, is a company or a Paull & Partners DBA doing business in Texas, whose principal place of business is 5611 Grape Street, Houston, Texas 77096-1113, and which may be served by and through its registered agent Todd W. Taylor, at his registered office address of 1330 Post Oak Blvd., Suite 1600, Houston, Texas 77056-3072, or wherever it may be found.

55. Defendant, **Paull & Partners** - Cliffwood, is a company or a Paull & Partners DBA doing business in Texas, whose principal place of business is 5611 Grape Street, Houston, Texas

Certified Document Number: 78396082 - Page 6 of 45

77096-1113, and which may be served by and through its registered agent Todd W. Taylor, at his registered office address of 1330 Post Oak Blvd., Suite 1600, Houston, Texas 77056-3072, or wherever it may be found.

56. Defendant, **Paull & Partners** - Gramercy is a company or a Paull & Partners DBA doing business in Texas, whose principal place of business is 5611 Grape Street, Houston, Texas 77096-1113, and which may be served by and through its registered agent Todd W. Taylor, at his registered office address of 1330 Post Oak Blvd., Suite 1600, Houston, Texas 77056-3072, or wherever it may be found.

57. Defendant, **Paull & Partners** – Houston, a series of Paull Partners Investments, LLC, is a company or a Paull & Partners DBA doing business in Texas, has intervened in this suit, and may be served with a copy of this petition by and through its attorney of record, Paul S. Francis, whose address is Baker & Hostetler, LLP, 811 Main Street, Houston, Texas 77002-6111.

58. Defendant, **Paull & Partners** - Jessamine is a company or a Paull & Partners DBA doing business in Texas, whose principal place of business is 5611 Grape Street, Houston, Texas 77096-1113, and which may be served by and through its registered agent Todd W. Taylor, at his registered office address of 1330 Post Oak Blvd., Suite 1600, Houston, Texas 77056-3072, or wherever it may be found.

59. Defendant, **Paull & Partners** - Kansas, a Texas general partnership, has intervened in this suit, and may be served with a copy of this petition by and through its attorney of record, Paul S. Francis, whose address is Baker & Hostetler, LLP, 811 Main Street, Houston, Texas 77002-6111.

60. Defendant, **Paull & Partners** - Marshall is a company or a Paull & Partners DBA doing business in Texas, whose principal place of business is 5611 Grape Street, Houston, Texas 77096-1113, and which may be served by and through its registered agent Todd W. Taylor, at his registered office address of 1330 Post Oak Blvd., Suite 1600, Houston, Texas 77056-3072, or wherever it may be found.

61. Defendant, **Paull & Partners** - McGowen, is a company or a Paull & Partners DBA doing business in Texas, whose principal place of business is 5611 Grape Street, Houston, Texas 77096-1113, and which may be served by and through its registered agent Todd W. Taylor, at his registered office address of 1330 Post Oak Blvd., Suite 1600, Houston, Texas 77056-3072, or wherever it may be found.

Certified Document Number: 78396082 - Page 7 of 45

62. Defendant, **Paull & Partners** - Meyerland, a series of Paull Partners Investments, LLC, is a company or a Paull & Partners DBA doing business in Texas, , has intervened in this suit, and may be served with a copy of this petition by and through its attorney of record, Paul S. Francis, whose address is Baker & Hostetler, LLP, 811 Main Street, Houston, Texas 77002-6111.

63. Defendant, **Paull & Partners** - Morrison, a series of Paull Partners Investments, LLC, is a company or a Paull & Partners DBA doing business in Texas, has intervened in this suit, and may be served with a copy of this petition by and through its attorney of record, Paul S. Francis, whose address is Baker & Hostetler, LLP, 811 Main Street, Houston, Texas 77002-6111.

64. Defendant, **Paull & Partners** - Munford, is a company or a Paull & Partners DBA doing business in Texas, whose principal place of business is 5611 Grape Street, Houston, Texas 77096-1113, and which may be served by and through its registered agent Todd W. Taylor, at his registered office address of 1330 Post Oak Blvd., Suite 1600, Houston, Texas 77056-3072, or wherever it may be found.

65. Defendant, **Paull & Partners** - Navigation, a series of Paull Partners Investments, LLC, is a company or a Paull & Partners DBA doing business in Texas, whose principal place of business is 5611 Grape Street, Houston, Texas 77096-1113, and which may be served by and through its registered agent Todd W. Taylor, at his registered office address of 1330 Post Oak Blvd., Suite 1600, Houston, Texas 77056-3072, or wherever it may be found.

66. Defendant, **Paull & Partners** – Nicholson is a company or a Paull & Partners DBA doing business in Texas, whose principal place of business is 5611 Grape Street, Houston, Texas 77096-1113, and which may be served by and through its registered agent Todd W. Taylor, at his registered office address of 1330 Post Oak Blvd., Suite 1600, Houston, Texas 77056-3072, or wherever it may be found.

67. Defendant, **Paull & Partners** – Nicholson 2, is a company or a Paull & Partners DBA doing business in Texas, whose principal place of business is 5611 Grape Street, Houston, Texas 77096-1113, and which may be served by and through its registered agent Todd W. Taylor, at his registered office address of 1330 Post Oak Blvd., Suite 1600, Houston, Texas 77056-3072, or wherever it may be found.

68. Defendant, **Paull & Partners** – Oak Forest, a series of Paull Partners Investments, LLC, is a company or a Paull & Partners DBA doing business in Texas, has intervened in this suit, and

may be served with a copy of this petition by and through its attorney of record, Paul S. Francis, whose address is Baker & Hostetler, LLP, 811 Main Street, Houston, Texas 77002-6111.38.

69. Defendant, **Paull & Partners** – Payne, is a company or a Paull & Partners DBA doing business in Texas, whose principal place of business is 5611 Grape Street, Houston, Texas 77096-1113, and which may be served by and through its registered agent Todd W. Taylor, at his registered office address of 1330 Post Oak Blvd., Suite 1600, Houston, Texas 77056-3072, or wherever it may be found.

70. Defendant, **Paull & Partners** - Rosslyn, is a company or a Paull & Partners DBA doing business in Texas, whose principal place of business is 5611 Grape Street, Houston, Texas 77096-1113, and which may be served by and through its registered agent Todd W. Taylor, at his registered office address of 1330 Post Oak Blvd., Suite 1600, Houston, Texas 77056-3072, or wherever it may be found.

71. Defendant, **Paull & Partners** - Ruthland, is a company or a Paull & Partners DBA doing business in Texas, whose principal place of business is 5611 Grape Street, Houston, Texas 77096-1113, and which may be served by and through its registered agent Todd W. Taylor, at his registered office address of 1330 Post Oak Blvd., Suite 1600, Houston, Texas 77056-3072, or wherever it may be found.

72. Defendant, **Paull & Partners** - Rutland is a company or a Paull & Partners DBA doing business in Texas, whose principal place of business is 5611 Grape Street, Houston, Texas 77096-1113, and which may be served by and through its registered agent Todd W. Taylor, at his registered office address of 1330 Post Oak Blvd., Suite 1600, Houston, Texas 77056-3072, or wherever it may be found.

73. Defendant, **Paull & Partners** – Rutland 3 is a company or a Paull & Partners DBA doing business in Texas, whose principal place of business is 5611 Grape Street, Houston, Texas 77096-1113, and which may be served by and through its registered agent Todd W. Taylor, at his registered office address of 1330 Post Oak Blvd., Suite 1600, Houston, Texas 77056-3072, or wherever it may be found.

74. Defendant, **Paull & Partners** – Rutland 4 is a company or a Paull & Partners DBA doing business in Texas, whose principal place of business is 5611 Grape Street, Houston, Texas 77096-1113, and which may be served by and through its registered agent Todd W. Taylor,

Certified Document Number: 78396082 - Page 9 of 45

at his registered office address of 1330 Post Oak Blvd., Suite 1600, Houston, Texas 77056-3072, or wherever it may be found.

75. Defendant, **Paull & Partners** – Rutland 5 is a company or a Paull & Partners DBA doing business in Texas, whose principal place of business is 5611 Grape Street, Houston, Texas 77096-1113, and which may be served by and through its registered agent Todd W. Taylor, at his registered office address of 1330 Post Oak Blvd., Suite 1600, Houston, Texas 77056-3072, or wherever it may be found.

76. Defendant, **Paull & Partners** – Rutland 6 is a company or a Paull & Partners DBA doing business in Texas, whose principal place of business is 5611 Grape Street, Houston, Texas 77096-1113, and which may be served by and through its registered agent Todd W. Taylor, at his registered office address of 1330 Post Oak Blvd., Suite 1600, Houston, Texas 77056-3072, or wherever it may be found.

77. Defendant, **Paull & Partners** - Stanford Place, a series of Paull Partners Investments, LLC, is a company or a Paull & Partners DBA doing business in Texas, whose principal place of business is 5611 Grape Street, Houston, Texas 77096-1113, and which may be served by and through its registered agent Todd W. Taylor, at his registered office address of 1330 Post Oak Blvd., Suite 1600, Houston, Texas 77056-3072, or wherever it may be found.

78. Defendant, **Paull & Partners** – W. 22nd is a company or a Paull & Partners DBA doing business in Texas, whose principal place of business is 5611 Grape Street, Houston, Texas 77096-1113, and which may be served by and through its registered agent Todd W. Taylor, at his registered office address of 1330 Post Oak Blvd., Suite 1600, Houston, Texas 77056-3072, or wherever it may be found.

79. Defendant, **Paull & Partners** – W. 7 ½ St is a company or a Paull & Partners DBA doing business in Texas, whose principal place of business is 5611 Grape Street, Houston, Texas 77096-1113, and which may be served by and through its registered agent Todd W. Taylor, at his registered office address of 1330 Post Oak Blvd., Suite 1600, Houston, Texas 77056-3072, or wherever it may be found.

80. Defendant, **Paull & Partners** – W. 9th  is a company or a Paull & Partners DBA doing business in Texas, whose principal place of business is 5611 Grape Street, Houston, Texas 77096-1113, and which may be served by and through its registered agent Todd W. Taylor, at his registered office address of 1330 Post Oak Blvd., Suite 1600, Houston, Texas 77056-3072, or wherever it may be found.

Certified Document Number: 78396082 - Page 10 of 45

81. Defendant, **Paull & Partners** – West 30th is a company or a Paull & Partners DBA doing business in Texas, whose principal place of business is 5611 Grape Street, Houston, Texas 77096-1113, and which may be served by and through its registered agent Todd W. Taylor, at his registered office address of 1330 Post Oak Blvd., Suite 1600, Houston, Texas 77056-3072, or wherever it may be found.

82. Defendant, **Paull & Partners** – West 25th is a company or a Paull & Partners DBA doing business in Texas, whose principal place of business is 5611 Grape Street, Houston, Texas 77096-1113, and which may be served by and through its registered agent Todd W. Taylor, at his registered office address of 1330 Post Oak Blvd., Suite 1600, Houston, Texas 77056-3072, or wherever it may be found.

83. Defendant, **Paull & Partners** – West 25th is a company or a Paull & Partners DBA doing business in Texas, whose principal place of business is 5611 Grape Street, Houston, Texas 77096-1113, and which may be served by and through its registered agent Todd W. Taylor, at his registered office address of 1330 Post Oak Blvd., Suite 1600, Houston, Texas 77056-3072, or wherever it may be found.

84. Defendant, **Paull & Partners** – Yale is a company or a Paull & Partners DBA doing business in Texas, whose principal place of business is 5611 Grape Street, Houston, Texas 77096-1113, and which may be served by and through its registered agent Todd W. Taylor, at his registered office address of 1330 Post Oak Blvd., Suite 1600, Houston, Texas 77056-3072, or wherever it may be found.

85. Defendant, **Paull & Partners** – Yale 2 is a company or a Paull & Partners DBA doing business in Texas, whose principal place of business is 5611 Grape Street, Houston, Texas 77096-1113, and which may be served by and through its registered agent Todd W. Taylor, at his registered office address of 1330 Post Oak Blvd., Suite 1600, Houston, Texas 77056-3072, or wherever it may be found.

86. Defendant, **Paull & Partners** – Beachton is a company or a Paull & Partners DBA doing business in Texas, whose principal place of business is 5611 Grape Street, Houston, Texas 77096-1113, and which may be served by and through its registered agent Todd W. Taylor, at his registered office address of 1330 Post Oak Blvd., Suite 1600, Houston, Texas 77056-3072, or wherever it may be found.

87. Defendant, **Paull & Partners** – Beachton 2 is a company or a Paull & Partners DBA doing business in Texas, whose principal place of business is 5611 Grape Street, Houston, Texas

Certified Document Number: 78396082 - Page 11 of 45

77096-1113, and which may be served by and through its registered agent Todd W. Taylor, at his registered office address of 1330 Post Oak Blvd., Suite 1600, Houston, Texas 77056-3072, or wherever it may be found.

88. Defendant, **Paull & Partners** – Yale is a company or a Paull & Partners DBA doing business in Texas, whose principal place of business is 5611 Grape Street, Houston, Texas 77096-1113, and which may be served by and through its registered agent Todd W. Taylor, at his registered office address of 1330 Post Oak Blvd., Suite 1600, Houston, Texas 77056-3072, or wherever it may be found.

89. Defendant, **Paull & Partners** – Tulane/Waverly is a company or a Paull & Partners DBA doing business in Texas, whose principal place of business is 5611 Grape Street, Houston, Texas 77096-1113, and which may be served by and through its registered agent Todd W. Taylor, at his registered office address of 1330 Post Oak Blvd., Suite 1600, Houston, Texas 77056-3072, or wherever it may be found.

90. Defendant, **Paull & Partners** – Tulane Lots is a company or a Paull & Partners DBA doing business in Texas, whose principal place of business is 5611 Grape Street, Houston, Texas 77096-1113, and which may be served by and through its registered agent Todd W. Taylor, at his registered office address of 1330 Post Oak Blvd., Suite 1600, Houston, Texas 77056-3072, or wherever it may be found.

91. Defendant, **Paull & Partners** – 22nd St. is a company or a Paull & Partners DBA doing business in Texas, whose principal place of business is 5611 Grape Street, Houston, Texas 77096-1113, and which may be served by and through its registered agent Todd W. Taylor, at his registered office address of 1330 Post Oak Blvd., Suite 1600, Houston, Texas 77056-3072, or wherever it may be found.

92. Defendant, **Paull & Partners** – Sugarberry is a company or a Paull & Partners DBA doing business in Texas, whose principal place of business is 5611 Grape Street, Houston, Texas 77096-1113, and which may be served by and through its registered agent Todd W. Taylor, at his registered office address of 1330 Post Oak Blvd., Suite 1600, Houston, Texas 77056-3072, or wherever it may be found.

93. Defendant, **Quest IRA, Inc.** is a company or a Paull & Partners DBA doing business in Texas, whose principal place of business is 1717 Park Row, Suite 100, Houston, Texas 77084, and which may be served by and through its registered agent Todd W. Taylor, at his

Certified Document Number: 78396082 - Page 12 of 45

registered office address of 1330 Post Oak Blvd., Suite 1600, Houston, Texas 77056-3072, or wherever it may be found.

94. Defendant, **Quest IRA, Inc.** FBO Alan H. Paull IRA #11718-31 is a company or a Paull & Partners DBA doing business in Texas, whose principal place of business is 1717 Park Row, Suite 100, Houston, Texas 77084, and which may be served by and through its registered agent Todd W. Taylor, at his registered office address of 1330 Post Oak Blvd., Suite 1600, Houston, Texas 77056-3072, or wherever it may be found.

95. Defendant, **Series Limited Liability Company** is a company or a Paull & Partners DBA doing business in Texas, whose principal place of business is in Houston, Texas, and which may be served by and through its registered agent.

96. Defendant, **Randall J. Sheinberg** is an individual resident of Texas, who may be served at his work address of 7556 Renwick Drive, Houston, Texas 77081, or wherever he may be found.

97. Defendant, **Paull 7 Partners Investments, LLC** is a company or a Paull & Partners DBA doing business in Texas, whose principal place of business is 5611 Grape Street, Houston, Texas 77096-1113, and which may be served by and through its registered agent, or wherever it may be found.

### III.     THE "PROPERTY" DEFINED

98. The properties subject to this application for injunctive relief is located at 2020 McGowen Street, 832 Yale and 829 Yale, Houston, Texas (hereinafter collectively as the "Property").

### IV.     JURISDICTION AND VENUE

99.     The subject matter in controversy is within the jurisdictional limits of this Court and Plaintiff seeks monetary relief over $1,000,000.

100.     This court has personal jurisdiction over the parties because Defendants are Texas residents and conduct business in Texas.

101.     Venue in Harris County is proper in this cause because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county and the property that is subject of this suit is located in Harris County, Texas.

### RULE 47(c) STATEMENT

102.     This lawsuit seeks damages in excess of $1,000,000.00.

### OVERVIEW

*Plaintiffs' Fourth Amended Petition*                                                      *Page 13*

Terry Fisher, through single purpose entities, began construction on a number of projects in the Houston area.   The projects are at 2020 McGowan, 829 Yale and 832 Yale as well as several other locations.  Fisher financed the projects through private lenders who have turned out to be predatory lenders.  These lenders have charged extremely high interest and have taken actions to prevent Fisher from completing the projects with the aim that when the projects are nearing competition the defendants move to take-over the project and take all of the profits while charging double digit interest.

## V.    PAULL & PARTNERS BACKGROUND FACTS

103.    Paull & Partners is an unlicensed lender and raises funds through the public for the purpose of making high interest loans in Texas. Paull & Partners, LLC is structured in a fashion that requires large loan fees be paid up front, which are then used as commissions for distribution to its principals. Additionally, Paull & Partners also adds significant interest to the loan.

104.    KAVAC Holding Company, LLC, and its affiliates, KAVAC, LLC and Cityscape Rentals, LLC, are construction companies that entered into loan agreements with Paull & Partners for a variety of construction projects. The loan agreements are secured by multiple tracts of land through cross collateralized deed of trust agreements. The loan agreements and deeds of trust were drafted by KAVAC's lawyer, Todd Taylor.

105.    The loan agreements were drafted in a manner that limited access to additional investment capital needed to complete other construction projects envisioned by the parties' agreement. In fact, Paull & Partners refused to release the properties, although the closings were complete, unless sales proceeds were applied to cross collateralized properties. This practice essentially eliminated KAVAC's ability to complete other projects.

106.    Taylor is the manager of 21st Century Funding. At the time he drew up the various documents, we was counsel to Plaintiff and, as such, owed fiduciary duties to Plaintiff. He either individually was involved as a business person on the lender side of the transaction or caused 21st Century Funding to participate in the Paull & Partners loans and intended that to occur during his representation of Plaintiff and drafting of the documents made the subject of this dispute. Taylor breached his fiduciary duties to Plaintiff. Defendants may not benefit from such breaches. The various documents executed between the parties are void and invalid in light of the breaches of fiduciary duties. No foreclosure sale can occur on such void documents.

Certified Document Number: 78396082 - Page 14 of 45

107.     A dispute subsequently arose over the interest collected by Paull & Partners, LLC ("Partners" or "Lender") and their refusal to provide payouts as required by the agreements. Furthermore, Paull & Partners, LLC demanded interest on non-disbursed funds, which violated the terms of the Notes and the parties' agreement, and in amounts that constitute usury under Texas law.

108.     Defendants posted certain of the collateral properties for foreclosure in early October 2016. The notices were defective and contrary to the parties' agreement and Texas law. The court entered a temporary restraining order early in the afternoon on October 4, 2016. Defendants' counsel was aware of the signing of the TRO but Defendant proceeded with a foreclosure sale notwithstanding. The sale was not consummated only because the foreclosure bidder could not arrange to pay the amount that was bid. Defendant's counselor was chastised by the Court for her conduct in this matter. On October 13, 2016, the Court entered a Temporary Injunction Order. Defendant P&P has again posted for a December 6, 2016 foreclosure sale the same properties that the Court previously temporarily enjoined and additional properties that are part of the same stream of transactions that are made the basis of Plaintiff's causes of action against Defendants, and area also collateral for the loans on the properties whose foreclosure was enjoined.  On December 2, 2016, the Court entered an additional Temporary Injunction Order.

109.     Further, the Defendants failed to provide payoff information as required by Texas law, therefore preventing Plaintiff from curing any default that may exist.

110.     No verifiable chain of endorsements exists in the Harris County Clerk's Office in the land records.

111.     Unless the court granted immediate relief, KAVAC would be irreparably harmed.

112.     KAVAC would suffer irreparable harm (by losing its unique real estate) if the scheduled foreclosure sales were allowed to go forward while this case is pending.

113.     Additionally, Plaintiffs would show that some Defendants, Paull & Partners – Alexander 2, Paull & Partners – Houston, Paull & Partners – Kansas, Paull & Partners – Morrison, Paull & Partners – Meyerland, Paull & Partners – Navigation, Paull & Partners – Oak Forest, and Paull & Partners – Stanford Place, have all intervened in this action ,asserting claims against Plaintiffs for collection of principal and interest on various notes. These Defendant entities that purport to be lenders and noteholders my not have existed at the time of the transactions complained of.

*Plaintiffs' Fourth Amended Petition*                                    *Page 15*

## VI.   PAULL & PARTNER CAUSES OF ACTION

### BREACH OF CONTRACT

114.     Plaintiff have valid contracts with Paull & Partners in the form of the Deeds of Trust and Notes. Paull & Partners breached those agreements with KAVAC by charging interest on undisbursed funds that were retained by Paull & Partners. Paull & Partners' breach of contract caused KAVAC to sustain damaged within the jurisdictional limits of this Court.

### USURY

115.     Additionally, and in the alternative, KAVAC would show that (1) there was a loan of money from Paull & Partners to KAVAC; (2) KAVAC has an absolute obligation to repay the principal; and (3) Paull & Partners exacted a greater compensation than allowed by law for the use of the money. More specifically, Paull & Partners committed usury against KAVAC by charging interest on funds that had not been transferred to escrow, and were in the complete control of Paull & Partners.

### BREACH OF FIDUCIARY DUTY & AIDING AND ABETTING

**Aiding And Abetting The Breach Of Fiduciary Duty**

116.     Todd Taylor owed KAVAC a fiduciary duty, as he was acting as its lawyer. KAVAC trusted that Taylor would offer a fair and workable loan arrangement and would protect its interest. However, Taylor breached his duties with the encouragement and aid of Paull & Partners, Allan Paul and 21st Century Funding. The cross collateralization made the entire agreement unworkable because the completion and closing of properties did not free up capital to be utilized for other projects as envisioned by the parties. Taylor, as the manager of 21st Century, and participant in the various loan transactions and related documents breached fiduciary duties by causing his client to enter into the transactions with related entities. The transactions are unfair to KAVAC and void or voidable in light of the breaches of fiduciary duty.

**Fraud & Fraud In The Inducement**

117.     Paull & Partners Investments, LLC, acting through its agent, Allan Paul, fraudulently induced KAVAC into the loan transaction by misrepresenting to KAVAC that interest would only be charged on disbursed funds. However, Paull & Partners and Paull in fact charged interest on the amounts disbursed to KAVAC and the amounts retained by Paull & Partners.

Certified Document Number: 78396082 - Page 16 of 45

KAVAC relied on Paull's misrepresentations and would not have placed the loan with Paull & Partners if not for those false statements.

## VII.   <u>DAMAGES</u>

118.    KAVAC has sustained damages from the actions of Defendant within the jurisdictional limits of this Court, for which they plead. Additionally, and in the alternative, KAVAC seeks the equitable remedy of rescission.

## VIII.   <u>ATTORNEY'S FEES</u>

119.    Plaintiffs are entitled to recover reasonable and necessary attorney fees under the provisions of the Texas Civil Practice & Remedies Code Chapter 38.

## IX.   <u>REQUEST FOR INJUNCTIVE RELIEF</u>

120.    In light of the above described facts, KAVAC seeks recovery from Defendants for their actual damages from Paull & Partners' actions and injunctive relief as set forward below.

121.    KAVAC is likely to succeed on the merits of this lawsuit because it has evidence to establish the elements of their causes of action stated above. Furthermore, KAVAC is not required to show that it will prevail at trial, but only put forth some evidence on their claims that tend to support its causes of action. See, e.g., State v. Sw. Bell Tel. Co., 526 S.W.2d 526, 528 (Tex. 1975). KAVAC has carried that burden in this application for injunctive relief, and in the evidence presented to the Court during the October 13, 2016 hearing for Temporary Injunction.

122.    Unless this Honorable Court immediately restrains Defendants, KAVAC will suffer immediate and irreparable injury, for which there is no adequate remedy at law to give Plaintiff complete, final and equal relief. More specifically, Plaintiff will show the court the following:

  A. The harm to Plaintiff is imminent because the foreclosure sales are threatened to be noticed, to occur at the next foreclosure date in November, or thereafter and while this case remains pending.

  B. This imminent harm will cause KAVAC irreparable injury in that it will be divested of its interest in the properties set for foreclosure sale, and the resulting fall out will destroy KAVAC's business;

Certified Document Number: 78396082 - Page 17 of 45

C.  There is no adequate remedy at law which will give KAVAC complete, final and equitable relief because each parcel of real property is unique and KAVAC's loss of its interest in the real property cannot be remedied at law.

D.  KAVAC is willing and able to post some temporary injunction order bond and request the Court to set such bond in an amount that will not prevent Plaintiff from continuing the operation of his business. Paull & Partners has already been paid substantial sums of money on the various Notes and the granting of Plaintiff's request for injunctive relief will only delay the foreclosure of the subject properties until the first Monday of October, unless Plaintiff is successful in its request for a temporary injunction. Accordingly, Plaintiff prays the Court to set bond at a minimal amount as Defendants are otherwise protected if the granting of the temporary restraining order is later found to be in error.

## X. <u>REMEDY</u>

123.    KAVAC has met its burden by establishing such element which must be present before injunctive relief can be granted by this court, therefore KAVAC is entitled to the requested temporary injunction.

124.    Plaintiff requests the court to restrain Defendants from selling or transferring the Properties currently posted for foreclosure sale, and from posting these or any of the properties on which Defendants loaned money to Plaintiff, including all of the properties that were collateral to the loans made on the properties for which Court entered a Temporary Injunction, on October 13, 2016, during the pendency of this case and from taking any other action until final judgment, or further orders of this Court.

125.    In order to preserve the status quo during the pendency of this action, Plaintiff requests that Defendants be temporarily enjoined from selling or transferring the Properties covered by the loan documents involved in this case, or any other property of KAVAC or Fisher, at foreclosure sales until final judgment, or further orders of this Court.

126.    On or about July 1, 2016, Terry Fisher signed a Promissory Note (the "Note"), Deed of Trust (2nd Lien) (the "Deed of Trust") and related loan documents in connection with a second-lien on property (the "Loan Agreement"). True and correct copies of the Note and Deed of Trust are attached to Plaintiff' Petition and incorporated by reference as Exhibit 1 and Exhibit 2, respectively. The original maturity of the loan agreement was August 1, 2017.

Certified Document Number: 78396082 - Page 18 of 45

127.     On February 3, 2017, the loan's maturity date was extended to July 1, 2018.

128.     The property is described as:

> **All of Fisher Estates at Yale**, a subdivision in Harris County, Texas according to the map or plat thereof, recorded under Film Code No. 671146 of the Map Records of Harris County, Texas (being a replat of Lots 5 & 6 and the adjoining North one-half (1/2) of Lot 7, Block 245, Houston Heights, according to the map or plat thereof, recorded in Volume 1, Page 114, Map Records, Harris County, Texas (the "Property").

129.     On or about November 20, 2017, the Property's owner learned that Defendant has posted the property secured by the Deed of Trust for foreclosure. The foreclosure sale was scheduled to occur on December 5, 2017. No prior notice of default was provided by defendant and the Loan Agreement does not "clearly and unequivocally" provide that plaintiff has waived its right to notice of default and an opportunity to cure.

130.     The relevant language from the Deed of Trust is quoted below:

> If there is a default on the Obligation or if Grantor fails to perform any of Grantor's obligations ***and the default continues after any required notice of default and the time to cure allowed***, Lender may—
>
>> a.   declare the unpaid balance and earned interest on the Obligation immediately due; Exhibit 2, ¶ 7 (emphasis supplied).

131.     The relevant language from the Note is quoted below:

> Borrower waives, to the extent permitted by law, all (1) demand for payment, (2) presentment for payment, (3) notice of intention to accelerate maturity, (4) notice of acceleration of maturity, (5) protest, (6) notice of protest, (7) rights under sections 51.003, 51.004, and 51.005 of the Texas Property Code, and (8) rights under section 17.001 and chapter 43 of the Texas Civil Practice and Remedies Code and rule 31 of the Texas Rules of Civil Procedure.[1]

132.     Nowhere in the Note or the Deed of Trust did Plaintiff waive the right to notice of default or of its right to cure any alleged default.

---

[1]     The waivers of the protections afforded by the Property Code, the Civil Practice and Remedies Code and the Rules of Civil Procedure do not apply here.

Certified Document Number: 78396082 - Page 19 of 45

133.     In *Dolci v. Askew*, No. 04-95-00867-CV, 1997 WL 428560, at *2 (Tex. App.—San Antonio 1997, not desig. for publ.), the court held that the borrower had not waived its right to notice and an opportunity to cure an alleged payment default.

134.     The language in the *Dolci* loan documents is substantively identical to the language of the Loan Documents in this case, with the Note providing the following waivers:

> If Maker defaults in the payment of this note or in the performance of any obligation in any instrument securing or collateral to it, and the default continues after Payee gives Maker notice of the default and the time within it must be cured, as may be required by law or by written agreement, then Payee may declare the unpaid principal balance due and earned interest on this note immediately due. Maker and each surety, endorser, and guarantor waive all demands for payment, presentations for payment, notices of intention to accelerate maturity, notices of acceleration of maturity, protests, and notices of protest, to the extent permitted by law.

135.     The deed of trust contained the following language:

> If Grantor defaults on the note or fails to perform any of Grantor's obligations or if default occurs on a prior lien note or other instrument, ***and the default continues after Beneficiary gives Grantor notice of the default and the time within which it must be cured***, as may be required by law or by written agreement, then Beneficiary may declare the unpaid principal balance and earned interest on the note immediately due. Id. at 2 (emphasis supplied).

136.     The lender in *Dolci* argued that the waiver in the note "alone was sufficient to relieve him of his duty to give notice and an opportunity to cure." But the appellate court, noting that acceleration is disfavored, disagreed, and held that "it is clear that the presence of waiver language in the Note would ordinarily be sufficient even though it was not contained in the Deed of Trust, and though the waiver clause in the Note, when read in a vacuum, is sufficiently clear, when the Note is read as a whole, we cannot agree that the waiver is clear and unequivocal."

***137.     The court of appeals held that the trial court correctly enjoined the foreclosure sale based on the borrower's alleged payment default.***

138.     The identical result was reached in *Mathis v. DCR Mortg. III Sub I L.L.C.*, 389 S.W.3d 494 (Tex. App.—El Paso 2012, no pet.). In that case, the note provided as follows:

Certified Document Number: 78396082 - Page 20 of 45

Certified Document Number: 78396082 - Page 21 of 45

> Each of Makers, each guarantor of any of the Indebtedness, and each person who grants any lien or security interest to secure payment of any of the Indebtedness, (i) except as expressly provided herein, waives all notices (including, without limitation, notice of intent to accelerate, notice of acceleration and notice of dishonor), demands for payment, presentment, protest and diligence in bringing suit and in the handling of any security. Id. at 498.

139.    The deed of trust was nearly verbatim to the deed of trust at issue in this case. It provided:

> If Grantor defaults on the note or fails to perform any of Grantor's obligations or if default occurs on a prior lien note or other instrument, and ***the default continues after Beneficiary gives Grantor notice of the default and the time within which it must be cured***, as may be required by law or by written agreement, then Beneficiary may:
>
> a.    declare the unpaid principal balance and earned interest on the note immediately due. Id.

140.    The trial court denied the borrower's request for TRO, and the court of appeals reversed. In doing so, it held that, although the borrower plainly waived its right to notice of intent to accelerate and of acceleration itself, the language in the loan documents did not "clearly and unequivocally" waive its right to notice of default and an opportunity to cure. In reaching its conclusion, the court noted that acceleration is disfavored. Id. at 507 (citing *Mastin v. Mastin*, 70 S.W.3d 148, 154 (Tex. App.—San Antonio 2001, no pet.) and *Burns v. Stanton*, 286 S.W.3d 657, 661 (Tex. App.—Texarkana 2009, pet. denied) (noting that "[B]ecause acceleration of a debt is viewed as a harsh remedy, any such clause will be strictly construed")).

141.    The *Mathis* Court held that, if the deed of trust were silent on the issue, the waiver would be valid and enforceable. But the deed of trust is not silent." Id. at 507. Rather, the court held that, by including the reference to the borrower's right to notice of a payment default and an opportunity to cure it, the deed of trust:

> creates a reasonable doubt as to whether the parties clearly and unequivocally intended to waive notice of default and time to cure, which amounts to notice of intent to accelerate. It is undisputed that there was no notice of intent to accelerate and time to cure. ***Because there was not an effective waiver of notice of intent to accelerate, acceleration was void as a matter of law.***

Id. at 507–08.

142.     Here, there is no dispute that defendant gave no notice of default so that any alleged default could be cured. And, a comparison of the language in the Deed of Trust at issue in this case and the deed of trust in Mathis show the two are virtually identical.

| Subject Deed of Trust | Mathis Deed of Trust |
|---|---|
| If there is a default on the Obligation or if Grantor fails to perform any of Grantor's obligations *and the default continues after any required notice of default and the time to cure allowed*, Lender may—<br>a. declare the unpaid balance and earned interest on the Obligation immediately due; | If Grantor defaults on the note or fails to perform any of Grantor's obligations. . ., and *the default continues after Beneficiary gives Grantor notice of the default and the time within which it must be cured*, as may be required by law or by written agreement, then Beneficiary may:<br>a. declare the unpaid principal balance and earned interest on the note immediately due. |

143.     Acceleration is a harsh remedy. *Mastin*, 70 S.W.3d at 154; *see also Burns*, 286 at 661. Accordingly, clauses permitting acceleration "will be strictly construed." *Burns*, 286 S.W.2d at 661. Texas law applies "strict scrutiny" to acceleration provisions, and "if any reasonable doubt exists as to the parties' intent, we resolve that doubt against acceleration." *Mathis*, 389 S.W.3d at 507.

144.     Here, it is undisputed that defendant failed to give notice of the alleged default and an opportunity to cure, and the Deed of Trust in this case is substantively identical to those in *Mathis* and *Dolci*. Accordingly, the same result should be reached here that was reached in *Mathis* and *Dolci*.

145.     Additionally, the notice of foreclosure fails to give the Plaintiff the amount due. Rather, it reads, in full that Plaintiff must contact the lender's substitute trustee for the payoff, but the substitute trustee has refused to give a payoff of the amount due to prevent the foreclosure.

## XI.     <u>Plaintiff's Verified Application for Temporary Restraining Order and Temporary Injunction</u>

**2020 McGOWAN BACKGROUND FACTS**

146.     2020 McGowen LLC ("2020 McGowan") builds multifamily residential units in Houston, Texas and is currently involved in a construction and development project (the 'Project') located at 2020 McGowen Street, Houston, Texas 77004 (hereinafter the "Property"). The Project involves the building of townhomes in three different buildings or blocks, of 6, 5 and 12 units, respectively.

147.     Stallion Funding, LLC is an unlicensed lender and raises funds through the public for the purpose of making high interest loans in Texas. Stallion Funding, LLC is structured in a fashion that requires large loan fees be paid up front, which are then used as commissions for distribution to its principals. Additionally, Stallion Funding, LLC also adds significant interest to the loan.

148.     Terry Fisher and his affiliate 2020 McGowan, LLC are construction companies that entered into loan agreements with Stallion Funding, LLC for a variety of construction projects. The loan agreements are secured by multiple tracts of land through cross collateralized deed of trust agreements. The loan agreements and deeds of trust were drafted by Stallion Funding, LLC lawyer.

149.     As part of the development of the Project, 2020 McGowen took out several loans from Defendant, Stallion Funding, LLC to finance the construction of units at the Project. The first loan, taken out on or about October 12, 2015, was for the construction units S, T, U, V and W, in the five-unit building. The second loan, taken out on or about December 30, 2015, was for the construction of units M, N, O, P. Q and R in the six-unit building. The third loan ('Loan 3'), taken out on or about July 29, 2016, and which is part of the basis of this suit, was for units A through L in the 12-unit building.

150.     The loan agreements were drafted in a manner that limited access to additional investment capital needed to complete other construction projects envisioned by the parties' agreement.  Stallion Funding, LLC practice and procedures essentially eliminated Fisher and 2020 McGowan's ability to complete the 2020 McGowan Project.

151.     At the closing of the third loan, irregularities started to appear as Defendant funded twice the amount that was requested. That is, Defendant funded $1,600,000 when only about $850,000 was required or had been requested. This was to the detriment of Plaintiff because it was required to needlessly pay excess interest. Subsequently, when disbursements were made on Loan 3, Defendant unilaterally applied some of the disbursed amounts to other,

Certified Document Number: 78396082 - Page 23 of 45

unrelated loans for other projects, reducing the amount available for construction and operation.

152.     The Debtor, a single member, single purpose entity was created on June 10th 2014, for the purpose of developing unimproved property located at 2020 McGowen St., Houston, TX. Terry Fisher was, and is the sole member of the Debtor, and is the Managing Member.

153.     Upon creation of the Debtor, the property at 2020 McGowen was purchased. It was financed by the seller on a "Seller-Carry" note with a purchase price of $1.3 million dollars. The project was platted and permitted to be a 23-unit single-family/ townhome home development. Each unit was to be constructed in identical manner at 2,029 square feet. The units were to be 3 stories, common wall, wood frame with Hardy exterior. The properties share a common driveway that runs the length of the project which each home having garage access. The project was designed and to be built in three phases, 5 units, 6 units, and 12 units. Terry Fisher has a history of similarly developed properties. Andre Julien designed the project, with Fisher Homes operating as the General Contractor.

154.     The Debtor approached Vince Balagia (VB), owner of Stallion Funding to finance the construction of the 2020 McGowen Project. VB looked at the project and offered a term sheet for financing the first 5-unit building in October of 2015. The initial funding of the 5-unit building was in October of 2015 for $1,375,000. The loan amounts for each building included construction budgets for each unit in the building and a payoff to the land seller who carried the note for the purchase of the property.

155.     The 6-unit building was financed in January of 2016 for $1,650,000, and the 12-unit building was financed in August of 2016 for $3,550,000. The total loan commitment was approximately $6,500,000. The lender toured the project before, during and after the funding of the loans.

156.     The first 5-unit building began construction in October of 2015, the 6 unit building in January of 2015 and the 12 unit building in August of 2016. The maturity dates of each of the loans were basically 1 year from the time of funding. The 5-unit matured in November of 2016, the 6-unit matured in February of 2017 and the 12-unit loan matured in August of 2017. All requested info had been provided to the lender who knew what the cost of completion would be for each unit and the total project.

157.     The common area site work was factored proportionately into the budget of each unit and completed as each unit was being constructed. The Certificate of occupancy could not

be issued by the city of Houston until the common area site would was finished and approved. At that time the units could be sold and buyers could move in. The lender was made aware that the certificate of occupancy could not be issue until all the common areas were completed.

158.      Each of the completed units in the project was to be listed at $425,000. In the fall of 2016 one unit in the 5-unit building went under contract for $410,000 with an earnest money deposit of roughly 1%, validating the marketability of the units. The plan was as units sold, the remaining profit would be used to further construction on remaining units until the completion of construction. The Debtor had appraisals and brokers opinions of value to validate the expected sales prices. All units were 3-bedroom with a 2-car garage, closely accessible to the Medical Center and downtown. At $420,000, the sale of all of the units in the 2020 McGowen project, the gross sales would have been $9,660,000. After paying off the lender, the gross profit was projected to be approximately $3,100,000.00.

159.      At funding, the lender charged and were paid origination fees from the funded amounts. The origination fees totaled approximately $250,000. The lender did not require cash be brought to loan closing, so they knew the construction loan amount, minus the origination fees was not enough to complete the construction of the project. The lender knew that if there were no pre-sales with lien releases, then there would not be enough money to complete construction.

160.      As the project moved forward, construction draws were submitted to the lender for approval and funded based on the percentage of construction completion noted by the lenders inspections. As construction progressed, the lender began withholding funds from the approved draw requests to pay the interest that was due on the unrelated projects. The Debtor's CFO, Bill Toomey notified the lender on several occasions to not divert funds from one project to pay the costs of another project because it complicated accounting and forced the accountants to compromise entity structures. It seemed that the lenders strategy was to not approve draws in total until the end of the month so the work completed could be approved around the beginning of the following month, when interest payments were due.

161.      At one point the lender held draw funds that should have been disbursed on a Friday through a weekend stating that their inspection reports which typically come in on Thursday were delayed. The 1st of the month occurred over a weekend, and instead of disbursing the

Certified Document Number: 78396082 - Page 25 of 45

construction funds to 2020 McGowen LLC that should have been approved the week prior, they paid the interest costs of unrelated projects that were due on the 1st of the new month.

162.      Stallion had, at different times, funded the following separate projects, under separate loan documents. Construction draw funds from the 2020 McGowen loans paid interest on the following projects.

         a.   2104 Oatfield Drive, Houston TX

         b.   2613 Waugh drive, Houston TX

         c.   2615 Waugh drive, Houston TX

163.      The lenders practice of withholding funds to pay interest on un-related loans, caused the electrical, HVAC and plumbing contractors not to get paid, and ultimately resulted in mechanics liens on the property. Since these contractors were significant dollar amounts in the construction budgets of the projects, most of the funds that were supposed to be paid to these subcontractors, were withheld to pay interest expenses on unrelated projects.

164.      Terry Fisher and Bill Toomey met with VB in his office on several occasions due to VB nor anyone else in their office returning phone calls. On several occasions, texts were sent asking VB to call regarding problems with the 2020 McGowen project. At the end of 2016 in a meeting with VB, VB agreed that the interest costs on the McGowen project would be split into weekly interest payments instead of taking all the interest at the beginning of the month. The very next draw, the entire amount was withheld for interest payments with no warning or notice to the Debtor. The Debtor had performed more work and incurred more subcontractor costs on promises from the lender, which turned out to be false.

165.      The lender stopped returning phone calls, stopped funding and posted for the project for foreclosure. On April 28 2017, a TRO was granted and on May 5th 2017, the Bankruptcy was filed.

166.      Post-petition, the lender hired a security guard who refused the Debtor access to the property to work or recover tools. Subsequently, the lender hired a security guard and fenced the property to permanently deny the Debtor and all subcontractors access to the project.

167.      At the time the lender stopped finding there was still approximately $800,000 in drawable funds that had not funded to 2020 McGowen LLC.

168.      Plaintiffs will also show that only Stallion Funding, LLC obtained an order lifting the automatic stay to permit that entity to pursue any action against Plaintiff under state court.

Certified Document Number: 78396082 - Page 26 of 45

However, the other Defendants that have posted all or a portion of the Property for foreclosure are in violation of the automatic stay.

169.     Further, in evidence developed in bankruptcy court, Plaintiffs opposed any pan to fund or sell assets to fund completion of the Project.  Defendants were aware that the total project would produce millions in profits and sought to take over the project and steal the profits.

170.     The Debtor in bankruptcy has filed a plan and it is set for confirmation which provides for 100 % payment of all legitimate debts of Plaintiffs.  Defendants are attempting to use state foreclosure to circumvent payment of all legitimate debts to force some entities owed money to go unpaid.

171.     This Court should stop the pending foreclosure which provides for payment of all legitimate debts and prevents Defendants from stealing the Project after having engaged in such fraudulent activities in funding outside the loan agreements.

## 2020 MCGOWAN CAUSES OF ACTION

172.     **Breach of Contract**: Plaintiff entered into a number of loan agreements with Defendant which provided for Defendant to fund construction projects. Defendant breached some or all of those agreements, causing Plaintiff to sustain damages, which damages Plaintiff seeks to recover in this suit in an amount within the jurisdictional limits of this Court.

173.     **Fraud**: Plaintiff would further show that         Defendant       made       multiple misrepresentations to Plaintiff to induce Plaintiff to enter into loan agreements. Plaintiff reasonably relied on those misrepresentations and sustained damages as a result of that reliance, Plaintiff seeks to recover in this suit in an amount within the jurisdictional limits of this Court. Alternatively, Defendants engaged in constructive fraud because of Defendants representations of funding according to the agreed schedule when in fact they had a tendency to deceive Plaintiffs and others and violated the confidence that the Project would be adequately funded to completion as represented by Defendants.

174.     **Lender Liability/Breach of Special Relationship/Fiduciary Duty**:  Defendants acted as fiduciaries over the proceeds and breached their fiduciary duty in order to take over the project and complete it and take the profits away from the owner.  Defendants exerted excessive control over Plaintiff causing Plaintiff not to be adequately funded on the

Certified Document Number: 78396082 - Page 27 of 45

McGowan Project as promised.  A special relationship was created as a result of Defendants control and influence in the business activities of Plaintiff.  Defendant/Lender made decisions on which vendors would be paid and paid itself over paying workmen and contractors.  As a result, the Project was forced into bankruptcy as a result of Defendants putting their owe interest above Plaintiffs.

175.     **Negligent Misrepresentation:**   Pleading in the alternative, Defendant's made representations to Plaintiffs in the course of Defendant's business of making loans and servicing loans and/or in the transaction of funding the Project in which the Defendant had a pecuniary  interest; (2) Defendants provided false information for the guidance of Plaintiffs; (3) Defendants failed to exercise reasonable care or competence in obtaining or communicating the information; (4) Plaintiffs justifiably relied on Defendants' representation; and (5) Defendants' negligent misrepresentation proximately causing the Plaintiffs' injury.

176.     **Conversion:** Plaintiff would show that it owned or had legal possession of personal property or entitlement to possession; (2) Defendant unlawfully and without authorization assumed and exercised dominion and control over the property to the exclusion of, or inconsistent with Plaintiff's rights as an owner; (3) Plaintiff demanded return of the property; and (4) Defendant refused to return the property. Accordingly, Plaintiff brings this suit to recover its personal property.

177.     **Money Had & Received:** Plaintiff would show that Defendant holds money which in equity and good conscience belongs to Plaintiff and seeks to recover that money in this suit.

178.     **Trespass**: Plaintiff would show that Defendant committed trespass by entering a construction site owned by Plaintiff with neither express nor implied permission to enter the property and thereafter denying access to the property by Plaintiff. As a result of Defendant's trespass, Plaintiff has been unable to complete construction at the property and has sustained damages within the jurisdictional limits of this Court, which Plaintiff seeks to recover in this suit.

Certified Document Number: 78396082 - Page 28 of 45

179.     **Usury:** Plaintiff would show that Defendant engaged in usury by unilaterally taking money from disbursements to pay interest on different loans, thereby doubling the effective interest rate.

180.     **Request For An Accounting:** Additionally and in the alternative, Plaintiff seeks an accounting from Defendant regarding the various loans that are the subject of this suit. Plaintiff has a contractual relationship with Defendant which will support Plaintiff's request for an accounting, and/or the facts and accounts presented are so complex adequate relief may not be obtained at law, making an equitable accounting appropriate.

181.     In light of the above described facts, Plaintiff seeks recovery from Defendant for their actual and consequential damages from Defendants' actions, and injunctive relief as set forward below.

182.     Plaintiff is likely to succeed on the merits of this lawsuit because it has evidence to establish the elements of its causes of action of breach of contract, fraud, conversion, breach of fiduciary duty/misappropriation; money had and received; and trespass; as set forth above.  Furthermore, Plaintiff is not required to show that it will prevail at trial, but only put forth some evidence on its claims that tend to support its causes of action. See, e.g., *State v. Sw. Bell Tel. Co.*, 526 S.W.2d 526, 528 (Tex. 1975). Plaintiff has carried that burden in this application for injunctive relief.

183.     Unless this Honorable Court immediately restrains Defendants, Plaintiff will suffer immediate and irreparable injury, for which there is no adequate remedy at law to give Plaintiff complete, final and equal relief. More specifically, Plaintiff would show the court the following:

      a.  The harm to Plaintiff is imminent because the foreclosure sales is to occur on Tuesday, May 2, 2017 between 10:00 a.m. and 4:00 p.m.;

      b.  This imminent harm will cause Plaintiff irreparable injury in that Plaintiffs will be robbed of its interest in the properties set for foreclosure sale;

      c.  There is no adequate remedy at law which will give Plaintiff complete, final and equal relief because each parcel of real

Certified Document Number: 78396082 - Page 29 of 45

property is unique and Plaintiff's loss of its interest in the real property cannot be remedied at law.

## **Ex Parte Hearing Is Proper**

184.     Plaintiff would show that an ex parte hearing is proper as there is insufficient time for hearing on this application for injunctive relief before the Property is set for foreclosure sale on May 2, 2017.

185.     Plaintiff is willing to post a reasonable temporary restraining order bond and request the Court to set such bond. Plaintiff notes that the Properties at issue are secured from harm and the granting of Plaintiff's request for injunctive relief will only delay the foreclosure of the subject properties until the first Tuesday, unless Plaintiff is successful in its request for a temporary injunction. Accordingly, Plaintiff prays the Court to set bond at a minimal amount as Defendant is otherwise protected if the granting of the temporary restraining order is later found to be in error.

## **Remedy**

186.     Plaintiff has met its burden by establishing such element which must be present before injunctive relief can be granted by this court. Therefore Plaintiff is entitled to the requested temporary restraining order.

187.     Plaintiff requests the court to restrain Defendant from selling or transferring the Property at foreclosure sale on May 2, 2017, and from taking any other action until such time as there can be a hearing on Plaintiff's request for a temporary injunction.

188.     It is essential that the court immediately and temporarily restrain Defendant from selling or transferring the Property at foreclosure sale on May 2, 2017. It is essential that the court act immediately, prior to giving notice to Defendant and a hearing on the matter, because there is too little time to conduct such a hearing before the threatened foreclosure sale on Tuesday, May 2, 2017.

189.     In order to preserve the status quo during the pendency of this action, Plaintiff requests that Defendant be temporarily enjoined from selling or transferring the Property at foreclosure sale on May 2, 2017.

*Plaintiffs' Fourth Amended Petition*                                               *Page 30*

## 829 YALE AND 832 YALE BACKGROUND FACTS

190.     832 Yale ("the Property") was a Project that was completed.  832 Yale was cross-collateralized by the loans on 2020 McGowan.  Defendants interfered with the potential sale of the Property and exerted excessive amounts owed by Plaintiffs.  As a result, on May 1, 2017, 832 Yale St. LLC filed bankruptcy because the value of the Property was greater than the actual debt owed.  The Bankruptcy Petition #: 17-32790.  Defendants did not obtain Bankruptcy Court permission to proceed with a foreclosure of the Debtor's only asset.  In violation of the automatic bankruptcy stay, Defendants posted the Property for foreclosure of the February 6, 2018 sale.

191.     Thus, Defendants are in violation of Federal bankruptcy law and should be immediately enjoined from any foreclosure on February 6, 2018 as to the Property at 832 Yale St, Houston, Texas.

192.     On or about July 1, 2016, Plaintiff signed a Promissory Note (the "Note"), Deed of Trust (2nd Lien) (the "Deed of Trust") and related loan documents in connection with a second-lien on property (the "Loan Agreement"). The original maturity of the loan agreement was August 1, 2017.

193.     On February 3, 2017, the loan's maturity date was extended to July 1, 2018.

194.     The Property Plaintiffs seek to foreclose is described in the notice of foreclosure as:

> All of Fisher Estates at Yale, a subdivision in Harris County, Texas according to the map or plat thereof, recorded under Film Code No. 671146 of the Map Records of Harris County, Texas (being a replat of Lots 5 & 6 and the adjoining North one-half (1/2) of Lot 7, Block 245, Houston Heights, according to the map or plat thereof, recorded in Volume 1, Page 114, Map Records, Harris County, Texas (the "Property").

195.     On or about November 20, 2017, the Property's owner learned that Defendants had posted the Property secured by the Deed of Trust for foreclosure. Suddenly, Plaintiffs were claiming they had intentionally not extended both notes but only extended the First Lien. Defendants now claimed the Second Lien had "matured."  At that time the First Lien had not matured but the First Lien holder acting in concert with the Second Lien Holder refused

*Plaintiffs' Fourth Amended Petition*                                                   **Page 31**

to continue funding the Project in violation of the promises made by Defendants and in breach of the loan agreement.  The Second Lien Holder set the foreclosure sale to occur on December 5, 2017. No prior notice of default was provided by defendant and the Loan Agreement does not "clearly and unequivocally" provide that plaintiff has waived its right to notice of default and an opportunity to cure. Subsequently, Defendants sought delay and waited until the interest reserves were depleted to now claim that the First Lien was in "Default."  Now, both the First and Second Lien Holders have moved to foreclose the Property.  However, when Plaintiffs informed the First Lien Holder that they would pay the alleged "cure" amount the First Lien Holder rejected the tender and instead placed the additional requirement that the Second Lien Holder would also have to be "cured."  The concept of "curing" a note that Defendants allege had "matured" almost a year ago was bizzare and nothing more than evidence of their collusion and their acting in concert to defraud Plaintiffs. Thus, the First Lien Holder never provided any opportunity to cure that was consistent with the loan agreement or the Deed of Trust.

196.    The relevant language from the Deed of Trust is quoted below:

If there is a default on the Obligation or if Grantor fails to perform any of Grantor's obligations and the default continues after any required notice of default and the time to cure allowed, Lender may—

a.  declare the unpaid balance and earned interest on the Obligation immediately due;

Exhibit 2, ¶ 7 (emphasis supplied).

197.    The relevant language from the Note is quoted below:

Borrower waives, to the extent permitted by law, all (1) demand for payment, (2) presentment for payment, (3) notice of intention to accelerate maturity, (4) notice of acceleration of maturity, (5) protest, (6) notice of protest, (7) rights under sections 51.003, 51.004, and 51.005 of the Texas Property Code, and (8) rights

*Plaintiffs' Fourth Amended Petition*                                                                        *Page 32*

under section 17.001 and chapter 43 of the Texas Civil Practice and Remedies Code and rule 31 of the Texas Rules of Civil Procedure.2

198.    Nowhere in the Note or the Deed of Trust did Plaintiff waive the right to notice of default or of its right to cure any alleged default.

199.    In *Dolci v. Askew*, No. 04-95-00867-CV, 1997 WL 428560, at *2 (Tex. App.—San Antonio 1997, not desig. for publ.), the court held that the borrower had not waived its right to notice and an opportunity to cure an alleged payment default.

200.    The language in the *Dolci* loan documents is substantively identical to the language of the Loan Documents in this case, with the Note providing the following waivers:

> If Maker defaults in the payment of this note or in the performance of any obligation in any instrument securing or collateral to it, and the default continues after Payee gives Maker notice of the default and the time within it must be cured, as may be required by law or by written agreement, then Payee may declare the unpaid principal balance due and earned interest on this note immediately due. Maker and each surety, endorser, and guarantor waive all demands for payment, presentations for payment, notices of intention to accelerate maturity, notices of acceleration of maturity, protests, and notices of protest, to the extent permitted by law.

201.    The deed of trust contained the following language:

> If Grantor defaults on the note or fails to perform any of Grantor's obligations or if default occurs on a prior lien note or other instrument, ***and the default continues after Beneficiary gives Grantor notice of the default and the time within which it must be cured***, as may be required by law or by written agreement, then Beneficiary may declare the unpaid principal balance and earned interest on the note immediately due. Id. at 2 (emphasis supplied).

---

² The waivers of the protections afforded by the Property Code, the Civil Practice and Remedies Code and the Rules of Civil Procedure do not apply here.

**Plaintiffs' Fourth Amended Petition**                                        **Page 33**

Certified Document Number: 7839682 - Page 33 of 45

202.     The lender in *Dolci* argued that the waiver in the note "alone was sufficient to relieve him of his duty to give notice and an opportunity to cure." But the appellate court, noting that acceleration is disfavored, disagreed, and held that "it is clear that the presence of waiver language in the Note would ordinarily be sufficient even though it was not contained in the Deed of Trust, and though the waiver clause in the Note, when read in a vacuum, is sufficiently clear, when the Note is read as a whole, we cannot agree that the waiver is clear and unequivocal."

***203.     The court of appeals held that the trial court correctly enjoined the foreclosure sale based on the borrower's alleged payment default.***

204.     The identical result was reached in *Mathis v. DCR Mortg. III* Sub I L.L.C., 389 S.W.3d 494 (Tex. App.—El Paso 2012, no pet.). In that case, the note provided as follows:

> Each of Makers, each guarantor of any of the Indebtedness, and each person who grants any lien or security interest to secure payment of any of the Indebtedness, (i) except as expressly provided herein, waives all notices (including, without limitation, notice of intent to accelerate, notice of acceleration and notice of dishonor), demands for payment, presentment, protest and diligence in bringing suit and in the handling of any security. Id. at 498.

205.     The deed of trust was nearly verbatim to the deed of trust at issue in this case. It provided:

> If Grantor defaults on the note or fails to perform any of Grantor's obligations or if default occurs on a prior lien note or other instrument, and the default continues after Beneficiary gives Grantor notice of the default and the time within which it must be cured, as may be required by law or by written agreement, then Beneficiary may:
>
> >     a.   declare the unpaid principal balance and earned interest on the note immediately due.

Id.

206.     The trial court denied the borrower's request for TRO, and the court of appeals reversed. In doing so, it held that, although the borrower plainly waived its right to notice of intent to accelerate and of acceleration itself, the language in the loan documents did not

***Plaintiffs' Fourth Amended Petition***                                        ***Page 34***

"clearly and unequivocally" waive its right to notice of default and an opportunity to cure. In reaching its conclusion, the court noted that acceleration is disfavored. Id. at 507 (citing *Mastin v. Mastin*, 70 S.W.3d 148, 154 (Tex. App.—San Antonio 2001, no pet.) and *Burns v. Stanton*, 286 S.W.3d 657, 661 (Tex. App.—Texarkana 2009, pet. denied) (noting that "[B]ecause acceleration of a debt is viewed as a harsh remedy, any such clause will be strictly construed")).

207.     The *Mathis* Court held that, if the deed of trust were silent on the issue, the waiver would be valid and enforceable. But the deed of trust is not silent." Id. at 507. Rather, the court held that, by including the reference to the borrower's right to notice of a payment default and an opportunity to cure it, the deed of trust:

> creates a reasonable doubt as to whether the parties clearly and unequivocally intended to waive notice of default and time to cure, which amounts to notice of intent to accelerate. It is undisputed that there was no notice of intent to accelerate and time to cure. Because there was not an effective waiver of notice of intent to accelerate, acceleration was void as a matter of law.
>
> Id. at 507–08.

208.     Here, there is no dispute that defendant gave no notice of default so that any alleged default could be cured. And, a comparison of the language in the Deed of Trust at issue in this case and the deed of trust in Mathis show the two are virtually identical.

| Subject Deed of Trust | Mathis Deed of Trust |
|---|---|
| If there is a default on the Obligation or if Grantor fails to perform any of Grantor's obligations *and the default continues after any required notice of default and the time to cure allowed*, Lender may—<br><br>a. declare the unpaid balance and earned interest on the Obligation immediately due; | If Grantor defaults on the note or fails to perform any of Grantor's obligations. . ., and *the default continues after Beneficiary gives Grantor notice of the default and the time within which it must be cured*, as may be required by law or by written agreement, then Beneficiary may:<br><br>a. declare the unpaid principal balance and earned interest on the note immediately due. |

**Plaintiffs' Fourth Amended Petition**                                  **Page 35**

209.        Acceleration is a harsh remedy. *Mastin*, 70 S.W.3d at 154; see also *Burns*, 286 at 661. Accordingly, clauses permitting acceleration "will be strictly construed." *Burns*, 286 S.W.2d at 661. Texas law applies "strict scrutiny" to acceleration provisions, and "if any reasonable doubt exists as to the parties' intent, we resolve that doubt against acceleration." *Mathis*, 389 S.W.3d at 507.

210.        Here, it is undisputed that Defendants failed to give proper notice of the alleged default and failed to provide an opportunity to cure.  By rejecting a legitimate tender of cure, the First Lien Holder breached the loan agreement and failed to comply with longstanding Texas law.  The Deed of Trust in this case is substantively identical to those in *Mathis* and *Dolci*. Accordingly, the same result should be reached here that was reached in *Mathis* and *Dolci*.

211.        Additionally, the notice of foreclosure fails to give the Plaintiff the amount due. Rather, it reads, in full that Plaintiff must contact the lender's substitute trustee for the payoff, but the substitute trustee has refused to give a payoff of the amount due to prevent the foreclosure.  As to the Second Lien Holder, it makes no sense to say there is an amount to cure unless the note was extended which Defendants deny.  As to the First Lien Holder, it failed to give a proper cure amount because it required the Second Note be brought current which was absurd as well.

212.        In selling the project to 2017 Yale Development, Kavish Wazirali of Texas Title Company and Matthew Aycock of Pratt Aycock PLLC law firm communicated as the agent for David Alvarez and D&A Alvarez Group, LLC and the First Lien Holder First Stallion Funding, LLC that they would extend both loans. Based upon those representations Terry Fisher sold to 2017 Yale Development, LLC the Project.   But for those representations, the Plaintiffs would not have entered into the real estate transaction for which Matt Aycock and his title company provided the title work to close the transaction for.

213.        The First and Second Lien Holders acted in concert to defraud Plaintiffs.  The Servicer acting as agent for the Defendants did not break out which loan was  funding the continued construction.  But after the closing, both lien holders continued to operate as if both notes had been extended.  After the construction reached the stage of being dryed-in, the lien holders then moved to take the Project away and reap the profits for themselves.

Certified Document Number: 78396082 - Page 36 of 45

The servicer has stated the First Lien Holder was funding the project as if both loans had been exended and that Alvarez and his company simply moved to foreclose the note that he had not extend in writing.  The First Lien Holder funded the Project until the Project was "dryed-in" and then Alvarez moved to steal the Project and take it over himself for the benefit if himself and the First Lien Holder.  Upon information and belief, Alvarez and the First Lien Holder are friends and do business together and entered into a scheme to take the Project from Plaintiffs when the Project neared completion.  After months of acting like both notes had been extended, Alvarez gave notice of foreclosure immediately after the Project reached the critical stage of being dryed-in and nearing completion despite the fact that the Project funding had not been fully paid out according to the funding limit for completion of the Project.  There was conclusion between the First Lien holder and the second holder to have Fisher continue the Project until it was dryed-in and at that point Alvarez as the Second Lien holder revealed that he wanted to take over the project.  The representation to extend both notes was false.  It was made in conspiracy in regards to a real estate transaction.

214.    Upon information and belief Alvarez has already sought and possibly obtained funding and entered into an agreement to take over the Project.  Alvarez has interfered with Plaintiff 2017 Yale Development LLC contract with the First Lien Holder.

215.    The First Lien holder sent a letter stating a cure.  However, when Plaintiff 2017 Development LLC offered to send the entire amount requested to cure the First Lien Holder in full, the First Lien Holder rejected the offer to cure.  This was a violation of the agreement.

216.    The First Lien Holder and the Second Lien Holder conspired to defraud Plaintiffs and to take over the Project at a point when it was dryed in and ready to be profitable.

217.    The preceding paragraphs are incorporated by reference as if fully set forth at length. On February 3, 2017, the defendant gave written notice of its agreement to extend the maturity date of the subject loan to July 1, 2018. On information and belief, Plaintiff believes that an alternate basis of the foreclosure is the stated maturity (i.e., a maturity not based on an alleged default and acceleration) of the Loan Agreement. Plaintiff will show that the it reasonably relied, to its detriment, on the promises of defendant that the maturity

Certified Document Number: 78396082 - Page 37 of 45

date had been extended to July 1, 2018, consistent with the written communications from Defendant, and that Plaintiff has suffered a cognizable injury as a result of its reliance.

218.        In addition because the second lienholder is now disavowing the modification it promised to make, it served notice only on 829 Yale LLC.  The second lienholder did not serve notice of this intent to foreclose on the record owner of the property which is 2017 Yale Street LLC. Therefore any foreclosure on this property is unlawful (certainly as to the second lienholder), because of the failure to give any notice of the foreclosure to the lawful owner of the property.

## XII.    <u>CAUSES OF ACTION</u>

### i.    **Breach of Contract**

219.        The preceding paragraphs are incorporated by reference as if fully set forth at length. The Loan Agreement is a contract. Under that contract, the defendant was required to give notice of any alleged default and an opportunity to cure before defendant could accelerate the maturity of the underlying loan.

220.        Defendants have breached, or repudiated, the contract by posting the Property for foreclosure without providing the required notice of default and opportunity to cure.  When the First Lien Holder was offered a compete cure, it rejected the cure and demanded that the Second Lien Holder also be cured.

### ii.    **Declaratory Relief**

221.        The preceding paragraphs are incorporated by reference as if fully set forth at length. The Loan Agreement is a contract. Plaintiff seeks a declaration that, consistent with *Dolci*, Mathis and their progeny, the Loan Agreement requires Defendants to give notice of any alleged default and an opportunity to cure any alleged default.

### iii.    **Fraud/Statutory Fraud**

222.        The preceding paragraphs are incorporated by reference as if fully set forth at length. On February 3, 2017, the defendant gave written notice of its agreement to extend the maturity date of the subject loan to July 1, 2018. On information and belief, Plaintiff believes that an alternate basis of the foreclosure is the stated maturity (i.e., a maturity not based on an alleged default and acceleration) of the Loan Agreement. Plaintiff will show that it reasonably relied, to its detriment, on the promises of defendant that the maturity

Certified Document Number: 78396082 - Page 38 of 45

date had been extended to July 1, 2018, consistent with the written communications from Defendant, and that Plaintiff has suffered a cognizable injury as a result of its reliance.

223.       Defendants committed fraud in a real estate transaction. Plaintiffs would not have entered into the real estate transactions but for the representations made by Defendants. Pursuant to 27.01 CPRC, Defendants violated the statute.

224.       **Negligent Misrepresentation:** Pleading in the alternative, Defendants' acting through their agents and their affiliates made representations to Plaintiffs in the course of Defendant's business of making loans and servicing loans and/or in the transaction of funding the Project in which the Defendant had a pecuniary interest; (2) Defendants provided false information for the guidance of Plaintiffs; (3) Defendants failed to exercise reasonable care or competence in obtaining or communicating the information; (4) Plaintiffs justifiably relied on Defendants' representation; and (5) Defendants' negligent misrepresentation proximately caused the Plaintiffs' injury.

## XIII.  <u>DAMAGES</u>

225.       Plaintiff has sustained actual and consequential damages from the actions of Defendants within the jurisdictional limits of this Court, for which they plead. Plaintiffs plead for lost profit damages as special damages. Additionally, and in the alternative, Plaintiffs seek the equitable remedy of rescission.

226.       Plaintiffs plead for punitive damages in an amount to be determined by the jury.

### Attorney's Fees

227.       Plaintiff is entitled to its reasonable and necessary attorney's fees and costs both under the Loan Agreement and pursuant to Chapters 37 and 38 of the Civil Practice and Remedies Code. Plaintiffs also seek recovery of attorneys' fees under Chapter 27.01 CPRC.

### <u>REQUEST FOR TEMPORARY RESTRAINING ORDER</u>

228.       The preceding paragraphs are incorporated by reference as if fully set forth at length.

229.       Plaintiffs' application for a temporary restraining order is authorized by Texas Rule of Civil Procedure 680.

*Plaintiffs' Fourth Amended Petition*                                  *Page 39*

Plaintiffs asks the Court to enjoin Defendant from pursuing a foreclosure based on any alleged default or maturity of the underlying loan, including, conducting the foreclosure scheduled for Tuesday, February 6, 2018, or reposting the subject property for foreclosure.  The acts which Plaintiff seeks to prevent include, but are not limited to any Defendant:

    a.  Conducting a foreclosure sale with respect to the subject property on Tuesday, February 6, 2018, under any circumstances;

    b.  Accepting any bids at any foreclosure sale;

    c.  Taking any actions pursuant to any notice of substitute trustee's sale; and

    d.  Re-posting the property for foreclosure based on any alleged default which occurred on or before February 6, 2018,

230.    It is probable that Plaintiff will recover from Defendants after a trial on the merits, because Defendant has failed to comply with the Loan Agreement and Texas law by failing to give notice of any alleged default and opportunity to cure any such default.

231.    If this application is not granted, harm is imminent, because Defendants will foreclose on the Property and such Property will be lost to Plaintiff.

232.    Plaintiff has no adequate remedy at law because the law presumes real property is unique (and therefore, damages to compensate for its loss are inadequate as a matter of law). See *Mathis*, 389 S.W.3d 494 (holding that trial court should have granted TRO where lender failed to give notice of default and loan documents did not clearly and unequivocally waive same); see also *Dolci*, 1997 WL 428560.

233.    Plaintiff is willing to post a bond; however, the bond should be no more than what is necessary to cure any alleged default. After all, the lender still retains its collateral interest in the Property.

## REQUEST FOR TEMPORARY INJUNCTION

234.    The preceding paragraphs are incorporated by reference as if fully set forth at length.

Plaintiffs asks the Court to set his application for temporary injunction for a hearing and, after the hearing, issue a temporary injunction against Defendants.

**Application for Temporary Restraining Order**

*Plaintiffs' Fourth Amended Petition*       *Page 40*

235.     The preceding paragraphs are incorporated by reference as if fully set forth at length.

236.     Plaintiffs' application for a temporary restraining order is authorized by Texas Rule of Civil Procedure 680.

237.     Plaintiffs asks the Court to enjoin Defendants from pursuing a foreclosure and enjoin the following:

  a.  Conducting a foreclosure sale with respect to the subject Property set forth in this Petition on Tuesday, February 6, 2018, under any circumstances;

  b.  Conducting a foreclosure sale with respect to 2020 McGowan, Houston, Texas;

  c.  Conducting a foreclosure sale with respect to 832 Yale, Houston, Texas;

  d.  Conducting a foreclosure sale with respect to 829 Yale, Houston, Texas;

  e.  Conducting any foreclosure on assets owned by 2020 McGowen, LLC, 829 Yale St. LLC, 832 Yale, L.L.C., or 2017 Yale Development, LLC;

  f.  Accepting any bids at any foreclosure sale;

  g.  Taking any actions pursuant to any notice of substitute trustee's sale; and

  h.  Re-posting the property for foreclosure based on any alleged default until the merits of this case has been adjudicated.

238.     It is probable that Plaintiffs will recover from Defendants after a trial on the merits, because Defendant has failed to comply with the Loan Agreement and Texas law.

239.     If this application is not granted, harm is imminent, because Defendants will foreclose on the Property and such Property will be lost to Plaintiffs.

240.     Plaintiffs have no adequate remedy at law because the law presumes real property is unique (and therefore, damages to compensate for its loss are inadequate as a matter of law).

241.     Plaintiffs are willing to post a bond; however, the bond should be no more than what is necessary to cure any alleged default. After all, the lender still retains its collateral interest in the Property.

**REQUEST FOR PERMANENT INJUNCTION**

242.     The preceding paragraphs are incorporated by reference as if fully set forth at length.

Certified Document Number: 78396082 - Page 41 of 45

243.    At the conclusion of the case, Plaintiffs will prevail and ask the Court to grant a permanent injunction prohibiting Defendants from foreclosing on the Property.

## XIV.   Jury Demand

244.    Plaintiffs demands a jury trial and tenders the appropriate fee with this petition.

## XV.   Conditions Precedent

245.    All conditions precedent to Plaintiffs' claim for relief have been performed or have occurred.

## XVI.   Request For Disclosure

246.    Under Texas Rule of Civil Procedure 194, Plaintiffs requests that all Defendants disclose, within 30 days of the service of this request, the information or material described in Rule 194.2.

## VXII.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs herein, respectfully pray that:

a.  Defendants will be cited to appear and answer herein;

b.  A temporary injunction was entered, restraining Paull & Partners, LLC, Paull & Partners LLC, d/b/a Paull & Partners – Meyerland, Allan Paull, 21st Century Funding, LLC, Todd W. Taylor, Trustee, Defendants, and their officers, agents, servants, employees and attorneys from directly or indirectly selling or transferring the Properties listed in the loan documents made the subject of this action, or any other property of KAVAC, at foreclosure sale until final judgment in this case or further orders of this Court;

c.  A temporary injunction was entered, restraining Paull & Partners, LLC, Paull & Partners LLC, d/b/a Paull & Partners – Meyerland, Allan Paull, 21st Century Funding, LLC, Todd W. Taylor, Trustee, Defendants, and their officers, agents, servants, employees and attorneys from directly or indirectly selling or transferring the Properties listed in the loan documents made the subject of this action, or any other property of KAVAC, at foreclosure sale until final judgment in this case or further orders of this Court.

Certified Document Number: 78396082 - Page 42 of 45

Plaintiffs Fisher, 2020 McGowen, LLC, 829 Yale St. LLC, 832 Yale, L.L.C., 2017 Yale Development, LLC, respectfully pray that:

a. A temporary restraining order will issue without notice to Defendants, Stallion Funding, LLC, Stallion Texas Real Estate Fund, LLC, Vince Balagia, Benjamin K. Williams, Substitute Trustee, Kristia A. Slaughter, Jeff Leva, Sandy Dasigenis, Lilian Poelker, Patricia Poston, David Poston, Megan L. Randle, Ebbie Murphy as substitute trustees, Defendants' officers, agents, servants, employees and attorneys from directly or indirectly selling or transferring the Property at foreclosure sale on February 6, 2018;

b. A temporary restraining order will issue without notice to Defendants inclusive of Defendants Stallion Funding, LLC, Benjamin K. Williams, Substitute Trustee, and Kristia A. Slaughter, Jeff Leva, Sandy Dasigenis, Lilian Poelker, Patricia Poston, David Poston, Megan L. Randle, Ebbie Murphy as substitute trustees will issue enjoining and restraining Defendants' officers, agents, servants, employees, successors and assigns, and attorneys from directly or indirectly selling or transferring the Property at foreclosure sale on February 6, 2018 or until after a Temporary Injunctive hearing or further order of the Court;

c. The Court sets a reasonable bond for the temporary restraining order;

d. After notice and hearing, a temporary injunction will issue enjoining and restraining Defendants inclusive Stallion Funding, LLC and Benjamin K. Williams, Substitute Trustee, Defendants  Kristia A. Slaughter, Jeff Leva, Sandy Dasigenis, Lilian Poelker, Patricia Poston, David Poston, Megan L. Randle, Ebbie Murphy as substitute trustees, Defendants' officers, agents, servants, employees, successors and assigns, and attorneys from directly or indirectly selling or transferring the Property at foreclosure sale on February 6, 2018 or until trial;

e. A permanent injunction will issue enjoining and restraining Defendants inclusive Stallion Funding, LLC and Benjamin K. Williams, Substitute Trustee, Defendants Kristia A. Slaughter, Jeff Leva, Sandy Dasigenis, Lilian Poelker, Patricia Poston, David Poston, Megan L. Randle, Ebbie Murphy as substitute trustees, Defendants' officers, agents, servants, employees, successors and assigns, and attorneys from directly or indirectly selling or transferring the Property at foreclosure sale.

Certified Document Number: 78396082 - Page 43 of 45

f.  Plaintiffs be awarded actual damages.

g.  Plaintiffs be granted an accounting.

h.  Plaintiffs be awarded pre-judgment and post-judgment interest.

i.  Plaintiffs be awarded costs of court;

j.  Plaintiffs be awarded Attorney fees;

k.  Judgment for damages and other relief requested above and

For such other and further relief, at law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

/s/ David M. Medina
David M. Medina Texas Bar Number 88
David N. Calvillo
Texas Bar No. 03673000
CHAMBERLAIN,HRDLICKA,WHITE,
WILLIAMS & AUGHTRY, INC.
1200 Smith Street, Suite 1400
Houston, Texas 77002
David.Medina@chamberlainlaw.com
davidmedina@justicedavidmedina.com
david.calvillo@chamberlainlaw.com
713.658.1818 office
713.658.2553 fax
Attorney for Terry Fisher, KAVAC,
Cityscape Rentals, LLC, 832 Yale St. LLC
and 2020 McGowen, LLC,

/s/Michelle M. Fraga
Michelle M. Fraga
Fraga Law Office
State Bar No. 24048640
4001 N. Shepherd Drive, Suite 209
Houston, Texas 77018
Telephone: 832-767-5833
michelle@fragalawoffice.com
Attorney for Plaintiff 2017 Yale
Development LLC

*Plaintiffs' Fourth Amended Petition*                                    *Page 44*

/s/ Lloyd E. Kelley
LLOYD E. KELLEY
State Bar No. 11203180
2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005
Telephone: 281-492-7766
Telecopier: 281-652-5973
Counsel for Plaintiff 832 Yale St., LLC, 829
Yale St. LLC and 2020 McGowan LLC

Certified Document Number: 78396082 - Page 45 of 45



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 21, 2018

Certified Document Number:        78396082 Total Pages:  45

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

## DECLARATION OF BRADLEY PARKER

As provided in Tex. Civ. Prac. & Rem. Code § 132.001, for declaration executed on or after September 1, 2011, Bradley Parker declares as follows:

1.      My name is Bradley Parker. I am over 18 years of age and am fully competent in all respects to make this declaration. The facts stated in this declaration are within my personal knowledge and are true and correct.

2.      I am the Manager of 2017 Yale Development, LLC.  I was personally involved in acquisition and funding of 829 Yale Project ("Project").  The 829 Yale Project is located in Harris County, Texas.

3.      I have read the PLAINTIFFS' FOURTH AMENDED PETITION, REQUEST   FOR   DISCLOSURE   APPLICATION   FOR   TEMPORARY RESTRAINING                          ORDER,                          AND REQUESTS FOR TEMPORARY AND PERMANENT INJUNCTIVE RELIEF. The facts stated in the sections dealing with the 2017 Yale Development, LLC and 829 Yale are true and correct.

4.      Attached to this Declaration are true and correct copies of Notice we have received from Defendants of their intent to foreclose on 2017 Yale Development, LLC and the property located at 829 Yale, Houston, Texas.

JURAT

Certified Document Number: 78396084 - Page 1 of 2



PLAINTIFF'S
EXHIBIT
A

1

My name is Bradley Parker.  My address is 1001 West Loop South, Suite 700, Houston, Texas  77027.  I declare under penalty of perjury that the foregoing is true and correct.  Executed in Houston, Texas on this 30th day of January 30, 2018.

Bradley Parker



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 21, 2018

Certified Document Number:        78396084 Total Pages:  2

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

DocuSign Envelope ID: 9237680E-3400-46C5-9E7A-2B9DB96EDB0A

Certified Document Number: 78396085 - Page 1 of 2

## DECLARATION OF TERRY FISHER

As provided in Tex. Civ. Prac. & Rem. Code § 132.001, for declaration executed on or after September 1, 2011, Terry Fisher declares as follows:

1.      My name is Terry Fisher. I am over 18 years of age and am fully competent in all respects to make this declaration. The facts stated in this declaration are within my personal knowledge and are true and correct.

2.      I am the Member/Manager of 2020 McGowen, LLC, 829 Yale St. LLC, 832 Yale, L.L.C.. I was personally involved in the construction and funding of 2020 McGowen, 829 Yale and 832 Yale Projects ("Projects"). All of these Projects are located in Harris County, Texas.

3.      I have read the PLAINTIFFS' FOURTH AMENDED PETITION, REQUEST FOR DISCLOSURE APPLICATION FOR TEMPORARY RESTRAINING                          ORDER,                          AND REQUESTS FOR TEMPORARY AND PERMANENT INJUNCTIVE RELIEF. The facts stated in the sections dealing with the 2020 McGowen, LLC, 829 Yale St. LLC, 832 Yale, L.L.C. are true and correct.

4.      Attached to this Declaration are true and correct copies of Notice we have received from Defendants of their intent to foreclose on 2020 McGowen, LLC, 829 Yale St. LLC, 832 Yale, L.L.C..

JURAT



1

My name is Terry Fisher.  My address is 832 Yale, Houston, Texas  77008.  I declare under penalty of perjury that the foregoing is true and correct.  Executed in Houston, Texas on this 30th day of January 30, 2018.

DocuSigned by:

2A2D90AB12434C8...

Terry Fisher

I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this February 21, 2018

Certified Document Number: 78396085 Total Pages: 2

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

STAN STANART, COUNTY CLERK, HARRIS COUNTY, TEXAS

FRCL-2018-123

FILED 99/12/2018 10:59:52 AM

Certified Document Number: 78396817

UNOFFICIAL COPY

## NOTICE OF SUBSTITUTE TRUSTEE'S SALE

**DATE:**       January 12, 2018

**SUBSTITUTE TRUSTEE:**     KRISTI A. SLAUGHTER or BENJAMIN K. WILLIAMS

**SUBTITUTE TRUSTEE'S ADDRESS:**       10119 Lake Creek Pkwy., Suite 201
Austin, Texas 78729

**DEED OF TRUST:**

Date:      July 29, 2016

Grantor:     As to Tract I only:
832 YALE ST, LLC, a Texas limited liability company

As to Tract II only:
2020 MCGOWEN, LLC, a Texas limited liability company

Beneficiary:   STALLION FUNDING, LLC,
*as to an undivided 54.93% ($1,950,000.00/$3,550,000.00) interest;*

AUSTERRA STABLE GROWTH FUND, LP,
*as to an undivided 42.25% ($1,500,000.00/$3,550,000.00) interest;*

KENNETH HOLLINS,
*as to an undivided 2.82% ($100,000.00/$3,550,000.00) interest*

Beneficiary's Mailing Address:   c/o Stallion Funding, LLC
10119 Lake Creek Pkwy., Suite 202
Austin, Texas 78729

Trustee:     BENJAMIN K. WILLIAMS

Recording Information:       Document No. 2016337280, Official Public Records,
Harris County, Texas

Property:

Tract II only:
All of Lots One (1) through Twelve (12), inclusive, Block One (1), VIEWPOINT
SQUARE REPLAT No. 2, a subdivision of 0.8597 acre, according to the map or plat
thereof, recorded under Film Code No. 674649 of the Map Records of Harris County,
Texas.

Together with the following personal property:

I



PLAINTIFF'S
EXHIBIT
C

STAN STANART, COUNTY CLERK, HARRIS COUNTY, TEXAS

All fixtures, supplies, building materials, and other goods of every nature now or hereafter located, used, or intended to be located or used on the Property;

All plans and specifications for development of or construction of improvements on the Property;

All contracts and subcontracts relating to the construction of improvements on the Property;

All accounts, contract rights, instruments, documents, general intangibles, and chattel paper arising from or by virtue of any transactions relating to the Property;

All permits, licenses, franchises, certificates, and other rights and privileges obtained in connection with the Property;

All proceeds payable or to be payable under each policy of insurance relating to the Property; and

All products and proceeds of the foregoing.

Notwithstanding any other provision in this deed of trust, the term "Property" does not include personal effects used primarily for personal, family, or household purposes.

**NOTE:**

| | |
|---|---|
| Date: | July 29, 2016 |
| Amount: | $3,550,000.00 |
| Debtor: | As to Tract I only:<br>832 YALE ST, LLC, a Texas limited liability company |
| | As to Tract II only:<br>2020 MCGOWEN, LLC, a Texas limited liability company |
| Holder: | STALLION TEXAS REAL ESTATE FUND, LLC,<br>as to an undivided 49.73% interest; |
| | AUSTERRA STABLE GROWTH FUND, LP,<br>as to an undivided 42.25% interest; |
| | KENNETH HOLLINS,<br>as to an undivided 2.82% interest |
| | RAYMOND ZAPLATAR,<br>as to an undivided 2.82% interest |

2

Certified Document Number FILED 11/13/2018 10:59:52 AM   FRCL-2018-123



Certified Document Number: FILED 2/12/2018 10:59:52 AM    FRCL-2018-123    STAN STANART, COUNTY CLERK, HARRIS COUNTY, TEXAS



ROBERT PETERSON,
as to an undivided 1.41% interest

MAHVASH NINAUD,
as to an undivided 0.97% interest

**DATE OF SALE OF PROPERTY:**

Tuesday, February 6, 2018, at 1:00 p.m.

**PLACE OF SALE OF PROPERTY:**

APPROXIMATELY 5,050 SQUARE FEET OF AREA OF THE BAYOU CITY EVENT CENTER BEGINNING AT THE SOUTHEAST CORNER OF THE LARGE BALLROOM AND CONTINUING WESTERLY ALONG THE SOUTH WALL A DISTANCE OF APPROXIMATELY 87 FEET AND; THENCE NORTHERLY A DISTANCE OF APPROXIMATELY 58 FEET; THEN EASTERLY APPROXIMATELY 87 FEET TO THE EAST WALL; THENCE SOUTHERLY APPROXIMATELY 59 FEET TO THE POINT OF BEGINNING, or if the preceding area is no longer the designated area, at the area most recently designated by the County Commissioner's Court.

ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES. IF YOU ARE OR YOUR SPOUSE IS SERVING ON ACTIVE MILITARY DUTY, INCLUDING ACTIVE MILITARY DUTY AS A MEMBER OF THE TEXAS NATIONAL GUARD OR THE NATIONAL GUARD OF ANOTHER STATE OR AS A MEMBER OF A RESERVE COMPONENT OF THE ARMED FORCES OF THE UNITED STATES, PLEASE SEND WRITTEN NOTICE OF THE ACTIVE DUTY MILITARY SERVICE TO THE SENDER OF THIS NOTICE IMMEDIATELY.

**<u>THIS INSTRUMENT APPOINTS THE SUBSTITUTE TRUSTEE(S) IDENTIFIED TO SELL THE PROPERTY DESCRIBED IN THE SECURITY INSTRUMENT IDENTIFIED IN THIS NOTICE OF SALE THE PERSON SIGNING THIS NOTICE IS THE ATTORNEY OR AUTHORIZED AGENT OF THE MORTGAGEE OR MORTGAGE SERVICER.</u>**

Mortgagee has instructed Substitute Trustee to offer the Property for sale toward the satisfaction of the Note.

Notice is given that on the Date of Sale, Substitute Trustee will offer the Property for sale at public auction at the Place of Sale, to the highest bidder for cash, "AS IS." THERE WILL BE NO WARRANTY RELATING TO TITLE, POSSESSION, QUIET ENJOYMENT, OR THE LIKE FOR THE PERSONAL PROPERTY IN THIS DISPOSITION (IF ANY). The sale will begin at the Time of Sale or not later than three hours thereafter.



3

STAN STANART, COUNTY CLERK, HARRIS COUNTY, TEXAS

FRCL-2018-123

Certified Document Number: ...  FILED ... 10:59:52 AM

UNOFFICIAL COPY



BENJAMIN K. WILLIAMS, Substitute Trustee
and Attorney for Mortgage Servicer

c/o LAW OFFICE OF BEN WILLIAMS, PLLC
10119 Lake Creek Pkwy, Suite 201
Austin, Texas 78729
(512) 872-6088

4



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 21, 2018

Certified Document Number:        78396087 Total Pages:  4

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

## NOTICE OF SUBSTITUTE TRUSTEE'S SALE

**DATE:**  January 16, 2018

**SUBSTITUTE TRUSTEE:**  JEFF LEVA, SANDY DASIGENIS, LILLIAN POELKER, PATRICIA POSTON, DAVID POSTON, MEGAN L. RANDLE, EBBIE MURPHY, or BENJAMIN K. WILLIAMS

**SUBSTITUTE TRUSTEE'S ADDRESS:**   10119 Lake Creek Pkwy., Suite 201
Austin, Texas 78729

**DEED OF TRUST:**

    **Date:**  April 4, 2017

    **Grantor:**  2017 YALE DEVELOPMENT LLC, a Texas limited liability company

    **Beneficiary:**  STEADFAST FUNDING, LLC
        as to an undivided 30.49% ($2,500,000.00/$8,200,000.00) interest

        BRUCE L. ROBINSON,
        as to an undivided 12.19% ($1,000,000.00/$8,200,000.00) interest

        INITRAM, INC.,
        as to an undivided 8.53% ($700,000.00/$8,200,000.00) interest

        DALE PILGERAM, TRUSTEE OF THE PILGERAM FAMILY TRUST,
        as to an undivided 7.32% ($600,000.00/$8,200,000.00) interest

        JOSEPH C. HIBBARD,
        as to an undivided 4.88% ($400,000.00/$8,200,000.00) interest

        RJL REALTY, LLC,
        as to an undivided 4.27% ($350,000.00/$8,200,000.00) interest

        KORNELIA PEASLEY-BROWN,
        as to an undivided 4.27% ($350,000.00/$8,200,000.00) interest

        SALVADOR BALLESTEROS,
        as to an undivided 3.05% ($250,000.00/$8,200,000.00) interest

        MARGARET M. SERRANO-FOSTER, TRUSTEE OF THE
        MARGARET M. SERRANO-FOSTER TRUST DATED 12/2/2005,
        as to an undivided 2.44% ($200,000.00/$8,200,000.00) interest

        RICHARD R. METLER, TRUSTEE OF THE RICHARD R. METLER
        REVOCABLE LIVING TRUST,
        as to an undivided 2.44% (200,000.00/$8,200,000.00) interest

        JAMES T. SMITH, TRUSTEE OF THE JAMES T. SMITH TRUST,
        as to an undivided 2.44% ($200,000.00/$8,200,000.00) interest

Certified Document Number: 78396088 - Page 1 of 6

1


4644176



LIBERTY TRUST COMPANY LTD
CUSTODIAN FBO VINCENT PAUL MAZZEO JR IRA,
as to an undivided 2.44% ($200,000.00/$8,200,000.00) interest

ETERNAL INVESTMENTS, LLC,
as to an undivided 1.83% ($150,000.00/$8,200,000.00) interest

JOE SAENZ,
as to an undivided 1.83% ($150,000.00/$8,200,000.00) interest

PATRICK GROSSE, TRUSTEE OF THE GROSSE FAMILY TRUST
DATED 12/31/2004,
as to an undivided 1.22% ($100,000.00/$8,200,000.00) interest

ERIC VERHAEGHE,
as to an undivided 1.22% ($100,000.00/$8,200,000.00) interest

STEPHEN K. ZUPANC,
as to an undivided 1.22% ($100,000.00/$8,200,000.00) interest

LIBERTY TRUST COMPANY LTD
CUSTODIAN FBO ADAM K. HRUBY IRA #TC005383,
as to an undivided 1.22% ($100,000.00/$8,200,000.00) interest

VINCENT INVESTMENTS,
as to an undivided 1.22% ($100,000.00/$8,200,000.00) interest

ELM 401K PSP, LAUREL MEAD AND EDWIN A. MEAD TRUSTEES,
as to an undivided 1.22% ($100,000.00/$8,200,000.00) interest

EQUITY TRUST COMPANY
CUSTODIAN FBO STEVEN KRIEGER IRA,
as to an undivided 0.78% ($64,500.00/$8,200,000.00) interest

JULIO M. SCHNARS,
as to an undivided 0.61% ($50,000.00/$8,200,000.00) interest

JOSEPH DERSHAM and JOYCE DERSHAM,
as to an undivided 0.61% ($50,000.00/$8,200,000.00) interest

WALTER KAFFENBERGER and CHRISTEL KAFFENBERGER,
as to an undivided 0.61% ($50,000.00/$8,200,000.00) interest

MIKE BERRIS,
as to an undivided 0.61% ($50,000.00/$8,200,000.00) interest

JASON SUN,
as to an undivided 0.61% ($50,000.00/$8,200,000.00) interest

EQUITY TRUST COMPANY
CUSTODIAN FBO ERICA ROSS-KRIEGER IRA,
as to an undivided 0.43% ($35,500.00/$8,200,000.00) interest

Certified Document Number: 78396088 - Page 2 of 6

Beneficiary's Mailing Address:    c/o Steadfast Funding, LLC
190 E. Stacy Rd., Ste 306-302
Allen, Texas 75002

Trustee:    BENJAMIN K. WILLIAMS

Recording Information:    Document No. 2017-153161, Official Public Records, Harris County, Texas

Property:

All of Fisher Estates at Yale, a subdivision in Harris County, Texas according to the map or plat thereof recorded under Film Code No. 671146 of the Map Records of Harris County, Texas (being a replat of Lots 5 & 6 and the adjoining North one-half (1/2) of Lot 7, Block 245, Houston Heights, according to the map or plat thereof, recorded in Volume 1, Page 114, Map Records, Harris County, Texas).

Together with the following personal property:

All fixtures, supplies, building materials, and other goods of every nature now or hereafter located, used, or intended to be located or used on the Property;

All plans and specifications for development of or construction of improvements on the Property;

All contracts and subcontracts relating to the construction of improvements on the Property;

All accounts, contract rights, instruments, documents, general intangibles, and chattel paper arising from or by virtue of any transactions relating to the Property;

All permits, licenses, franchises, certificates, and other rights and privileges obtained in connection with the Property;

All proceeds payable or to be payable under each policy of insurance relating to the Property; and

All products and proceeds of the foregoing.

Notwithstanding any other provision in this deed of trust, the term "Property" does not include personal effects used primarily for personal, family, or household purposes.

NOTE:

Date:    April 4, 2017

3

Certified Document Number: 78396088 - Page 3 of 6

**Amount:** $8,200,000.00

**Debtor:** 2017 YALE DEVELOPMENT LLC, a Texas limited liability company

**Holder:** STEADFAST FUNDING, LLC
as to an undivided 30.49% ($2,500,000.00/$8,200,000.00) interest

BRUCE L. ROBINSON,
as to an undivided 12.19% ($1,000,000.00/$8,200,000.00) interest

INITRAM, INC.,
as to an undivided 8.53% ($700,000.00/$8,200,000.00) interest

DALE PILGERAM, TRUSTEE OF THE PILGERAM FAMILY TRUST,
as to an undivided 7.32% ($600,000.00/$8,200,000.00) interest

JOSEPH C. HIBBARD,
as to an undivided 4.88% ($400,000.00/$8,200,000.00) interest

RJL REALTY, LLC,
as to an undivided 4.27% ($350,000.00/$8,200,000.00) interest

KORNELIA PEASLEY-BROWN,
as to an undivided 4.27% ($350,000.00/$8,200,000.00) interest

SALVADOR BALLESTEROS,
as to an undivided 3.05% ($250,000.00/$8,200,000.00) interest

MARGARET M. SERRANO-FOSTER, TRUSTEE OF THE
MARGARET M. SERRANO-FOSTER TRUST DATED 12/2/2005,
as to an undivided 2.44% ($200,000.00/$8,200,000.00) interest

RICHARD R. METLER, TRUSTEE OF THE RICHARD R. METLER
REVOCABLE LIVING TRUST,
as to an undivided 2.44% (200,000.00/$8,200,000.00) interest

JAMES T. SMITH, TRUSTEE OF THE JAMES T. SMITH TRUST,
as to an undivided 2.44% ($200,000.00/$8,200,000.00) interest

LIBERTY TRUST COMPANY LTD
CUSTODIAN FBO VINCENT PAUL MAZZEO JR IRA,
as to an undivided 2.44% ($200,000.00/$8,200,000.00) interest

ETERNAL INVESTMENTS, LLC,
as to an undivided 1.83% ($150,000.00/$8,200,000.00) interest

JOB SAENZ,
as to an undivided 1.83% ($150,000.00/$8,200,000.00) interest

PATRICK GROSSE, TRUSTEE OF THE GROSSE FAMILY TRUST
DATED 12/31/2004,
as to an undivided 1.22% ($100,000.00/$8,200,000.00) interest

4

Certified Document Number: 78396088 - Page 4 of 6

ERIC VERHAEGHE,
as to an undivided 1.22% ($100,000.00/$8,200,000.00) interest

STEPHEN K. ZUPANC,
as to an undivided 1.22% ($100,000.00/$8,200,000.00) interest

LIBERTY TRUST COMPANY LTD
CUSTODIAN FBO ADAM K. HRUBY IRA #TC005383,
as to an undivided 1.22% ($100,000.00/$8,200,000.00) interest

VINCENT INVESTMENTS,
as to an undivided 1.22% ($100,000.00/$8,200,000.00) interest

ELM 401K PSP, LAUREL MEAD AND EDWIN A. MEAD TRUSTEES,
as to an undivided 1.22% ($100,000.00/$8,200,000.00) interest

EQUITY TRUST COMPANY
CUSTODIAN FBO STEVEN KRIEGER IRA,
as to an undivided 0.78% ($64,500.00/$8,200,000.00) interest

JULIO M. SCHNARS,
as to an undivided 0.61% ($50,000.00/$8,200,000.00) interest

JOSEPH DERSHAM and JOYCE DERSHAM,
as to an undivided 0.61% ($50,000.00/$8,200,000.00) interest

WALTER KAFFENBERGER and CHRISTEL KAFFENBERGER,
as to an undivided 0.61% ($50,000.00/$8,200,000.00) interest

MIKE BERRIS,
as to an undivided 0.61% ($50,000.00/$8,200,000.00) interest

JASON SUN,
as to an undivided 0.61% ($50,000.00/$8,200,000.00) interest

EQUITY TRUST COMPANY
CUSTODIAN FBO ERICA ROSS-KRIEGER IRA,
as to an undivided 0.43% ($35,500.00/$8,200,000.00) interest

**DATE OF SALE OF PROPERTY:**

Tuesday, February 6, 2018, at 10:00 a.m.

**PLACE OF SALE OF PROPERTY:**

APPROXIMATELY 5,050 SQUARE FEET OF AREA OF THE BAYOU CITY
EVENT CENTER BEGINNING AT THE SOUTHEAST CORNER OF THE
LARGE BALLROOM AND CONTINUING WESTERLY ALONG THE SOUTH
WALL A DISTANCE OF APPROXIMATELY 87 FEET AND; THENCE
NORTHERLY A DISTANCE OF APPROXIMATELY 58 FEET; THEN
EASTERLY APPROXIMATELY 87 FEET TO THE EAST WALL; THENCE

5

Certified Document Number: 78396088 - Page 5 of 6

SOUTHERLY APPROXIMATELY 59 FEET TO THE POINT OF BEGINNING, or if the preceding area is no longer the designated area, at the area most recently designated by the County Commissioner's Court.

ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES. IF YOU ARE OR YOUR SPOUSE IS SERVING ON ACTIVE MILITARY DUTY, INCLUDING ACTIVE MILITARY DUTY AS A MEMBER OF THE TEXAS NATIONAL GUARD OR THE NATIONAL GUARD OF ANOTHER STATE OR AS A MEMBER OF A RESERVE COMPONENT OF THE ARMED FORCES OF THE UNITED STATES, PLEASE SEND WRITTEN NOTICE OF THE ACTIVE DUTY MILITARY SERVICE TO THE SENDER OF THIS NOTICE IMMEDIATELY.

**THIS INSTRUMENT APPOINTS THE SUBSTITUTE TRUSTEE(S) IDENTIFIED TO SELL THE PROPERTY DESCRIBED IN THE SECURITY INSTRUMENT IDENTIFIED IN THIS NOTICE OF SALE. THE PERSON SIGNING THIS NOTICE IS THE ATTORNEY OR AUTHORIZED AGENT OF THE MORTGAGEE OR MORTGAGE SERVICER.**

Mortgagee has instructed Substitute Trustee to offer the Property for sale toward the satisfaction of the Note.

Notice is given that on the Date of Sale, Substitute Trustee will offer the Property for sale at public auction at the Place of Sale, to the highest bidder for cash, "AS IS." THERE WILL BE NO WARRANTY RELATING TO TITLE, POSSESSION, QUIET ENJOYMENT, OR THE LIKE FOR THE PERSONAL PROPERTY IN THIS DISPOSITION (IF ANY). The sale will begin at the Time of Sale or not later than three hours thereafter.

BENJAMIN K. WILLIAMS, Substitute Trustee
and Attorney for Mortgage Servicer

c/o LAW OFFICE OF BEN WILLIAMS, PLLC
10119 Lake Creek Pkwy., Suite 201
Austin, Texas 78729
(512) 872-6088

6

Certified Document Number: 78396088 - Page 6 of 6



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 21, 2018

Certified Document Number:      78396088 Total Pages:  6

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Certified Document Number: 78396089 - Page 1 of 2

## NOTICE OF SUBSTITUTE TRUSTEE'S SALE

**DATE:**    January 16, 2018

**SUBSTITUTE TRUSTEE:**    JEFF LEVA, SANDY DASIGENIS, LILLIAN POELKER, PATRICIA POSTON, DAVID POSTON, MEGAN L. RANDLE, EBBIE MURPHY, or BENJAMIN K. WILLIAMS

**SUBSTITUTE TRUSTEE'S ADDRESS:**    10119 Lake Creek Pkwy., Suite 201
Austin, Texas 78729

**DEED OF TRUST:**

Date:    July 14, 2016

Grantor:    829 YALE ST, LLC, a Texas limited liability company

Beneficiary:    D&A ALVAREZ GROUP, LLC

Beneficiary's Mailing Address:    c/o ELB Investments, LLC
190 E. Stacy Rd., Ste 306-302
Allen, Texas 75002

Trustee:    BENJAMIN K. WILLIAMS

Recording Information:    Document No. 2016-314289, Official Public Records, Harris County, Texas

Property:

All of Fisher Estates at Yale, a subdivision in Harris County, Texas according to the map or plat thereof recorded under Film Code No. 671146 of the Map Records of Harris County, Texas (being a replat of Lots 5 & 6 and the adjoining North one-half (1/2) of Lot 7, Block 245, Houston Heights, according to the map or plat thereof, recorded in Volume 1, Page 114, Map Records, Harris County, Texas).

**NOTE:**

Date:    July 14, 2016

Amount:    $2,250,000.00

Debtor:    829 YALE ST, LLC, a Texas limited liability company

Holder:    D&A ALVAREZ GROUP, LLC

1



4644177



PLAINTIFF'S EXHIBIT
E

**DATE OF SALE OF PROPERTY:**

Tuesday, February 6, 2018, at 10:00 a.m.

**PLACE OF SALE OF PROPERTY:**

APPROXIMATELY 5,050 SQUARE FEET OF AREA OF THE BAYOU CITY EVENT CENTER BEGINNING AT THE SOUTHEAST CORNER OF THE LARGE BALLROOM AND CONTINUING WESTERLY ALONG THE SOUTH WALL A DISTANCE OF APPROXIMATELY 87 FEET AND; THENCE NORTHERLY A DISTANCE OF APPROXIMATELY 58 FEET; THEN EASTERLY APPROXIMATELY 87 FEET TO THE EAST WALL; THENCE SOUTHERLY APPROXIMATELY 59 FEET TO THE POINT OF BEGINNING, or if the preceding area is no longer the designated area, at the area most recently designated by the County Commissioner's Court.

ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES. IF YOU ARE OR YOUR SPOUSE IS SERVING ON ACTIVE MILITARY DUTY, INCLUDING ACTIVE MILITARY DUTY AS A MEMBER OF THE TEXAS NATIONAL GUARD OR THE NATIONAL GUARD OF ANOTHER STATE OR AS A MEMBER OF A RESERVE COMPONENT OF THE ARMED FORCES OF THE UNITED STATES, PLEASE SEND WRITTEN NOTICE OF THE ACTIVE DUTY MILITARY SERVICE TO THE SENDER OF THIS NOTICE IMMEDIATELY.

<u>THIS INSTRUMENT APPOINTS THE SUBSTITUTE TRUSTEE(S) IDENTIFIED TO SELL THE PROPERTY DESCRIBED IN THE SECURITY INSTRUMENT IDENTIFIED IN THIS NOTICE OF SALE THE PERSON SIGNING THIS NOTICE IS THE ATTORNEY OR AUTHORIZED AGENT OF THE MORTGAGEE OR MORTGAGE SERVICER.</u>

Mortgagee has instructed Substitute Trustee to offer the Property for sale toward the satisfaction of the Note.

Notice is given that on the Date of Sale, Substitute Trustee will offer the Property for sale at public auction at the Place of Sale, to the highest bidder for cash, "AS IS." THERE WILL BE NO WARRANTY RELATING TO TITLE, POSSESSION, QUIET ENJOYMENT, OR THE LIKE FOR THE PERSONAL PROPERTY IN THIS DISPOSITION (IF ANY). The sale will begin at the Time of Sale or not later than three hours thereafter.

BENJAMIN K. WILLIAMS, Substitute Trustee
and Attorney for Mortgage Servicer

c/o LAW OFFICE OF BEN WILLIAMS, PLLC
10119 Lake Creek Pkwy., Suite 201
Austin, Texas 78729
(512) 872-6088

2

Certified Document Number: 78396089 - Page 2 of 2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 21, 2018

Certified Document Number:        78396089 Total Pages:  2

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

2/22/2018 11:20 AM
Chris Daniel - District Clerk Harris County
Envelope No. 22697439
By: Deandra Mosley
Filed: 2/22/2018 11:20 AM

T-0171

## CAUSE NO. 2016-64847

| | | |
|---|---|---|
| **KAVAC HOLDING COMPANY, L.L.C.,** | § | **IN THE DISTRICT COURT** |
| **2020 MCGOWEN, L.L.C. et al.** | § | |
| | § | |
| **VS.** | § | |
| | § | |
| **PAULL & PARTNERS, L.L.C.,** | § | |
| **STALLION FUNDING, L.L.C.,** | § | |
| **STALLION TEXAS REAL ESTATE** | § | **OF HARRIS COUNTY, TEXAS** |
| **FUND, L.L.C., AUSTERRA STABLE** | § | |
| **GROWTH FUND, L.P., EQUITY TRUST** | § | |
| **COMPANY, VINCE BALAGIA,** | § | |
| **KENNETH HOLLINS, KRISTI A.** | § | |
| **SLAUGHTER, BENJAMIN K.** | § | |
| **WILLIAMS AND BEN WILLIAMS,** | § | |
| **P.L.L.C. et al.** | § | **190th JUDICIAL DISTRICT** |

## <u>STALLION DEFENDANTS' ORIGINAL ANSWER</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, STALLION FUNDING, L.L.C., STALLION TEXAS REAL ESTATE FUND, L.L.C., AUSTERRA STABLE GROWTH FUND, L.P., EQUITY TRUST COMPANY, VINCE BALAGIA, KENNETH HOLLINS, KRISTI A. SLAUGHTER, BEN WILLIAMS, P.L.L.C. AND BENJAMIN K. WILLIAMS (collectively "STALLION DEFENDANTS"), and file this their ORIGINAL ANSWER, and for such would respectfully show unto this Honorable Court as follows:

1.      Subject to such special exception of pleas as may hereafter be made, STALLION DEFENDANTS, and each of them, assert a general denial as is authorized pursuant to Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE, and respectfully requests that Plaintiffs be required to prove the charges and allegations by a preponderance of the evidence.

2.      STALLION DEFENDANTS, and each of them, respectfully reserve the right to file an Amended Answer, Counterclaim or Cross-action in this cause in the manner authorized by the TEXAS RULES OF CIVIL PROCEDURE.

T-0171

**WHEREFORE, PREMISES CONSIDERED**, STALLION DEFENDANTS, pray that Plaintiffs' claims be denied and that Plaintiffs take nothing by their suit; that STALLION DEFENDANTS be awarded all costs incurred herein, and that STALLION DEFENDANTS be granted such other and further relief, both general and special, at law or in equity, to which they may show themselves to be justly entitled.

**SIGNED** this 22nd day of February, 2018.

Respectfully submitted,

**FRANK, ELMORE, LIEVENS, CHESNEY & TURET, L.L.P.**

William S. Chesney, III
State Bar No. 04186550
William L. Van Fleet
State Bar No. 20494750
9225 Katy Freeway, Ste. 250
Houston, Texas 770024
Telephone: 713.224.9400
Facsimile: 713.224.0609
wchesney@felct.com
bvfleet@comcast.net

**ATTORNEYS FOR STALLION DEFENDANTS**

T-0171

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that a true and correct copy of the foregoing

STALLION DEFENDANTS' ORIGINAL ANSWER has been forwarded by eService and 1st class mail to

the following:

David M. Medina
Chamberlain, Hrdlicka, White,
   Williams & Aughtry, Inc.
1200 Smith Street, Ste. 1400
Houston, Texas 77002

Lloyd E. Kelley
Attorney at Law
2726 Bissonnet, Ste 240 PMB 12
Houston, Texas 77005


**SIGNED** this 22nd day of February, 2018.


_____
William S. Chesney, III